*ELIZABETH J. FOLEY*
NEVADA BAR 1509
ELIZABETH J. FOLEY LAWYER, LTD.
601 So. Rancho Drive, Suite A-1
Las Vegas, Nevada 89106
Phone: (702) 363-2323
Fax: (702)380-4035
Email: Efoleylawyer@gmail.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAX RUHLMANN and ERIC SAMBOLD,<br><br>Plaintiffs,<br><br>v.<br><br>GLENN RUDOLFSKY, individually and DBA HOUSE OF DREAMS KAUAI and HOUSE OF DREAMS HAWAII; KIM D. RUDOLFSKY, AKA KIMI DAPOLITO, individually; and DBA HOUSE OF DREAMS KAUAI and HOUSE OF DREAMS HAWAII<br><br>Defendants. | CASE NO.:<br>DEPT. NO:<br><br><br><br>**COMPLAINT AND**<br>**JURY DEMAND** |

**COMPLAINT**

Plaintiffs, MAX RUHLMANN and ERIC SAMBOLD, by and through their counsel, ELIZABETH J. FOLEY and JOHN HENRY BREBBIA, ESQ., allege as follows:

**JURISDICTIONAL ALLEGATIONS**

1.

Plaintiff MAX RUHLMANN is now, and at all times mentioned in this Complaint was, domiciled in and a citizen of the State of Nevada, residing in Clark County in that State.

2.

Plaintiff ERIC SAMBOLD is now, and at all times mentioned in this Complaint was domiciled in and a citizen of the State of California, residing in San Diego County in that State.

3.

Defendants GLENN RUDOLFSKY and KIM D. RUDOLFSKY are now, and at all times mentioned in the Complaint were domiciled in and a resident of the State of New York.

4.

This action is of a civil nature involving, exclusive of interests and costs, a sum in excess of $75,000.00, (Seventy-Five Thousand Dollars), and is wholly between residents of different states.

5.

Jurisdiction is proper under 28 USC 1332 allowing civil actions between residents of diverse states involving matters in controversy in excess of $75,000.00 (Seventy-Five Thousand Dollars).

6.

Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, each of the Defendants sued herein was the agent and employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency and employment.

**GENERAL FACTUAL ALLEGATIONS**

7.

On or about September 26, 2011, Defendant GLENN RUDOLFSKY contacted Plaintiff MAX RUHLMANN and proposed a joint venture to purchase a five acre Kalihiwai Ridge Estate on the Hawaiian Island of Kauai for $1,025,000 (One Million Twenty-Five Thousand Dollars). Rudolfsky stated: "I am willing to sell up to 50% of the property".

8.

It was agreed between the Plaintiffs and the Defendant GLENN RUDOLFSKY that the joint venture to purchase, own, renovate, and rent the five acre Kauai estate would operate through a Nevada Limited Liability Company in which they would all share ownership of the

- 2 -

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

1  estate through the limited liability company.

2  9.

3  The Plaintiffs and Defendant GLENN RUDOLFSKY agreed that the Nevada Limited
4  Liability Company, which would hold the title to the five acre Kauai estate would be named Ke
5  Aloha, LLC and that Defendant GLENN RUDOLFSHKY and the Plaintiffs would all be
6  members of the Ke Aloha, LLC.

7  10.

8  The Nevada Ke Aloha, LLC was to be funded with equal amounts from the Defendants
9  and from the Plaintiffs.

10  11.

11  Cash Distributions of profits were to be paid quarterly to the members of the LLC
12  proportionally based upon their shares.

13  12.

14  Defendants were to handle the day to day management of rentals for fees to be paid by the
15  Limited Liability Company.

16  13.

17  On March 13, 2012, Defendant GLENN RUDOLFSKY agreed to the Nevada LLC
18  structure outlined above.

19  14.

20  The Plaintiffs invested $550,000 (Five Hundred Fifty Thousand Dollars) into the joint
21  venture with the understanding that Plaintiffs would own half of the five acre Kalihiwai Ridge
22  Estate.

23  15.

24  The Plaintiffs only agreed to having the five acre estate initially titled in the Defendants'
25  names because Defendant GLENN RUDOLFSKY wrote to Plaintiffs on January 27, 2012 stating
26  that the title company would only allow the Defendants, who were the original bidders in the
27  short sale, to be on the title at closing, but that title could be transferred to the Plaintiff, ERIC

28

- 3 -

1  SAMBOLD, at closing for an additional fee of $230.00 (Two Hundred Thirty Dollars).

16.

The Defendants met with Plaintiffs in Las Vegas in January of 2012, and shook hands on the joint venture to purchase together the five acre estate on Hawaii.

17.

The Defendants have failed to place the Kauai estate in the name of the Nevada LLC.

18.

Prior to the closing of the short sale, a bridge mortgage was executed and recorded until the formal structure, the limited liability company, was finalized to hold the title to the Kauai estate.

19.

Plaintiffs have made demand on Defendants for an accounting of the profits and for Plaintiff's one half interest in the proceeds received by the Defendants, but Defendants have failed and refused and still fail and refuse to account for such proceeds or to pay the Plaintiffs' just share of such proceeds to Plaintiffs.

**(FIRST CLAIM FOR RELIEF - ACCOUNTING FOR PROFITS OF JOINT VENTURE)**

20.

Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21.

Defendants have failed to provide adequate accountings from the joint venture fifty percent for the Plaintiffs to ascertain whether they have received their fifty percent share of the joint venture profits.

22.

Defendants should be compelled to account for and pay to the Plaintiffs the Plaintiffs' share of the profits from the Ke Aloha joint venture.

- 4 -

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 • Fax: (702) 380-4035

23.

Plaintiff should be awarded judgment against the Defendants for their share of the profits from the Ke Aloha joint venture in excess of $75,000 (Seventy-Five Thousand Dollars).

**(SECOND CLAIM FOR RELIEF - BREACH OF JOINT VENTURE AGREEMENT AND SPECIFIC PERFORMANCE)**

24.

Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25.

Plaintiffs have performed all duties, promises, and obligations required of Plaintiffs and all conditions precedent that Plaintiffs agreed to perform in the Joint Venture Agreement described herein, including the payment of $550,000 (Five Hundred Fifty Thousand Dollars) to allow the Ke Aloha five acre estate to be purchased at short sale and renovated and rented and have formed the Ke Aloha, LLC in Nevada to hold title to the five acre Kauai estate.

26.

Under the terms of the Joint Venture Agreement, Defendants were obligated to transfer and convey the title of the five acre Kauai estate to the Ke Aloha, LLC.

27.

Defendants have failed and refuse and continue to fail and refuse to transfer the five acre Kauai estate to the Ke Aloha, LLC.

28.

Defendants' failure and refusal to convey the title to the real property to the Ke Aloha, LLC constitutes a breach of the Joint Venture Agreement described herein.

29.

Because of Defendants' breach of the Joint Venture Agreement, Plaintiffs have suffered

general and consequential damages in excess of $75,000 (Seventy-Five Thousand Dollars).

**(THIRD CLAIM FOR RELIEF - SPECIFIC PERFORMANCE)**

30.

Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 29 as though fully set forth herein.

31.

At the time Plaintiffs and Defendants entered into the Joint Venture Agreement to purchase the Ke Aloha property, the consideration of $550,000 (Five Hundred Fifty Thousand Dollars) paid by the Plaintiffs was adequate and the agreement was just and reasonable as to the Defendants, as the agreed short sales price reflected, at the time the agreement was entered the fair market value for the property.

32.

The Defendants have refused and continue to refuse to convey to the Ke Aloha, LLC the title to the five acre Kauai estate under the terms of the Joint Venture Agreement.

33.

Plaintiffs have no adequate remedy at law to enforce the provisions of the Joint Venture Agreement other than the specific performance of the Agreement.

34.

Plaintiffs are entitled to specific performance of the terms conditions, and provisions of the Joint Venture Agreement, by Court decree, among other things, ordering Defendants to complete conveyance of the joint venture property to the Ke Aloha, LLC.

35.

Plaintiffs are entitled to compensation incidental to a decree of specific performance by virtue of the delay of the Defendants in conveying the joint venture property to the Ke Aloha, LLC.

**(FOURTH CLAIM FOR RELIEF - UNJUST ENRICHMENT)**

36.

Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 35 as though set forth fully herein.

37.

As a result of Defendants' use of the Plaintiffs' joint venture funds in the amount of $550,000.00 (Five Hundred Fifty Thousand Dollars), the Defendants have been unjustly enriched at the expense of the Plaintiffs.

38.

Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill gotten benefits which they have received from the utilization of Plaintiff's funds paid in the reliance on the Joint Venture Agreement.  It would be unjust or inequitable for Defendants to retain the benefits without restitution to the Plaintiffs for the Plaintiffs half of all benefits obtained by Defendants from the utilization of Plaintiffs' funds to purchase the five acre Kauai estate.

**(FIFTH CLAIM FOR RELIEF - FRAUD IN THE INDUCEMENT)**

39.

Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 38 of the Complaint as through fully set forth herein.

40.

Defendants falsely and fraudulently represented to the Plaintiffs that they would receive one half of the interest in a five acre Kauai estate by paying the amount of $550,000 (Five Hundred Fifty Thousand Dollars), which was to be utilized to purchase the property through a short sale.

41.

The representations made by the Defendants were false in that Defendants never intended

- 7 -

1 to convey to the Plaintiffs their half interest in the Kauai property.

42.

When the Defendants made these representations, Defendants knew them to be false, and these representations were made by the Defendants with the intent to defraud and deceive the Plaintiffs and with the intent to induce the Plaintiffs to forward to the Defendants the sum of $550,000 (Five Hundred Fifty Thousand Dollars). At the time Defendants made the promises to Plaintiffs, Defendants had no intention of performing them.

43.

Plaintiffs, at the time these representations were made by Defendants, and at the time Plaintiffs took the actions herein alleged, were ignorant of the falsity of Defendants' representations and believed them to be true.

44.

At the time when the Plaintiffs forwarded to the Defendants the $550,000 (Five Hundred Fifty Thousand Dollars) to purchase the Kauai estate, Plaintiffs were ignorant of Defendants' secret intention not to perform the Joint Venture and Plaintiffs could not in the exercise of reasonable diligence have discovered Defendants' secret intention.

45.

In reliance on Dependants' representations that Plaintiffs would own half of the Kauai estate purchased with their $550,000 (Five Hundred Fifty Thousand Dollars), Plaintiffs were induced to and did forward the funds to the Defendants and cause the Ke Aloha, LLC to be formed in Nevada to hold title to the Kauai estate.

46.

Had Plaintiffs known the actual intentions of Defendants, Plaintiffs would not have forwarded any funds to the Defendants.

**ELIZABETH J. FOLEY**
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

47.

As a proximate result of Defendants fraud and deceit and the facts herein alleged, Plaintiffs have been damaged in an amount exceeding $550,000 (Five Hundred Fifty Thousand Dollars).

48.

In doing the acts herein alleged, Defendants acted with oppression, fraud, and malice, and Plaintiffs are entitled to punitive damages in excess of $75,000.00 (Seventy-Five Thousand Dollars).

**(SIXTH CLAIM FOR RELIEF - BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)**

49.

Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 48 as if fully set forth herein.

50.

Nevada law implies a covenant of good faith and fair dealing in all contracts between parties entered into in the State of Nevada.

51.

As a result of the actions of Defendants, and each set forth above, said Defendants have violated the implied covenant of good faith and fair dealing contained in the Joint Venture Agreement as against the Plaintiffs herein, and as a result thereof, Plaintiffs are entitled to damages as prayed.

52.

The actions of the Defendants, and each of them in violation of said implied covenant of good faith and fair dealing have caused the Plaintiffs to suffer damages in an amount in excess of $75,000.00 (Seventy-Five Thousand Dollars).

WHEREFORE, Plaintiffs pray for relief and demand judgment as follows:

A. For an Accounting of all transactions involving the purchase and rental of the five acre estate on Kauai purchased with Plaintiffs' funds; and

B. For an Order decreeing that Defendants shall execute and deliver to Plaintiffs and the Ke Aloha, LLC, complete conveyance of the five acre Kauai estate; and

C. For compensation incidental to the Decree of Specific Performance as set forth above, according to proof; and

D. For damages by virtue of Defendants' breach of the Joint Venture Agreement in an amount in excess of $75,000.00 (Seventy-Five Thousand Dollars); and

E. For damages for the unjust enrichment of the Defendants at Plaintiffs' expense in an amount according to proof; and

F. For compensatory damages by virtue of the Defendants' fraud in the inducement including restitution and punitive damages; and

G. For damages resulting from Defendants' breach of the implied covenant of good faith and fair dealing contained in the Joint Venture Agreement; and

H. For an order requiring Defendants to provide an accounting for the excess revenues obtained by virtue of the conduct complained of herein, and for an order imposing a constructive trust upon all monies received from the Defendants stemming from the five acre estate in Kauai; and

I. An order requiring Defendant to make restitution and to disgorge or pay over such monies to the Plaintiffs for profits of the Joint Venture; and

J. The reasonable and necessary expenses, costs and disbursements incurred by Plaintiffs in connection with this action, including reasonable attorneys fees; and

K. Such other further relief as the Court deems just and proper.

...

...

...

...

**JURY DEMAND**

Plaintiffs demand a trial by jury on all claims so triable.

DATED this 6th day of June, 2014.

          /s/ Elizabeth J. Foley
ELIZABETH J. FOLEY
601 So. Rancho Drive, Suite A-1
Las Vegas, Nevada   89106
*Attorney for Plaintiffs*