OGONNA M. ATAMOH, ESQ.
Nevada Bar No. 7589
E-mail: oatamoh@nevadafirm.com
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
E-mail: tedwards@nevadafirm.com
NATHAN R. HENDERSON, ESQ.
Nevada Bar No. 13145
E-mail: nhenderson@nevadafirm.com
HOLLEY, DRIGGS, WALCH,
PUZEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MAX RUHLMAN and ERIC SAMBOLD,<br><br>Plaintiffs,<br><br>v.<br><br>GLENN RUDOLFSKY, individually and DBA HOUSE OF DREAMS KAUAI and HOUSE OF DREAMS HAWAII; KIM D. RUDOLFSKY, AKA KIM DAPOLITO, individually; and DBA HOUSE OF DREAMS KAUAI and HOUSE OF DREAMS HAWAII,<br><br>Defendants. | CASE NO.:    2:14-cv-00879-MMD-NJK<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND** *FORUM NON CONVENIENS* |

Defendants GLENN RUDOLFSKY ("Mr. Rudolfsky") and KIM D. RUDOLFSKY ("Mrs. Rudolfsky") (collectively "Defendants") by and through their undersigned counsel, respectfully move this Court to dismiss the Complaint of Plaintiffs MAX RUHLMAN ("Mr. Ruhlman") and ERIC SAMBOLD ("Mr. Sambold") (collectively "Plaintiffs") under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over Defendants and for *forum non conveniens*.  Defendants base this motion on the pleadings and records on file herein, the Points and Authorities set forth below and the oral argument of counsel, if any.

///

///

- 1 -

09596-01/1364324.doc

# POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants have had only sporadic and insubstantial contacts with Nevada, and those contacts do not substantially relate to the alleged acts underlying this action. Accordingly, Defendants do not have sufficient contacts with Nevada that justify this Court's exercise of either general or specific personal jurisdiction over them. Because of these circumstances, Plaintiffs' Complaint is devoid of any allegations of personal jurisdiction or facts to demonstrate sufficient contacts with Nevada such that personal jurisdiction would properly exists. Accordingly, this Court should dismiss this action against Defendants because personal jurisdiction is lacking in this forum.

Likewise, this case should be dismissed for *forum non conveniens* as there exists an adequate alternative forum, and the balance of private and public interest factors favors dismissal.

## II. STATEMENT OF FACTS

On June 6, 2014, Plaintiffs filed the present action, alleging various torts and breaches by Defendants. Plaintiffs failed to make any allegations with regard to personal jurisdiction or venue. Plaintiffs simply state that: Defendants "are now and at all times mentioned in the Complaint were domiciled in and a [*sic*] resident of the state of New York." Complaint ¶ 3.

The allegations of the Complaint revolve around the purchase of a property located in Hawaii on the island of Kauai (the "Property"). *See*¸ Complaint ¶ 7. In order to facilitate the purchase of the Property, a mortgage (the "Mortgage") and note (the "Note") (collectively the "Loan Documents") were prepared in Princeville, Hawaii with Defendants and Mr. Sambold as parties thereto. See, Declaration of Glenn Rudolfsky attached hereto as Exhibit "A" at ¶¶ 7-9; Declaration of Kim Rudolfsky attached hereto as Exhibit "B" at ¶¶ 7-9. Mr. Sambold "is now, and at all times mentioned in this Complaint was domiciled in and a citizen of the State of California." Complaint ¶ 2. Defendants now and all times relevant to the complaint have principally resided in New York. See, Exhibit A at ¶ 5; Exhibit B at ¶ 5. Mr. Rudolfsky is

legally a resident of Hawaii and Mrs. Rudolfsky is legally a resident of New York. <u>See</u>, Exhibit A at ¶ 6; Exhibit B at ¶ 6.

The Loan Documents were signed by Sambold in the State of California and by Defendants in the State of New York. <u>See</u>, Exhibit A at ¶ 10; Exhibit B at ¶ 10. Paragraph 23 of the Mortgage states that the Mortgage shall be governed by the laws of the State of Hawaii. A true and correct copy of the Mortgage is attached hereto as Exhibit "C". Article XI of the Note also states that the Note shall be governed by the laws of the State of Hawaii. A true and correct copy of the Note is attached hereto as Exhibit "D". The Property was subsequently leased as a vacation property in Hawaii and managed from New York. <u>See</u>, Exhibit A at ¶ 11.

During negotiations preceding the purchase of the Property and the execution of the Loan Documents, Defendants and Plaintiffs expressed an interest in forming a Limited Liability Company ("<u>LLC</u>"). <u>See</u>, <u>Id.</u> at ¶ 12. Plaintiffs took the position that an LLC should be filed in Nevada and Defendants insisted that any LLC agreement be written by their attorney in New York. <u>See</u>, <u>Id.</u> at ¶ 13. Since no terms or agreements were ever made or written, Defendants did not agree to file an LLC in any state. <u>See</u>, <u>Id.</u> Other issues regarding the organization of the LLC and how Defendants and Plaintiffs would move forward in their contemplated business remained in contention and an agreement was never reached on these issues. <u>See</u>, <u>Id.</u> at ¶ 14.

On September 19, 2012, Plaintiffs unilaterally registered Ke Aloha LLC with the Secretary of State of Nevada, listing Mr. Rudolfsky as the sole managing member. <u>See</u>, Articles of Organization of Ke Aloha LLC, attached hereto as Exhibit "E"; Exhibit A at ¶ 15. Defendants were not informed by Plaintiffs of either the registering of Ke Aloha LLC or of its formation. <u>See</u>, Exhibit A at ¶ 16; Exhibit B at ¶ 11. Neither of Defendants ever agreed to or signed any documents forming Ke Aloha LLC. <u>See</u>, Exhibit A at ¶ 18; Exhibit B at ¶ 12. On October 9, 2012, an Initial List of Managers or Managing Members (the "<u>Initial List</u>") was filed for Ke Aloha LLC listing Mr. Rudolfsky as the managing member. <u>See</u>, Initial List of Managers or Managing Members attached hereto as Exhibit "F". The Managing Member line of the Initial List was not signed by Mr. Rudolfsky, but rather by John H. Brebbia, an attorney who does not now, nor has ever, represented Mr. Rudolfsky. <u>See</u>, <u>Id.</u>; Exhibit A at ¶ 19. The Defendants only

- 3 -

1    learned of Ke Aloha LLC when the Nevada Secretary of State sent a bill to Mr. Rudolfsky in
2    October of 2013.  See, Exhibit A at ¶ 20; Exhibit B at ¶ 13.  Mr. Rudolfsky then filed papers to
3    dissolve Ke Aloha LLC so as to avoid the liability that might accompany the existence and
4    operation of an LLC with which Mr. Rudolfsky has no connection.  See, Exhibit A at ¶ 21.

5    On January 6, 2012, Defendants had dinner with Plaintiffs in Las Vegas, Nevada.  See,
6    Id. at ¶ 22; Exhibit B at ¶ 14.  Nothing relative to this litigation was discussed at that dinner.
7    See, Exhibit A at ¶ 23; Exhibit B at ¶15.  On the following day, January 7, 2012, Mr. Rudolfsky
8    and Plaintiffs met for lunch and discussed some matters relevant to this dispute, though no terms
9    were agreed to or contracts made at that meeting.  See, Exhibit A at ¶ 24.  Mrs. Rudolfsky was
10   not present for that lunch and never participated in any discussions with Plaintiffs relevant to this
11   dispute in Nevada.  See, Exhibit A at ¶ 25; Exhibit B at ¶ 16.

12   Plaintiffs claim in Paragraph 16 of the Complaint that Mr. Rudolfsky and Plaintiffs
13   "shook hands on the joint venture" at that lunch meeting.  However, prior to the litigation, Mr.
14   Sambold expressly stated that no agreements or promises were made in Las Vegas.  Specifically,
15   Mr. Sambold stated in an email:

> Keep in mind that in Vegas we were discussing things as adults do from time to time without making promises but simply with the intent of discussing options and ideas to see if we could come up with mutually beneficial ideas.  This process can be discribed [*sic*] as "Spitballing" or "Brainstorming". . . **We certainly never agreed on any terms and conditions nor made any promises.**

19   See Email from Sambold to G. Rudolfsky dated March 19, 2013, attached as Exhibit "G"
20   (emphasis added).  Extensive negotiations were later conducted in person in the State of Hawaii
21   and by email and phone with the Defendants and Plaintiffs in different locations.  See, Exhibit A
22   at ¶ 26.  Defendants never again set foot in Nevada for any of these additional negotiations.  See,
23   Exhibit A at ¶ 27.

24   Defendants have never lived in Nevada.  See, Exhibit A at ¶ 28; Exhibit B at ¶ 17.
25   However, for estate planning purposes only, Mr. Rudolfsky is the joint owner with his mother of
26   his mother's residence in Las Vegas, Nevada.  See, Exhibit A at ¶ 29.  Mrs. Rudolfsky does not
27   now, nor has she ever owned any property in Nevada.  See, Exhibit B at ¶ 18.  Defendants do not
28   operate any business in Nevada or direct any commerce into Nevada.  See, Exhibit A at ¶ 30;

1  Exhibit B at ¶ 19.  Defendants' House of Dreams Kauai website is accessible from Nevada, but
2  the website includes no interactive features and is not specifically targeted to residents of
3  Nevada.  See, Print Off of House of Dreams Kauai Website attached hereto as Exhibit "H";
4  Exhibit A at ¶ 31.  Defendants have spent no other time in Nevada beyond occasional vacation
5  trips.  See, Exhibit A at ¶ 32; Exhibit B at ¶ 20.  For these reasons, the Court does not have
6  personal jurisdiction over Defendants and Nevada is not the proper forum.

### III.   ARGUMENT

The Court lacks personal jurisdiction over Defendants and must dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2).  The Ninth Circuit applies a two-part test to determine the propriety of asserting personal jurisdiction over an out-of-state defendant.  See Breckenridge Pharm., Inc. v. Metabolite Labs., Inc., 444 F.3d 1356, 1361 (Fed. Cir. 2006); Greensupn v. Del E. Webb Corp., 634 F.2d 1204 (9th Cir. 1980).  First, the state long-arm statute must permit jurisdiction.  Breckenridge, 444 F.3d at 1361.  Second, the exercise of jurisdiction must comport with due process.  Id.  The party seeking to invoke jurisdiction has the burden of making a "prima facie case showing of jurisdictional facts."  Cubbage v. Merchant, 744 F.2d 665, 667 (9th Cir. 1984).

"Nevada's long-arm statute, NRS 14.065, reaches the limits of due process set by the United States Constitution."  Baker v. Eighth Judicial Dist. Court, 999 P.2d 1020, 1023 (Nev. 2000).  As a result, the Court need only consider whether the exercise of personal jurisdiction over Defendants in Nevada comports with due process.

The Due Process Clause of the Fourteenth Amendment operates to limit the power of a state to assert in personam jurisdiction over a nonresident defendant.  Pennoyer v. Neff, 95 U.S. 714 (1878).  The due process requirements are satisfied when in personam jurisdiction is asserted over a nonresident defendant that has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  Helicopteros Nacionales de Columbia v. Hall, 466 U.S. 408, 414 (1984) (citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Plaintiffs must establish that one of two types of jurisdiction exists over Defendants, who

- 5 -

are non-residents. The first and broadest type of jurisdiction is general jurisdiction. General personal jurisdiction subjects a defendant to suit in a forum only where the defendant's contacts with that forum "are so continuous and systematic as to render them essentially at home in the forum state." Daimler AG v. Bauman, 134 S. Ct. 746, 754 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 2851 (2011)). The second more limited type of jurisdiction is specific jurisdiction. Specific jurisdiction conveys jurisdiction over a non-resident defendant only for the specific cause of action in question, and is established if the defendant purposefully directed his activities to the forum and the alleged injury arises out of those activities. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). Plaintiffs cannot carry their burden of establishing either type of jurisdiction over Defendants.

### A.   The Court Lacks General Personal Jurisdiction Over Defendants

General jurisdiction does not apply in this action. Defendants are residents of the states of New York and Hawaii, have not "continuously and systematically" engaged in activities in Nevada and Plaintiffs cannot offer evidence to substantiate an allegation of general personal jurisdiction.

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) [parties] to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 2851 (2011) (the Supreme Court has extended Int'l Shoe and its progeny to individual defendants in Burger King, 471 U.S. at 472). Continuous and systematic is a "fairly high standard in practice." Fields v. Sedgwick Associated Risks, 769 F.3d 299, 301 (9th Cir. 1986). Indeed, general jurisdiction cases are "instances in which the continuous . . . operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." Goodyear, 131 S.Ct. at 2853 (citing Int'l Shoe, 326 U.S. at 318). Continuous activity of some sorts within a state is not enough to support the demand that the defendant be amenable to suits unrelated to that activity. Id. at 2856. A single trip for the purposes of negotiation "cannot be described or regarded as a contact of a 'continuous and systematic' nature."

Helicopteros Nacionales, 466 U.S. at 416.  "Occasional vacation trips" to a state are insufficient to confer general jurisdiction.  Davis & Cox v. Summa Corp., 751 F.2d 1507, 1526 (9th Cir. Cal. 1985).  The fact that a plaintiff is domiciled in the forum is also insufficient to create jurisdiction as, "the plaintiff cannot be the only link between the defendant and the forum.  Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."  Walden v. Fiore, 134 S. Ct. 1115, 1122 (2014).  The Supreme Court has also held that the mere presence of property within a state, when that piece of property is unrelated to the litigation, is insufficient to establish jurisdiction.  See Shaffer v. Heitner, 433 U.S. 186, 209 (1977).

### 1. Defendants lack "substantial" or "continuous and systematic" contacts with Nevada.

As discussed above, Defendants lack substantial or continuous and systematic contacts with Nevada and Plaintiffs do not even allege such contacts.  Specifically, Defendants are citizens of and domiciled in the States of Hawaii and New York and neither Defendant does any business in Nevada.  Mr. Rudolfsky acknowledges that, for purposes of his mother's estate planning only, he is the joint owner with his mother of her residence in Las Vegas, Nevada.  Mr. Rudolfsky's mother's residence is not related to this litigation and his joint ownership is insufficient to establish jurisdiction.  See Shaffer, 433 U.S. at 209.  The January 6, 2012 visit to Las Vegas was Mr. Rudolfsky's only visit to Nevada in relation to the subject of the lawsuit, but a single visit which "cannot be described or regarded as a contact of a 'continuous and systematic' nature."  Helicopteros Nacionales, 466 U.S. at 416.  Mr. Rudolfsky has spent no other time in Nevada beyond "occasional vacation trips."  See Davis & Cox, 751 F.2d at 1526. These few contacts are insufficient to find "substantial" or "continuous and systematic" contacts with Nevada and as such this Court may not exercise general jurisdiction over Mr. Rudolfsky.

Mrs. Rudolfsky does not have any ties to Nevada beyond a few "occasional vacation trips."  Therefore, there is no basis to convey general jurisdiction over Mrs. Rudolfsky.  Id.

///

///

- 7 -

**2.     Ke Aloha LLC's registration in Nevada does not establish general personal jurisdiction.**

Mr. Rudolfsky was illegitimately listed as the managing member of Ke Aloha LLC with the Nevada Secretary of State without his knowledge or consent. Even if this Court were to put credence in Ke Aloha LLC's filing, such a filing is insufficient to establish general personal jurisdiction. Registering to do business with the Nevada Secretary of State does not convey general jurisdiction over an entity or its members. Idaho Energy L.P. v. Harris Contracting Co., CV07-423-N-EJL, 2008 U.S. Dist. LEXIS 77561, *22 (D. Idaho Sept. 30, 2008). Indeed, the mere fact that a company registers to do business in a state, without more, does not constitute "continuous and systematic" contacts with the state to confer general jurisdiction. Id. at *22 ("mere authority to do business is insufficient to establish personal jurisdiction"); see also Watkins v Autozone Parts, Inc., No. 08-CV-01509-H (AJB), 2008 U.S. Dist. LEXIS 98613 (S.D. Cal. Dec. 5, 2008) (finding no personal jurisdiction despite the defendant's registration to do business in the state). Thus, Ke Aloha LLC's registration with the Nevada secretary to state cannot confer general jurisdiction of this Court over Mr. Rudolfsky as its purported managing member.

**B.     The Court Lacks Specific Personal Jurisdiction Over Defendants**

Specific jurisdiction does not apply in this action. In order to exercise specific jurisdiction over a defendant, three things must be shown: "(1) The defendant must have done some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable." Fireman's Fund Ins. Co. v. National Bank of Cooperative, 103 F.3d 888, 894 (9th Cir.1996) (quoting Shute v. Carnival Cruise Lines, Inc., 897 F.2d 377, 381 (9th Cir. 1990)).

///

///

///

### 1. The Defendants have not purposefully availed themselves of the forum.

To demonstrate purposeful availment, plaintiffs must show that the defendant "engage[d] in some form of affirmative conduct allowing or promoting the transaction of business within the forum state." Gray & Co. v. Firstenberg Machinery Co., 913 F.2d 758, 760 (9th Cir.1990). See also, Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985) ("This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, . . . or of the 'unilateral activity of another party or a third person ...'"). A defendant's contacts must be such that it should "reasonably anticipate being haled into court there." See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). In a similar case to the one at issue here, the Eleventh Circuit found that a Defendant that had visited the forum three times to train the Plaintiff and had communicated by phone and fax repeatedly with Plaintiff while Plaintiff was in the forum had still not developed sufficient minimum contacts to establish specific personal jurisdiction. See, Primus Corp. v. Centreformat Ltd., 221 Fed. Appx. 492, 493-494 (8th Cir. 2007). The Eleventh Circuit in Primus Corp. found dispositive the fact that the visits that had occurred within the forum did not include the negotiation or finalizing of the underlying agreement. Id.

The Defendants cannot be said to have purposefully availed themselves of the forum. Defendants' conduct was centered in the states of Hawaii and New York. The only connection between this litigation and Nevada to which Mr. Rudolfsky consented was the lunch where Mr. Rudolfsky and Plaintiffs were "Spitballing" or "Brainstorming" and "certainly never agreed on any terms and conditions nor made any promises." See Exhibit G. The lunch did not produce any actual obligations or business activities and was only one of multiple meetings between Mr. Rudolfsky and the Plaintiffs. The lunch alone is insufficient to constitute "affirmative conduct allowing or promoting the transaction of business." Gray & Co., 913 F.2d at 760. Mr.

- 9 -

Rudolfsky never gave his consent to register Ke Aloha LLC with the Nevada Secretary of State and, thus, he never purposefully availed himself of Nevada's laws.

Notably, Mrs. Rudolfsky wasn't even present at the lunch meeting with Plaintiffs. Likewise, Mrs. Rudolfsky had no involvement in the formation or registration of Ke Aloha LLC. Accordingly, Mrs. Rudolfsky has not taken any action that could possibly be argued to avail her of the privileges of conducting activity in Nevada.

### a. The House of Dreams Kauai website does not confer specific jurisdiction.

In making the determination of whether or not a website confers specific jurisdiction upon a defendant courts look to the "level of interactivity and commercial nature of the exchange of information that occurs on the Web site to determine if sufficient contacts exist to warrant the exercise of jurisdiction." Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 418 (9th Cir. 1997) (citation omitted). The Ninth Circuit has held that a website that is "non-interactive" and "passive" is insufficient to confer specific jurisdiction. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1158 (9th Cir. 2006). Specifically, in Pebble Beach the court found that a website whose only interactive feature was to allow visitors to fill out an on-line inquiry form was "non-interactive", "passive" and therefore could not confer specific jurisdiction. Id. at 1153-1154.

The House of Dreams Kauai website provides information to the general public in the form of a flier. See, Exhibit H. The only option that is offered to visitors beyond reading the flier is the opportunity to fill out an on-line inquiry form. See, Id. Reservations cannot be booked through the website or any other services obtained. See, Id. In this way the facts precisely mirror those of Pebble Beach and for the same reasons of the website being "non-interactive" and "passive" specific jurisdiction may not be conferred by way of the House of Dreams Kauai website. 453 F.3d at 1153-1154.

///

///

### 2. The claims do not arise out of the Defendant's forum-related activities.

The claims in this litigation do not arise out of forum related activities. The Property around which this litigation centers is in Hawaii. The Loan Documents were drafted and executed outside of Nevada. The Loan Documents set out that Hawaii law shall govern any disputes relating to the Loan Documents. See, Exhibit C at Paragraph 23; Exhibit D at Article XI. Moreover, at the lunch in Las Vegas, Mr. Rudolfsky and Plaintiffs, "certainly never agreed on any terms and conditions nor made any promises." See, Exhibit G. The claims arise from activities entirely outside of Nevada.

### 3. The exercise of jurisdiction in Nevada is unreasonable.

Even if the defendant's contacts render it subject to the forum's jurisdiction, the assertion of jurisdiction must be reasonable. See Int'l Shoe, 326 U.S. at 317. In determining reasonableness, the Ninth Circuit looks to (1) "the extent of the defendant's purposeful injection into the forum; (2) the defendant's burdens from litigating in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." Ziegler v. Indian River County, 64 F.3d 470, 475 (9th Cir. 1995). Jurisdiction in Nevada would be unreasonable because: (1) Defendants' only "injection" into the forum consists of a short trip which did not bring about any terms, conditions or promises; (2) all litigants face the great burden of litigating in a forum an ocean away from the situs of the Property; (4) Nevada has no interest in adjudicating this dispute as the property at the heart of this case is located in Hawaii; (5) because the case will turn on the interpretation of Hawaii law as to the Loan Documents, Nevada is a highly inefficient forum; (6) the Plaintiffs gain nothing in this forum as opposed to another; and (7) the forum of Hawaii is a superior alternative forum. The *Ziegler* factors demonstrate clearly that jurisdiction of this case in Nevada would be unreasonable. Because Plaintiffs cannot meet the elements necessary to establish general or specific personal jurisdiction, this action must be dismissed.

- 11 -

## C. The Case Should Be Dismissed On The Alternative Ground Of *Forum Non Conveniens*

A case is properly dismissed based on *forum non conveniens* where: (1) there is an adequate alternative forum, and (2) the balance of private and public interest factors favors dismissal. See Lueck v. Sundstrand Corp., 236 F.3d 1137, 1142 (9th Cir.2001).

### 1. Hawaii is an adequate alternative forum.

An alternative forum ordinarily exists when defendants are amenable to service of process in the foreign forum. Id. at 1143 (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 n. 22 (1981)). A foreign forum is adequate when it provides the plaintiff with a sufficient remedy for his wrong. Id. Defendants are amenable to service in Hawaii. There is no question that identical remedies would be available to Plaintiffs if they were to pursue their action in Hawaii.

Moreover, Plaintiffs have significant contacts with Hawaii and have demonstrated that there is no obstacle to their going to Hawaii. In addition to the negotiations in Hawaii between the parties, Mr. Sambold owns a home in Anahola Hawaii (the "Anahola Property"). See, Exhibit A at ¶ 33. Mr. Ruhlman has stated that he has invested over $200,000.00 into the Anahola Property. See, Id. at ¶ 34. Since the purchase of the Anahola Property, Plaintiffs have made multiple trips to Hawaii to oversee work being done on the Anahola Property. See, Id. at ¶ 35. Additionally, Plaintiffs are in the process of seeking permits for work and rental use of the Anahola Property from the State of Hawaii. Id. Hawaii will clearly be an adequate forum.

### 2. The balance of private and public interest factors favors dismissal.

In assessing the private interests of the litigants, courts look to "ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and cost of obtaining attendance of willing witnesses; and likelihood of a fair trial." Dole Food Co. v. Watts, 303 F.3d 1104, 1119 (9th Cir. 2002). As discussed in detail above, part of the negotiations that precipitated this dispute occurred in Hawaii, all of the Loan Documents that are

- 12 -

1  central to this dispute were drafted in Hawaii, the Property itself is located in Hawaii and most, if
2  not all, of the percipient witnesses, with the exception, of course, of Plaintiffs will be in Hawaii.
3  The increased availability of these forms of evidence will serve to increase the fairness of the
4  trial. The relative ease of access to proof, the ease of calling witnesses and the likelihood of a
5  fair trial, therefore, weigh in favor of dismissal. Id.

6  "Public interest factors encompass court congestion, the local interest in resolving the controversy, and the preference for having a forum apply a law with which it is familiar." Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 771 (9th Cir.1991). The outcome of this litigation will determine the fate of property located in Hawaii as well as the continuation of commercial activity in Hawaii relating to that property, Hawaii therefore has a great, and far greater interest than Nevada, in this controversy. All agreements leading up to this litigation were negotiated and made in Hawaii. Additionally, the Loan Documents provide for Hawaii law to govern their interpretation. For these reasons, a court in Hawaii will be much more familiar with the law that will come into play in adjudicating this case. Accordingly, the Defendants request that the case be dismissed on the ground of *forum non conveniens.*

16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

09596-01/1364324.doc

## IV. CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court dismiss the claims against them for lack of personal jurisdiction and in the alternative for *forum non conveniens*.

DATED this 1st day of August, 2014.

**HOLLEY, DRIGGS, WALCH,**
**PUZEY & THOMPSON**


/s/ F. Thomas Edwards
OGONNA M. ATAMOH, ESQ.
Nevada Bar No. 7589
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
NATHAN R. HENDERSON, ESQ.
Nevada Bar No. 13145
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

*Attorneys for Defendants*

- 14 -

09596-01/1364324.doc

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that on the 1st day of August, 2014, I caused the document entitled DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND *FORUM NON CONVENIENS*, to be served by electronically transmitting the document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Elizabeth J. Foley, Esq. – Efoleylawyer@gmail.com

and to the following, via United States Mail, at the below-listed address:

Elizabeth J. Foley, Esq.
ELIZABETH J. FOLEY, LAWYER, LTD.
601 South Rancho Drive, Suite A-1
Las Vegas, Nevada  89106

*Attorney for Plaintiffs*

                                                 /s/ Norma S. Moseley
                                                 AN EMPLOYEE OF HOLLEY, DRIGGS, WALCH,
                                                    PUZEY & THOMPSON

09596-01/1364324.doc