OGONNA M. ATAMOH, ESQ.
Nevada Bar No. 7589
E-mail: oatamoh@nevadafirm.com
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
E-mail: tedwards@nevadafirm.com
NATHAN R. HENDERSON, ESQ.
Nevada Bar No. 13145
E-mail: nhenderson@nevadafirm.com
HOLLEY, DRIGGS, WALCH,
PUZEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:   702/791-0308

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MAX RUHLMAN and ERIC SAMBOLD,<br><br>Plaintiffs,<br><br>v.<br><br>GLENN RUDOLFSKY, individually and DBA HOUSE OF DREAMS KAUAI and HOUSE OF DREAMS HAWAII; KIM D. RUDOLFSKY, AKA KIM DAPOLITO, individually; and DBA HOUSE OF DREAMS KAUAI and HOUSE OF DREAMS HAWAII,<br><br>Defendants. | CASE NO.:   2:14-cv-00879-RFB-NJK<br><br>DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND *FORUM NON CONVENIENS* |

Defendants GLENN RUDOLFSKY ("Mr. Rudolfsky") and KIM D. RUDOLFSKY ("Ms. Rudolfsky") (collectively "Defendants") by and through their undersigned counsel, hereby submit this Reply in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction and *Forum Non Conveniens* (the "Reply"). Defendants base this reply on the pleadings and records on file herein, the Points and Authorities set forth below and the oral argument of counsel, if any.

///

///

///

## POINTS AND AUTHORITIES

### I.

### THIS COURT LACKS JURISDICTION OVER MS. RUDOLFSKY WHO IS AN ESSENTIAL PARTY TO THIS CASE

To dismiss this action in whole, the Court would only have to find that it lacked personal jurisdiction over Ms. Rudolfsky. As the property to which MAX RUHLMAN ("Ruhlman") and ERIC SAMBOLD ("Sambold") (collectively "Plaintiffs") claim an interest (the "Property") is owned jointly by Mr. and Ms. Rudolfsky, Ms. Rudolsky is a necessary and indispensable party. If the Court does not have personal jurisdiction over Ms. Rudolfsky, the Court would be required to dismiss the entire action pursuant to Fed. R. Civ. P. 19(b).

The sole basis for asserting jurisdiction over Ms. Rudolfsky made in Plaintiffs' Opposition to Defendants' Motion to Dismiss (the "Opposition") is her alleged business activities in Nevada. Plaintiffs claim that "[b]oth Rudolfsky Defendants have transacted business in Nevada by meeting with the Plaintiffs in Las Vegas and successfully soliciting $550,000 from the Plaintiffs for their fifty percent interest in the Ke Aloha joint venture." Opposition at 6. This allegation is in sharp contrast to the rest of the Opposition which attributes all business activities that took place in Nevada to Mr. Rudolfsky alone, including "the Tortious Acts in Nevada" which are attributed solely to Mr. Rudolfsky and the allegation that only Mr. Rudolfsky "shook hand (*sic.*) on the joint venture" in Nevada. *See* Opposition at 7, 2. The affidavits of Mr. Rudolfsky and Ms. Rudolfsky both explain that all business discussions took place at a lunch which was not attended by Ms. Rudolfsky, the Plaintiffs have made no response to this claim either to deny it or to claim that Ms. Rudolfsky participated in business discussions at another time. See, Declaration of Glenn Rudolfsky attached to Defendants' Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction and *Forum Non Conveniens* (the "Motion") as Exhibit "A" at ¶¶ 22-25; Declaration of Kim Rudolfsky attached to the Motion as Exhibit "B" at ¶¶ 14-16. Without giving any detail of her alleged conduct in Nevada, Plaintiffs make unsubstantiated accusations for the sole purpose of establishing jurisdiction where it does not appropriately lie.

10304-01/1379271_2.doc

Plaintiffs' only other basis for alleging that Ms. Rudolfsky has conducted business in Nevada is the shareholder reports that Ms. Rudolfsky emailed to Ruhlman which he allegedly received in Nevada. The Ninth Circuit has held that the "use of the mails, telephone or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the forum state." Peterson v. Kennedy, 771 F.2d 1244, 1262 (9th Cir. 1985). The Ninth Circuit later updated the holding of Peterson to include email. Sarkis v. Lajca, 425 Fed. Appx. 557, 558-559 (9th Cir. 2011) ("While [defendant] contacted [plaintiff] in California through phone and e-mail to negotiate his contract, the 'use of the mails, telephone or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the forum state.'"). If the receipt of shareholder reports by email was sufficient to establish personal jurisdiction nearly every large company in the United States would be subject to jurisdiction in every state and territory.

## II.

## MR. RUDOLFSKY'S BUSINESS ACTIVITIES IN NEVADA ARE INSUFFICIENT TO ESTABLISH JURISDICTION

A. The January 6, 2012 Meeting

The January 6, 2012 meeting was one of several communications, which combined, shaped the dealings between the Defendants and the Plaintiffs (collectively "the Parties"). See, Opposition at 2-4. As Sambold stated, the parties "certainly never agreed on any terms and conditions nor made any promises." See Email from Sambold to Mr. Rudolfsky dated March 19, 2013, attached to the Motion as Exhibit "G". Plaintiffs attempt to minimize Sambold's telling statement by claiming that it only dealt with the financing of the agreement. See, Opposition at 4. Sambold's email never makes any statement to the effect that his statement should only apply to financing, but even assuming that much is true, the clear implication of leaving financing unsettled is that a full agreement as to how the Parties were to proceed was not reached at that time. In order for specific jurisdiction to be established "the claim must arise out of the defendant's forum-related activities." Gray & Co. v. Firstenberg Machinery Co., 913 F.2d 758, 760 (9th Cir. 1990). Because the January 6, 2012 meeting was only one of several

10304-01/1379271_2.doc

communications and meetings in the development of the Parties' activities and because that meeting did not produce "any terms and conditions nor . . . any promises," the meeting cannot accurately be construed as the source of the claim. See Email from Sambold to Mr. Rudolfsky dated March 19, 2013, attached to the Motion as Exhibit "G". General jurisdiction is also inapplicable as one meeting cannot possibly be considered "affiliations with the State [that] are so 'continuous and systematic' as to render them essentially at home in the forum State" as is necessary to establish general jurisdiction. Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 2851 (2011).

B. Mr. Rudolfsky's Emails

Plaintiffs rely on emails sent from Mr. Rudolfsky in other jurisdictions which were allegedly received by Ruhlman in Nevada to establish jurisdiction. As explained above, the Ninth Circuit has held that emails "simply do not qualify as purposeful activity invoking the benefits and protection of the forum state." Peterson, 771 F.2d at 1262; see also, Sarkis, 425 Fed. Appx. at 559. The emails that Ruhlman allegedly received in Nevada do nothing to establish jurisdiction over Mr. Rudolfsky.

C. The Nevada LLC

This Court has previously stated that "membership in a single LLC or being a director of a single corporation may not constitute sufficient contact with Nevada" to establish jurisdiction. Gala v. Britt, 2:10-cv-00079-RLH-RJJ, 2010 U.S. Dist. LEXIS 133429 (D. Nev. Dec. 15, 2010). Even were it sufficient for jurisdiction, Defendants reassert that Mr. Rudolfsky never gave his consent to be a member of Ke Aloha LLC. Plaintiffs provide very weak evidences to attempt to prove otherwise. Plaintiffs support their argument of Mr. Rudolfsky's consent to the formation of the LLC with the fact that Mr. Rudolfsky supplied his home address to Plaintiffs. See, Opposition at 6. What is not mentioned is that the email where Mr. Rudolfsky provided his address is dated May 23, 2012, just shy of four months before the filing of the LLC and includes a request that Mr. Rudolfsky's attorney be able "to work on it." See, Appendix to the Opposition at 66. Mr. Rudolfsky's attorney was never given the opportunity to review any LLC materials and Mr. Rudolfsky never gave his consent to the actual formation of the LLC.

Plaintiffs' only other two pieces of evidence are communications from Mr. Rudolfsky where the idea of a Nevada LLC is discussed tentatively, without any actual terms set out. See, Opposition at 6; Appendix to the Opposition at 49-56. Of the two communications referenced in the Opposition, only one is dated, giving a date six months before Ke Aloha LLC was actually registered. See, Appendix to the Opposition at 56. These communications fail to demonstrate actual consent to be a member of an LLC.

### III.
### MR. RUDOLFSKY'S ALLEGED TORTIOUS ACTIONS DO NOT ESTABLISH JURISDICTION

The Ninth Circuit has held that in tort cases the court should "inquire whether a defendant purposefully directs his activities at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum. The "effects" test . . . requires that the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218 (9th Cir. Cal. 2011) (citations omitted). The tort that is alleged here deals with the purchase, ownership and management of a Hawaii property. All of the effects arising from this purported tort would be aimed at and suffered exclusively in Hawaii. None of the effects would be aimed at or suffered in Nevada and as such this Court cannot have jurisdiction to hear such a tort.

### IV.
### MR. RUDOLFSKY'S OWNERSHIP OF PROPERTY DOES NOT ESTABLISH JURISDICTION

Plaintiffs cite a portion of the Nevada Civil Practice Manual to support the idea that the ownership of Nevada property in and of itself is sufficient to confer jurisdiction. See, Opposition at 7. Plaintiffs quote the phrase "owning or using any real property situated in Nevada" without giving the preceding qualifier of "any cause of action which arises from." Id.; 1-9 Nevada Civil Practice Manual § 9.14 (quoting former NRS 14.065). The inclusion of this omitted clause makes clear that in order for the ownership of property to be determinative of jurisdiction, the

10304-01/1379271_2.doc

cause of action must arise from that ownership. Because the instant case is completely unrelated to the property that Mr. Rudolfsky owns together with his mother, the property cannot convey jurisdiction in this case. The Supreme Court has explained that "although the presence of the defendant's property in a State might suggest the existence of other ties among the defendant, the State, and the litigation, the presence of the property alone would not support the State's jurisdiction." See, Shaffer v. Heitner, 433 U.S. 186, 209 (1977).

The Nevada property in question (Mr. Rudolfsky's "Mother's Home") was purchased by Mr. Rudolfsky's parents in 1991. See, Declaration of Glenn Rudolfsky attached hereto as Exhibit "1" at ¶ 5. Following the death of his father in 1999, Mr. Rudolfsky was added as a joint tenant of his Mother's Home in 2000. Id. at ¶ 6. This was done solely for estate planning purposes. Id. Mr. Rudolfsky visited his mother at his Mother's Home when he came to Nevada for the January 6, 2012 meeting. Id. at ¶ 7. That visit is the only time since his father's funeral in 1999 that he has been to his Mother's Home or been in Nevada. Id. at ¶ 8.

## V.

## HAWAII IS A SUPERIOR ALTERNATIVE FORUM

Hawaii is the common forum to all of the Parties to this action as all of the Parties own property or interests in property there. See, Declaration of Glenn Rudolfsky attached to the Motion as Exhibit "B" at ¶¶ 33-34. All Parties have already demonstrated their ability to travel to Hawaii. Id. at ¶ 35. Importantly, the following witnesses, and likely others, are Hawaii residents whose testimony will be essential for the determination of this matter;

Ken Attix, the realtor for the purchase of the Property;

Harvey Cohen, the attorney who prepared the loan documents between Sambold and Mr. Rudolfsky and sought vacation licensing for the Property;

The person most knowledgeable from Old Republic Title, the title company used in the purchase of the Property;

Bea Jeal, an employee of Old Republic Title that assisted in the purchase of the Property;

Heather Ford, a realtor who assisted the Plaintiffs in purchasing an additional Hawaii property;

Lisa Larkin, a realtor who worked with Ruhlman in Hawaii;

      Kaleo Chandler, landscaper for the Property and for Sambold's separate Hawaiian property;

      David Bancroft, contractor for the Property;

      Marc Andre, contractor on another Hawaii property purchased by the Plaintiffs;

      Jeff Benson, a witness to a meeting or two in Hawaii between the Parties where relevant issues were discussed; and

      Belinda Colley, a witness to a meeting in Hawaii between the Parties where relevant issues were discussed.

See, Exhibit 1 at ¶ 9. Additionally, Plaintiffs have not addressed the fact that this dispute will be largely determined by Hawaiian law and that it will affect the use and ownership of Hawaiian property creating a far greater interest in the determination of the case in Hawaii than in Nevada. For all of these reasons transfer to Hawaii is proper under 28 U.S.C. § 1404(a) and the common law doctrine of *forum non conveniens*.

## CONCLUSION

This case cannot go forward in this District if this Court does not find that it properly has jurisdiction over Ms. Rudolfsky. Plaintiffs have only made vague and unfounded assertions of Ms. Rudolfsky's business activities in Nevada. In truth, Ms. Rudolfsky has not conducted any business in Nevada. There are no grounds for jurisdiction over Ms. Rudoflsky. Because Ms. Rudolfsky is an indispensable party as the part owner of the disputed Property, the case must be dismissed in its entirety due to the Court's lack of jurisdiction over her.

The Court also lacks jurisdiction over Mr. Rudolfsky. Mr. Rudolfsky's alleged business activities are insufficient to create jurisdiction, the effects of his alleged tortious conduct would be felt entirely outside of this jurisdiction and his joint ownership of his mother's home cannot establish jurisdiction in an unrelated case. As such, this Court has no grounds to assert jurisdiction over him. In the alternative, Hawaii is a far superior forum to hear this case and

///

///

///

///

10304-01/1379271_2.doc

transfer is proper under 28 U.S.C. § 1404(a) and the common law doctrine of *forum non conveniens*.

DATED this 8th day of September, 2014.

        HOLLEY, DRIGGS, WALCH,
        PUZEY & THOMPSON

        /s/ *signature*

        OGONNA M. ATAMOH, ESQ.
        Nevada Bar No. 7589
        F. THOMAS EDWARDS, ESQ.
        Nevada Bar No. 9549
        NATHAN R. HENDERSON, ESQ.
        Nevada Bar No. 13145
        400 South Fourth Street, Third Floor
        Las Vegas, Nevada 89101

        *Attorneys for Defendants*

10304-01/1379271_2

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that on the 8th day of September, 2014, I caused the document entitled DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND *FORUM NON CONVENIENS*, to be served by electronically transmitting the document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Elizabeth J. Foley, Esq. – Efoleylawyer@gmail.com

_____
AN EMPLOYEE OF HOLLEY, DRIGGS, WALCH, PUZEY & THOMPSON

10304-01/1379271_2