*ELIZABETH J. FOLEY*
NEVADA BAR 1509
ELIZABETH J. FOLEY LAWYER, LTD.
601 So. Rancho Drive, Suite A-1
Las Vegas, Nevada  89106
Phone: (702) 363-2323
Fax: (702)380-4035
Email: Efoleylawyer@gmail.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAX RUHLMANN and ERIC SAMBOLD,<br><br>            Plaintiffs,<br><br>v.<br><br>GLENN RUDOLFSKY, individually and DBA HOUSE OF DREAMS KAUAI and HOUSE OF DREAMS HAWAII; KIM D. RUDOLFSKY, AKA KIMI DAPOLITO, individually; and DBA HOUSE OF DREAMS KAUAI and HOUSE OF DREAMS HAWAII<br>            Defendants. | CASE NO.: 2:14-cv-00879-RFB-NJK<br><br>**OPPOSITION TO MOTION FOR STAY OF DISCOVERY** |

COME NOW, the Plaintiffs MAX RUHLMANN and ERIC SAMBOLD, by and through their attorney, ELIZABETH J. FOLEY, and respectfully submits the following Points and Authorities in Opposition to Motion for Stay filed by the Defendants GLENN RUDOLFSKY, et al.

**POINTS AND AUTHORITIES**

**I. PRELIMINARY STATEMENT**

The parties all met in Las Vegas in 2012 and shook hands on a real estate investment joint venture. The deal was firm to the point that both the Plaintiff and the Defendants collectively invested Five Hundred Fifty Thousand Dollars ($550,000) to obtain a very valuable vacation property on the island of Kauai.

The Defendants have been reaping the profits from the rentals of the property without

accounting to the Plaintiffs for their share of the profits for over two years.

Although Defendant Kim Rudolfsky is the bookkeeper of the real estate investment joint venture, and has sent many reports to Plaintiff Max Ruhlmann in Las Vegas, she boldly claims to be beyond the reach of the Nevada Court's jurisdiction. (See Document 27 page 7-8, paragraph C.). Defendant Glenn Rudolfsky, a long time owner of Nevada real estate, is clearly subject to the jurisdiction of the Courts of one of the states in which he owns property.

Clearly, this joint venture dispute will require Court intervention. Written discovery should proceed while the Defendants' Jurisdictional and Venue Motions are considered by the District Court.

Defendant Glenn Rudolfsky expressly approved the formation of a Nevada limited liability company to hold title of property owned by the joint venture. (See Appendix to the Opposition to Motion to Dismiss, Document 19-1, pages RS42 at item 2; page; RS49; RS50 at items 5, 7, 8 and 9; RS51 at lines 5 and 9; RS53 at item 13; RS54 at item 14; RS65; RS66; RS67; and RS68). Mr. Rudolfsky's use of his home address in Merrick, New York for the Nevada LLC email approving the Nevada LLC "Ke Aloha" is contained in Plaintiffs' Appendix to the Opposition to Motion to Dismiss at Document 19-1, RS66.

## II

## LEGAL DISCUSSION

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Tradebay LLC vs. eBay, Inc*, 278 FKD 597, 600 (D Nev. 2011). The filing of a motion challenging personal jurisdiction does not mandate a stay of discovery and the Court retains discretion to require discovery to go forward. *Kabo Tools Co., et al., vs. Porauto Industrial Co., LTD., et al., U.S. District Court for the District of Nevada, 2013 U.S. Dist. LEXIS 156928 (D. Nev., Oct. 31, 2013). AMC Fabrication, Inc. vs. KRD Trucking West, Inc., 2012 U.S. Dist. LEXIS 146270 (D. Nev Oct. 10, 2012). Holiday Sys., Int'l of Nev. vs. Vivarelli, Scharwz, and Assocs., 2012 U.S. Dist. LEXIS 125542 (D.*

- 2 -

*Nev. Sept. 5, 2012).*

The District Court may also impose limitations on discovery until the question of jurisdiction is resolved. *AMC Fabrication, Inc. vs. KRD Trucking West, Inc., 2012 U.S. Dist. LEXIS 146270 (D. Nev. Oct. 10, 2012)*. Plaintiffs would agree to conduct written discovery only until the U.S. District Court Judge rules on the Defendants' Motion to Dismiss.

Nevada Federal Courts have formulated three requirements which the party seeking to stay discovery bears the burden of establishing. *Holiday Sys., Int'l of Nev vs. Vivarelli, Scharwz, and Assocs., 2012 U.S. Dist. LEXIS 125542 (D. Nev. Sept. 5, 2012)*. Those three requirements, hereafter referred to as the Holiday factors are:

1. The pending motion is potentially dispositive;

2. The potentially dispositive motion can be decided without additional discovery; and

3. The Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal.

### A. THE PENDING MOTIONS ARE NOT DISPOSITIVE.

The Defendant filed a Motion to Dismiss for Forum Non Conveniens. The Plaintiffs argued with citation to *Moore Federal Practice 3d 111.03*, that the common law doctrine of forum non conveniens has been limited by the enactment of the convenience transfer statute 28 USC 1404(a). (Document 21, Opposition, page 7). The Defendants, in their Reply, listed potential witnesses who live on the island of Kauai in support of their argument that this action should be transferred to the US District Court in Hawaii, located on the island of Oahu.

The Defendants virtually concede that the Hawaii U.S. District Court would have jurisdiction to decide this Case. Thus, the Motion to Dismiss is not dispositive but rather a 28 USC 1404(a) convenience transfer motion. There is no good reason why written discovery should not begin at once.

...

- 3 -

### B. DISCOVERY SHOULD BE ALLOWED ON THE Defendants' MOTION TO DISMISS.

Factual issues are indeed raised by Defendants' Motion to Dismiss. The Rudolfsky's claim in their Motion to Dismiss that they did not intend to conduct business through a Nevada LLC when the email correspondence indicates Mr. Rudolfsky's express approval of the Nevada LLC. (See Document 19-1 at RS49). Mr. Rudolfsky responded by typing "Good" next to item 2 which reads, "Form a Nevada LLC (Ke Aloha LLC?) Good".

The Defendants, by arguing that the parties should litigate this case in Honolulu, rather than Las Vegas, have suggested that the litigation expense for all parties be increased. The Defendants' principle residence is New York. Mr. Ruhlmann's residence is in Las Vegas and Mr. Sambold resides in San Diego, California. It will cost all parties considerably more money to fly to Honolulu to litigate this joint venture dispute than to litigate in Nevada. Rule 1 of the Federal Rules of Civil Procedure, which has its objective of ensuring a "just, speedy, and inexpensive determination of every action" is to be considered in deciding whether to grant a stay of discovery. *Tradebay, LLC vs. eBay, Inc.* 278 F.R.D. 597, 602-603 (D. Nev. 2011).

The Plaintiffs would like to propound discovery to Defendants concerning whether their Motion to Dismiss violates the objectives of Rule 1 of the Federal Rules of Civil Procedure. Written discovery should respectfully be allowed to begin at once.

The Plaintiffs should also be entitled to seek discovery of all funds generated by the income producing vacation property, in which Five Hundred Fifty Thousand Dollars ($550,000) of their money was invested. Such written discovery will need to be done in whatever Court this dispute is litigated.

### C. MERITS OF THE MOTION TO DISMISS.

The Defendants purposefully directed their activities to Nevada. Defendant Glenn Rudolfsky, a Nevada land owner since 2000, agreed by email to establish a Nevada LLC called Ke Aloha, and to serve as the Managing Member of the Nevada limited liability company.

- 4 -

(Appendix Document 19-1 at pages RS49-RS56.  Mr. Rudolfsky even provided his New York home address to be filed with the Nevada Secretary of State for the Ke Aloha limited liability company. (Appendix, Document 19-1 page RS66 and RS102).  The Defendant Kim Rudolfsky, who was designated as the bookkeeper for the Ke Aloha joint venture, sent multiple "Ke Aloha" Shareholder's Reports to Plaintiff Max Ruhlmann in Las Vegas from her residence in New York. (Appendix, Document 19-1, pages RS69-RS94).  Mr. Rudolfsky wrote in an email, "Kim currently does all of the bookkeeping for HOD [House of Dreams] and can pay all house related bills as part of our management duties."  (Document 19-1, page RS51).

The Defendants take Mr. Sambold's email far out of context.  The details of the refinancing of the Ke Aloha joint venture properties was not determined at the time when the Plaintiffs and the Defendants agreed to the formation of the joint venture.  This is precisely why a Note and Deed of Trust were executed to secure the Plaintiffs' Five Hundred Fifty Thousand Dollar ($550,000) investment in the Ke Aloha joint venture.  A review of the Appendix Document 19-1 and the reports sent to Nevada by the bookkeeper, Defendant Kim Rudolfsky, (RS70-RS73; RS81-RS93) clearly point to the conclusion that the Plaintiffs were to be equity owners in the Ke Aloha property and the vacation rental business operated for the joint venture property.

The claims at issue in this case indeed arise out of Defendants' forum related activity, i.e., the formation of the Ke Aloha joint venture and the Defendants obtaining Five Hundred Fifty Thousand Dollars ($550,000) to purchase a valuable business property from Nevadan Max Ruhlmann and his business partner Eric Sambold following a January 2012 meeting in Las Vegas.  The Defendants' forum related activities are substantial and discovery will reveal just how much the Defendants have profited from their use of the Plaintiffs' Five Hundred Fifty Thousand Dollars ($550,000) joint venture investment.

The exercise of jurisdiction over the Rudolfskys is reasonable.  Mr. Rudolfsky is an owner of Nevada real property since 2000.  Both Rudolfskys directed voluminous

correspondence to Nevadan Max Ruhlmann to obtain the Five Hundred Fifty Thousand Dollars ($550,000) in joint venture investment capital from Mr. Ruhlmann and Mr. Sambold. Both Defendants met in person with the Plaintiffs in Las Vegas in January 2012 to seal the deal. The exercise of personal jurisdiction over Defendants by Nevada Courts is both reasonable and constitutional.

### D. INVOLVEMENT OF DEFENDANT KIM RUDOLFSKY.

The Rudolfskys now argue that this action should be dismissed on the grounds that Defendant Kim Rudolfsky is an indispensable party pursuant to Federal Rule of Civil Procedure 19(b). This argument was not raised in the initial Motion to Dismiss and thus not briefed in the Opposition. The argument fails factually because the Nevada Court has personal jurisdiction over Kim Rudolfsky by virtue of her purposeful actions as bookkeeper for the Ke Aloha joint venture which was agreed to be operated as Nevada limited liability company.

The Rudolfskys ignore the fact that Mrs. Rudolfsky was designated as the "bookkeeper" of the Ke Aloha joint venture and in her business capacity as bookkeeper for the Ke Aloha joint venture, sent shareholder's reports to Plaintiff Max Ruhlmann in Nevada. The shareholder's report constitute an admission which is binding on all Defendants that Mr. Ruhlmann owned an equity interest in the Ke Aloha joint venture. By acting as the bookkeeper of the Ke Aloha joint venture business entity, which was to function as a Nevada limited liability company, Mrs. Rudolfsky purposely availed herself of the benefits of transacting business in Nevada. Mrs. Rudolfsky is reasonably subject to the jurisdiction of the Nevada Courts for purposes of her involvement in the Ke Aloha joint venture. Mrs. Rudolfsky further utilized the funds of the Plaintiffs' Five Hundred Fifty Thousand Dollars ($550,000) to acquire valuable real property and business interests which she holds in her own name and profits from to this day.

...

...

...

## III

## CONCLUSION

The Motion for Discovery Stay should be denied.  Alternatively, written discovery should be allowed to begin at once.

DATED this 30th day of September, 2014.

By:   /s/ Elizabeth J. Foley
      Elizabeth J. Foley
      Nevada Bar No.: 1509
      601 So. Rancho Dr., Suite A-1
      Las Vegas, Nevada  89106
      *Attorney for Plaintiffs*

CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that on the 30th day of September, I caused the document entitled Opposition to Motion to Stay, to be served by electronically transmitting the document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing

      /s/ Debbie Skillin
      An Employee of Elizabeth J. Foley

- 7 -