OGONNA M. ATAMOH, ESQ.
Nevada Bar No. 7589
E-mail: oatamoh@nevadafirm.com
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
E-mail: tedwards@nevadafirm.com
NATHAN R. HENDERSON, ESQ.
Nevada Bar No. 13145
E-mail: nhenderson@nevadafirm.com
HOLLEY, DRIGGS, WALCH,
PUZEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:     702/791-0308

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MAX RUHLMAN and ERIC SAMBOLD,<br><br>Plaintiffs,<br><br>v.<br><br>GLENN RUDOLFSKY, individually and DBA HOUSE OF DREAMS KAUAI and HOUSE OF DREAMS HAWAII; KIM D. RUDOLFSKY, AKA KIM DAPOLITO, individually; and DBA HOUSE OF DREAMS KAUAI and HOUSE OF DREAMS HAWAII,<br><br>Defendants. | CASE NO.:     2:14-cv-00879-RFB-NJK<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY CASE** |

Defendants GLENN RUDOLFSKY ("Mr. Rudolfsky") and KIM D. RUDOLFSKY ("Mrs. Rudolfsky") (collectively "Defendants") by and through their undersigned counsel, hereby submit this Reply in Support of Defendants' Motion to Stay Case (the "Reply"). Defendants base this reply on the pleadings and records on file herein, the Points and Authorities set forth below and the oral argument of counsel, if any.

///

///

///

///

- 1 -

10304-01/1401642_2.doc

## POINTS AND AUTHORITIES

### A. A Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) is Necessarily a Dispositive Motion

Plaintiffs made the bizarre argument that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and *Forum Non Conveniens* (the "MTD") is not dispositive. A motion to dismiss a case, for any reason, is dispositive because if it is successful, it will dispose of a case in its entirety. See, e.g., PDG Los Arcos, LLC v. Adams, 436 Fed. Appx. 739, 743 (9th Cir. 2011) (recognizing a motion to dismiss as a dispositive motion). Parties are allowed to plead alternative defenses, such as lack of personal jurisdiction and *forum non-conveniens*. FRCP 8(d). Moreover, in listing the dispositive motions that warrant a stay, this Court has included both motions that challenge jurisdiction and motions that challenge venue. Solida v. United States Dep't of Fish & Wildlife, 288 F.R.D. 500, 502 (D. Nev. 2013) ("Common situations in which a court may determine that staying discovery pending a ruling on a dispositive motion occur when dispositive motions raise issues of jurisdiction, venue, or immunity."). There are no legitimate grounds to challenge the fact that Defendants' Motion to Dismiss is a dispositive motion.

### B. Discovery Is Unnecessary to Determine the Motion to Dismiss

Defendants have explained that discovery is not needed to determine their Motion to Dismiss, and Plaintiffs' never requested discovery in response to the Motion to Dismiss. In turn, Plaintiffs have argued (for the first time) that discovery is needed as to the cost of litigation in Hawaii and as to funds generated by the property at issue in this case (the "Property"). See, Plaintiffs' Opposition to Motion for Stay of Discovery (the "OMS") at 4. However, neither of these two issues has anything to do with personal jurisdiction. See, Greensupn v. Del E. Webb Corp., 634 F.2d 1204, 1207 (9th Cir. 1980) (setting out the standard for determining personal jurisdiction in this circuit).

Plaintiffs argue that written discovery should be allowed as to the question of the cost of litigation in Hawaii. See, OMS at 4. Written discovery, as with all discovery, can be expensive for the party forced to find correct and adequate answers. See, McGee v. Donahoe, 2:13-cv-1426-RFB-VCF, 2014 U.S. Dist. LEXIS 139489, *3 (D. Nev. 2014) ("It needs no citation of

10304-01/1401642_2.doc

1  authority to recognize that discovery is expensive."). Defendants have already provided a list of
2  eleven Hawaiian witnesses whose testimony will be necessary in this case and explained the
3  impact of those witnesses on costs. See, Declaration of Glenn Rudolfsky attached to Reply in
4  Support of Defendants' Motion to Dismiss as Exhibit "1" at ¶ 9; Motion to Stay ("MTS") at 11.
5  Additionally, Defendants have explained that the mortgage and note executed between Eric
6  Sambold ("Sambold") and Defendants are governed by Hawaiian law. See, MTS at 11. The
7  cost of litigation is only one of eight factors to be considered in deciding the convenience of
8  venue. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-499 (9th Cir. 2000). Even if
9  Defendants entirely miscalculated their assumptions as to costs, the other seven factors still argue
10 strongly in favor of dismissal or transfer on the basis of inconvenience. See, MTS at 11-12. The
11 discovery suggested by Plaintiffs will do nothing to address personal jurisdiction or the other
12 seven factors to be considered in deciding the convenience of venue. Plaintiffs are grasping at
13 straws to invent a need for discovery where none exists. The MTD can be easily decided without
14 any further discovery.

15     **C. The Motion to Dismiss is Likely to be Granted**

16     **1. There Are No Grounds for Nevada Jurisdiction Over Mrs. Rudolfsky**

17 Plaintiffs continue to assert personal jurisdiction over Mrs. Rudolfsky based upon her
18 alleged mailing of shareholder reports into Nevada. However, Plaintiffs failed to explain how
19 such mailings are relevant in light of the Ninth Circuit's holding that the "use of the mail,
20 telephone or other international communications simply do not qualify as purposeful activity
21 invoking the benefits and protection of the forum state." See, OMS at 5; Peterson v. Kennedy,
22 771 F.2d 1244, 1262 (9th Cir. 1985). The Seventh Circuit has explained that "[n]or do mailings
23 to shareholders support the exercise of individual jurisdiction. They simply are not the type of
24 purposeful contacts recognized as the transaction of business . . ." Young v. Colgate-Palmolive
25 Co., 790 F.2d 567, 570 (7th Cir. Ill. 1986); see also, Daniels v. Jenson, 2:11-CV-00298-ECR-
26 CWH, 2012 U.S. Dist. LEXIS 12477, *8 (D. Nev. Feb. 1, 2012) (finding that sending daily cash
27 flow reports to a shareholder in Nevada was insufficient to establish general jurisdiction).
28 ///

- 3 -

In fact, Mrs. Rudolfsky never sent any shareholder reports into Nevada. Plaintiffs have provided four quarterly reports which they claim support the idea that Mrs. Rudolfsky mailed reports into Nevada, however, all four reports were signed and sent by Mr. Rudolfsky and lack any indicia of being sent by Mrs. Rudolfsky. See, Appendix to the Opposition to the Motion to Dismiss at 62, 84, 89, 93.

Plaintiffs further argue that jurisdiction exists because Mrs. Rudolfsky allegedly acted as the bookkeeper for the Ke Aloha joint venture which they claim was a Nevada LLC. See, OMS at 6. However, even if the Court accepted that Mrs. Rudolfsky was the employee of a Nevada LLC, which she did not know existed, "the Court cannot acquire personal jurisdiction over employees based on their employers' forum activities." Klein v. Freedom Strategic Partners, LLC, 595 F.Supp.2d 1152, 1158 (D. Nev. 2009).

Plaintiffs next argue that "Mrs. Rudolfsky further utilized the funds of the Plaintiffs' Five Hundred Fifty Thousand Dollars ($550,000) to acquire valuable real property and business interests which she holds in her own name and profits from to this day." See, OMS to Stay at 6. Assuming that the allegation is true, the utilization of those funds occurred solely outside of Nevada, the acquisition of the Property was entirely outside of Nevada and the business interests which she allegedly holds are entirely outside of Nevada. None of these accusations are related to Nevada, let alone sufficient to establish jurisdiction in Nevada. Moreover, Plaintiffs do not dispute that Mrs. Rudolfsky is a necessary and indispensable party pursuant to Fed. R. Civ. P. 19(b). Because the Court lack's personal jurisdiction over Mrs. Rudolfsky, the entire case must be dismissed.

**2. There Are No Grounds for Nevada Jurisdiction Over Mr. Rudolfsky**

    **a. The Nevada LLC**

Plaintiffs give no explanation as to why this Court's holding that "membership in a single LLC or being a director of a single corporation may not constitute sufficient contact with Nevada" to establish jurisdiction should not apply to this case. Gala v. Britt, 2:10-cv-00079-RLH-RJJ, 2010 U.S. Dist. LEXIS 133429 (D. Nev. Dec. 15, 2010). Instead of addressing the relevant case law, Plaintiffs focus on trying to prove that the registration of Ke Aloha LLC,

- 4 -

1  which was completed with the signature of Plaintiffs' attorney, who inserted his signature in the
2  place of Mr. Rudolfsky's signature, was done with Mr. Rudolfsky's implied consent.  See, Initial
3  List of Managers or Managing Members attached to the MTD as Exhibit "F"; OMS at 4-5.
4  Plaintiffs have not presented any power of attorney allowing their attorney to sign on Mr.
5  Rudolfsky's behalf – because it does not exist.  Plaintiffs have not presented any communication
6  wherein Mr. Rudolfsky authorized Plaintiffs' attorney to sign on his behalf – because it does not
7  exist.  Plaintiffs have not presented any Articles of Organization signed or approved by Mr.
8  Rudolfsky, the purported managing member – because it does not exist.  See, Articles of
9  Organization attached to the MTD as Ex. "E".  Plaintiffs have failed to present any operating
10 agreement for the LLC, either executed or in draft form – because it does not exist.  Plaintiffs
11 have failed to produce any single document relating to the LLC bearing Mr. Rudolfsky's
12 signature precisely because his consent to the formation of the LLC is a fiction contrived to
13 fabricate jurisdiction where it does not actually lie.
14       Plaintiffs attempt to support their argument that Mr. Rudolfsky consented to the
15 formation of the LLC with the fact that Mr. Rudolfsky supplied his home address to Plaintiffs.
16 See, OMS at 4-5.  What is not mentioned is that the email where Mr. Rudolfsky provided his
17 address is dated May 23, 2012, just shy of four months before the filing of the LLC and includes
18 a request that Mr. Rudolfsky's New York attorney be able "to work on it."  See, Appendix to the
19 Opposition to the Motion to Dismiss at 66.  Mr. Rudolfsky's attorney was never given the
20 opportunity to review any LLC materials and Mr. Rudolfsky never gave his consent to the actual
21 formation of the LLC.  Plaintiffs also point to two communications from Mr. Rudolfsky where
22 the idea of a Nevada LLC is discussed tentatively, without any actual terms set out.  See, OMS at
23 6; Plaintiffs' Appendix to the Opposition to the MTD at 49-56.  Of those two communications,
24 only one is dated, giving a date six months before Ke Aloha LLC was actually registered and
25 includes *another* request by Mr. Rudolfsky that his New York attorney be allowed to write the
26 terms of any LLC.  See, Appendix to the Opposition to the Motion to Dismiss at 56.
27       Plaintiffs ignore the fact that a "membership in a single LLC or being a director of a
28 single corporation may not constitute sufficient contact with Nevada."  Gala v. Britt, 2:10-cv-

- 5 -

00079-RLH-RJJ, 2010 U.S. Dist. LEXIS 133429 (D. Nev. Dec. 15, 2010).  Instead, Plaintiffs make an unsustainable claim that general discussions of the possibility of a Nevada LLC with repeated requests for Mr. Rudolfsky's New York attorney to be allowed to prepare the paperwork demonstrates actual consent for Plaintiffs' attorney to create an LLC months after the communications.  Plaintiffs are wrong, both legally and factually, such that the MTD should be granted.

### b. The January 7, 2012 Lunch Meeting

Plaintiffs have confirmed in a pre-litigation email that no agreement was reached when Mr. Rudolfsky met with the Defendants on January 7, 2012 in Nevada (the "January 7th Meeting).  However, Plaintiffs *now* contend that this statement is taken out of context by arguing that only the refinancing of the purchase of the Property was not agreed to at that time.  See, OMS at 5.  Plaintiffs' new argument is undermined by their own email, in which they confirmed the parties "certainly **never agreed on any terms** and conditions **nor made any promises**." See MTD, Ex. G (emphasis added).  As Plaintiff Sambold explained, "in Vegas we were discussing things as adults do from time to time without making promises but simply with the intent of discussing options and ideas to see if we could come up with mutually beneficial ideas.  This process can be discribed [sic] as 'Spitballing' or 'Brainstorming'." See MTD, Ex. G.  Clearly, Plaintiffs' pre-litigation email is more trustworthy than Plaintiffs' new contention in this case.  As no agreements were reached in Las Vegas, Plaintiffs' claims cannot be said to "arise out of the defendant's forum-related activities."  Gray & Co. v. Firstenberg Machinery Co., 913 F.2d 758, 760 (9th Cir. 1990).

### c. Plaintiffs' Other Bases for Jurisdiction Over Mr. Rudolfsky Also Fail

Plaintiffs repeat the fact that Mr. Rudolfsky is a joint owner of his mother's unrelated Nevada home, without giving any explanation as to why that fact should establish jurisdiction. See, OMS at 5.  The U.S. Supreme Court has made clear that the ownership of property unrelated to the action in question is insufficient to establish jurisdiction.  See, Shaffer v. Heitner, 433 U.S. 186, 209 (1977).  Plaintiffs repeat their allegation that Mr. Rudolfsky sent correspondence to Ruhlman in Nevada without explaining why that correspondence should

- 6 -

1  "qualify as purposeful activity invoking the benefits and protection of the forum state" despite
2  the Ninth Circuit's ruling to the contrary.  See, Peterson, 771 F.2d at 1262.

### D.  **Plaintiffs Must Not Be Allowed to Use Forum Shopping as a Litigation Tactic**

Discovery in this case is unnecessary and would place an undue burden on Defendants. Defendants are of limited financial means and will be unable to meet the burden of financing Nevada attorneys to conduct discovery in Hawaii, regarding a transaction governed by Hawaii law, or to hire additional Hawaiian counsel for the purpose of discovery.  In fact, Plaintiffs have confirmed in an email that they strategically filed the lawsuit in Nevada with fees and costs as the motivating factor.  Plaintiff Sambold stated; "Now that he has a lawyer can we . . . file a lawsuit so he doesn't do it first in NY.  The way I see it if he files in NY we lose.  Even if we win we lose after fees and travel."  See, May 6, 2014 Email attached to MTS as Exhibit "A". Notably, Plaintiffs' Opposition completely ignores their own admission of forum shopping. Defendants should not be forced to conduct expensive discovery in a case that will likely be dismissed.

### CONCLUSION

Discovery should be stayed until a determination of the Motion to Dismiss is reached.  A motion to dismiss, whether on the grounds of lack of personal jurisdiction or *forum non conveniens* is clearly a dispositive motion as it will dispose of the whole case if granted.  No further discovery is needed for the Motion to Dismiss to be decided.  Plaintiffs' bases for asserting jurisdiction are inconsistent with the case law established in the Ninth Circuit and the District of Nevada.  As such, Defendants' Motion to Dismiss is likely to ultimately be granted.

///
///
///
///
///
///
///

10304-01/1401642_2.doc

For these reasons, this Court should grant Defendants' Motion to Stay.

DATED this <u>6th</u> day of October, 2014.

**HOLLEY, DRIGGS, WALCH,
PUZEY & THOMPSON**

<u>*/s/ F. Thomas Edwards*</u>
OGONNA M. ATAMOH, ESQ.
Nevada Bar No. 7589
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
NATHAN R. HENDERSON, ESQ.
Nevada Bar No. 13145
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that on the 6th day of October, 2014, I caused the document entitled DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY CASE, to be served by electronically transmitting the document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Elizabeth J. Foley, Esq. – Efoleylawyer@gmail.com

and to the following, via United States Mail, at the below-listed address:

Elizabeth J. Foley, Esq.
ELIZABETH J. FOLEY, LAWYER, LTD.
601 South Rancho Drive, Suite A-1
Las Vegas, Nevada  89106

*Attorney for Plaintiffs*

>                      /s/ Norma S. Moseley
>                      AN EMPLOYEE OF HOLLEY, DRIGGS, WALCH,
>                        PUZEY & THOMPSON

10304-01/1401642_2.doc