ELIZABETH J. FOLEY
NEVADA BAR 1509
ELIZABETH J. FOLEY LAWYER, LTD.
601 So. Rancho Drive, Suite A-1
Las Vegas, Nevada 89106
Phone: (702) 363-2323
Fax: (702)380-4035
Email: Efoleylawyer@gmail.com
*Attorney for Plaintiffs*

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 • Fax: (702) 380-4035

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAX RUHLMANN and ERIC SAMBOLD,<br><br>Plaintiffs,<br><br>v.<br><br>GLENN RUDOLFSKY, individually and DBA HOUSE OF DREAMS KAUAI and HOUSE OF DREAMS HAWAII; KIM D. RUDOLFSKY, AKA KIMI DAPOLITO, individually; and DBA HOUSE OF DREAMS KAUAI and HOUSE OF DREAMS HAWAII<br><br>Defendants. | CASE NO.: 2:14-cv-00879-RFB-NJK<br><br>**MOTION FOR DETERMINATION OF PERSONAL JURISDICTION AND CONVENIENT FORUM ISSUES** |

The Plaintiffs, Max Ruhlmann and Eric Sambold, by and through their counsel, ELIZABETH J. FOLEY, respectfully move this Court for an Order Determining the issues raised in the Motions filed by the Defendants on August 1, 2014. This Motion is based on the following Points and Authorities and any argument which may be adduced at the hearing of this Motion.

## I.

## INTRODUCTION

The Defendants herein, Glenn and Kim Rudolfsky, filed a lawsuit in Hawaii State Court on April 13, 2015, concerning property owned by the joint venture which brought suit in this Court on June 6, 2014. The Hawaii State Court Complaint is attached hereto as Exhibit 1.

Plaintiff to this action, Eric Sambold, filed a Motion to Dismiss and/or Stay the Complaint which was heard in the Hawaii State Court, on the island of Kauai, on June 18, 2015. The Hawaii State Court Judge stayed the new Hawaii action filed by Defendants pending disposition of the Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction and Forum Non Conveniens, which was filed on August 1, 2014 in the United States District Court, District of Nevada under Case No.: 2:14-CV-00879. The Hawaii Order is submitted herewith as Exhibit 2. The Hawaii State Court set a status hearing for August 27, 2015 in Lihue, Kauai.

## II.

## STATEMENT OF THE CASE

A Complaint and Jury Demand was filed in this Court by Max Ruhlmann and Eric Sambold against Glenn and Kim Rudolfsky on June 6, 2014. The diversity action involves Plaintiffs who are Nevada and California residents and Defendants who reside in New York but also own real estate in Nevada and Hawaii. The 2014 Complaint filed in this Court alleges six claims for relief:

1. Accounting for Profits of Joint Venture;
2. Breach of Joint Venture Agreement;
3. Specific Performance;
4. Unjust Enrichment;
5. Fraud in the Inducement; and
6. Breach of the Implied Covenant of Good Faith and Fair Dealing. (Document No. 4 filed 06/06/14).

The Rudolfskys were served with the diversity Complaint at their residence in New York on June 9, 2014. (Documents 32-33, Affidavits of Service). On August 1, 2014, the Rudolfsky Defendants filed a Motion to Dismiss Plaintiffs Complaint for Lack of Personal Jurisdiction and Forum Non Conveniens. (Document 14). The Plaintiffs filed an Opposition to Defendants'

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction and Forum Non Conveniens on August 28, 2014. (Document 21; Appendix Index, Documents 19-1; Affidavit Document 18-1). A Reply to Response to Motion was filed by the Rudolfsky Defendants on September 8, 2014. (Document 23).

Thereafter, the Rudolfsky Defendants filed a Motion to Stay Discovery. (Document 27). Mr. Ruhlmann and Mr. Sambold, the Plaintiffs, opposed the Motion for Stay of Discovery. (Document 28). The Magistrate Judge granted the Motion for Stay of Discovery on October 21, 2014. (Document 30). Discovery was stayed pending this Court's ruling on the Rudolfskys' Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction and Forum Non Conveniens which was filed on August 1, 2014.

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

On April 13, 2015, the Rudolfskys (Defendants in this case), filed a Complaint in Hawaii State Court concerning the joint venture and real property purchased by the parties joint venture. The Rudolfsky Complaint filed in Hawaii makes no mention of this case. The Rudolfsky Hawaii State Court Complaint is duplicative of the Complaint on file in this Court. The Rudolfsky Hawaii Complaint contains the following Causes of Action:

1. Declaratory Relief;
2. Injunctive Relief;
3. Breach of Contract; and
4. Breach of Implied Covenant of Good Faith and Fair Dealing.

(Complaint, attached hereto as Exhibit 1).

## III.

## STATEMENT OF FACTS

The Plaintiffs and Defendants met in Las Vegas, Nevada to form a joint venture, which they agreed would be called "Ke Aloha". During an in person visit to Las Vegas, Defendant Glenn Rudolfsky solicited investment funds from Plaintiffs Ruhlmann and Sambold in the

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

amount of five hundred fifty thousand ($550,000.00) dollars. Mr. Rudolfsky stated that he would not qualify for bank financing because his income as a New York commodities broker was viewed as speculative by banking institutions. (Exhibit 3).

For their investment of $550,000.00, Ruhlmann and Sambold were to obtain a fifty (50%) percent interest in a five acre income producing property on the island of Kauai (Ke Aloha), which the Rudolfskys were planning to purchase at a short sale. The purchase price of the property was one million twenty-five thousand ($1,025,000.00) dollars. (Exhibit 4). An additional seventy-five thousand ($75,000.00) dollars was to be used for furnishings and to place Ke Aloha into move in ready condition for vacation rentals. In exchange for their $550,000.00 investment, Sambold and Ruhlmann were entitled to a fifty (50%) percent ownership interest in the Ke Aloha income producing investment vehicle property which would be operated through a Nevada limited liability company named Ke Aloha, LLC. Mr. Ruhlmann and Mr. Sambold were each to own twenty-five (25%) percent of the Ke Aloha, LLC and would each be entitled to 25% of the profits of the joint venture. The investment vehicle property was to be funded in equal amounts to be provided by the Rudolfskys' fifty percent and Sambold and Ruhlmann's fifty percent. Distributions of the profits were to be paid quarterly to the members of the LLC proportionally based on their shares. Quarterly distributions were made until March 2014.

Mr. Sambold and Mr. Ruhlmann each agreed to purchase a twenty-five percent partnership interest in the five acre vacation rental with the Rudolfskys and forwarded the sum of $550,000.00 to the escrow established for the short sale in March 2012. On March 30, 2012, when the escrow closed, Mr. Rudolfsky advised his partners by email, "Gentlemen, we are now the proud owners of the Ke Aloha Estate. Let the fun begin..." (Exhibit 5).

Mr. Rudolfsky had advised Mr. Sambold and Mr. Ruhlmann that the title company would only allow Mr. and Mrs. Rudolfsky to be on title because they had bid on the property in their names alone. (Exhibit 6). Mr. Rudolfsky suggested that Mr. Sambold and Mr. Ruhlmann be placed upon the title to the five acre vacation rental property by quitclaim deed, but instead, it

was agreed that a mortgage would be placed which secured the $550,000 partnership investment until an LLC could be prepared which would hold title. (Exhibits 6-7).

Prior to forwarding the $550,000 to the title company, Mr. Sambold wrote to his partners confirming that, "This mortgage is simply a bridge until we have a formal structure like an LLC". (Exhibit 8, RS35). Mr. Sambold made it perfectly clear to Mr. Rudolfsky that "Neither Max [Ruhlmann] nor me are in this to lend money at 8%, we want to be in the vacation rental business". (Exhibit 8, RS36). Mr. Sambold specifically confirmed with Mr. Rudolfsky on March 13, 2012, "Glenn, as long as we have the understanding that we have a partnership interest and are not just providing a low interest loan, I see no problem in proceeding". (Exhibit 9, RS48).

Mr. Ruhlmann sent Mr. Rudolfsky numerous emails about establishing an LLC in March 2012. (Exhibit 10, RS39-40). Mr. Rudolfsky wrote "Good" on an email in which Mr. Ruhlmann listed "Form a Nevada LLC, (Ke Aloha LLC)" as one of the actions the partnership needed to take. (Exhibit 11, RS49). Mr. Rudolfsky supplied his New York residence address, social security number, and approved the name of the Nevada LLC. (Exhibit 12, RS64-68).

Mr. Rudolfsky submitted quarterly reports and checks for their partnership shares of 25% each to Mr. Sambold and Mr. Ruhlmann in 2012 and 2013. Even after trouble erupted in the partnership, Mr. Rudolfsky wrote, "Lastly, I really like having you guys as investors and partners". (Exhibit 7, RS104).

...

...

...

...

...

...

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

IV.

ARGUMENT

A. **<u>THE RUDOLFSKYS HAD SIGNIFICANT CONTACTS WITH NEVADA TO FAIRLY SUBJECT THEM TO THIS COURTS' JURISDICTION</u>.**

i) **<u>Mr. Rudolfsky's Ownership of Real Property in Nevada</u>.**

Mr. Rudolfsky has owned a residence in Nevada since 2000. (Document 19-1, pages 99-101). Mr. Rudolfsky visited the Nevada home which he owns in joint tenancy with his mother when he brought his family to Nevada for the January, 2012 meeting with Mr. Ruhlmann and Mr. Sambold. (Document 23-1, page 3, paragraphs 5-6).

The ownership of Nevada real estate alone was sufficient to confer jurisdiction over an out-of-state resident under Nevada's original long arm statute. The text of the original long arm statute, NRS 14.065 is contained in Plaintiffs' Appendix. (Document 19-1, pages 97-98).

The Nevada Legislature intended to broaden the basis for exercising jurisdiction in a civil action when the long arm statute was amended in 1993. The title of the Bill amending NRS 14.065 was, "An ACT relating to jurisdiction, broadening the basis for exercising jurisdiction over a party in a civil action." (Appendix, Document 19-1, page 97).

The simple language selected by the Nevada Legislature to broaden the long arm statute in 1993 is "A Court of this State may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the Constitution of this State or the Constitution of the United States". (Appendix, Document 19-1, pages 97-98).

ii) **<u>Meeting to Form Joint Venture</u>.**

Both Rudolfsky Defendants traveled to Las Vegas from New York for the only in person meeting of all the Plaintiffs and Defendants to the Ke Aloha Joint Venture. The meeting took



ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

place on January 6-7, 2012 in Las Vegas. Only after this critical meeting in Las Vegas did Mr. Sambold and Mr. Ruhlmann decide to actually invest $550,000 in the Ke Aloha five acre vacation rental property joint venture.

Mr. Rudolfsky proposed that the meeting to cement the joint venture be held in Las Vegas. Mr. Rudolfsky wrote to Mr. Ruhlmann, "I want to come to Vegas the weekend of January 5th and meet you and your partner. I wanted to bring Kim and two of my children so they can see their grandmother as well. I felt the best way for you and your partner to get to know Kim and I would be to meet us as a family. We too can get to know you in that setting. Please let me know if Eric would be willing to come in that weekend". (Exhibit 13). Mr. Rudolfsky believed in 2012 that Las Vegas was the most convenient venue for the business meeting concerning the formation of the joint venture.

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

iii) **Email Communications to Nevada.**

Prior to the January 6-7, 2012 meeting in Las Vegas, Nevada, Mr. Rudolfsky sent emails to Mr. Ruhlmann, who received all significant substantive emails in Las Vegas.

The solicitation dated back to 2011 emails, which Mr. Rudolfsky sent to Mr. Ruhlmann in Las Vegas, Nevada: Mr. Rudolfsky wrote to Mr. Ruhlmann on September 30, 2011 about becoming his partner on the five acre estate: "At this time I have 500K in cash that I want to invest. Financing the balance would be a challenge in the current mortgage environment. I would much prefer to have partners in this great and fun opportunity rather than go it alone... Please give it some consideration and let me know if this is something you would like to be involved in". (Exhibit 4). On October 6, 2011, Mr. Rudolfsky wrote to Mr. Ruhlmann, "I would need to have an idea of whether you would be interested only because I would not qualify for financing. As a commodity trader, banks regard my income as speculative, much like gambling and I believe it would be difficult. Let's talk soon..." (Exhibit 3).

During 2012, subsequent to the January meeting between all parties in Las Vegas, many

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

emails were exchanged concerning a bridge mortgage which was to secure the Plaintiffs' investment of five hundred fifty thousand ($550,000.00) dollars until the Nevada limited liability company could be established. Both Rudolfskys signed the bridge mortgage for $550,000.00 in New York on February 13, 2012. (Exhibit 14).

The following significant substantive emails were all sent to Mr. Ruhlmann in Nevada.

On February 6, 2012, at 2:23 p.m., Mr. Sambold sent an email to Mr. Rudolfsky stating, "This mortgage is simply a bridge until we have a formal structure like an LLC and have decided how the title will be held". (Exhibit 8).

On February 6, 2012 at 4:49 p.m., Mr. Sambold emailed to Mr. Rudolfsky, "Neither Max nor me are in this to lend money at 8%, we want to be in the vacation rental business". (Exhibit 8).

On February 6, 2012 at 3:45 p.m., Mr. Rudolfsky emailed Mr. Sambold, "I had though[t] we were just going to quitclaim you and Max onto the house at the closing". (Exhibit 8).

Mr. Sambold specifically wrote to Mr. Rudolfsky on March 13, 2012, "Glenn, As long as we have the understanding that we have a partnership interest and are not just providing a low interest loan, I see no problem in proceeding. Do we have a new closing date?" (Exhibit 9).

**iv) <u>Mr. Rudolfsky Agreed in Emails to the Formation of a Nevada LLC for the Ke Aloha Joint Venture</u>.**

Mr. Ruhlmann exchanged a series of emails with Mr. Rudolfsky which led to the formation of the Nevada Limited Liability Company which was entitled "Ke Aloha". Mr. Ruhlmann, from his computer in Las Vegas, sent Mr. Rudolfsky and Mr. Sambold an email on February 22, 2012 entitled "plans for Ke Aloha". Mr. Ruhlmann clearly stated, "Guys, I have written a draft of a memo for us to submit to the attorney so that he can create an LLC agreement for us." (Exhibit 10).

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

Further emails were exchanged which provided as follows:

On February 23, 2012 at 4:16 p.m., Mr. Ruhlmann asked Mr. Rudolfsky and Mr. Sambold, "Can you guys give me a quick approval to go ahead with the LLC? Any thoughts on the name?" (Exhibit 10). On February 27, 2012, Mr. Rudolfsky provided Mr. Ruhlmann his social Security number for the Nevada LLC employer identification number.

On March 13, 2012 at 5:28 p.m., Mr. Rudolfsky emailed Mr. Ruhlmann and Mr. Sambold stating, "Aloha Gentlemen, I have reviewed the LLC suggestions from Max and added my input as well. Kindly review my thoughts and share any opinions you have as well". (Exhibit 9).

Attached to Mr. Rudolfsky's March 13, 2012 email is the document drafted by Mr. Ruhlmann entitled, "Plans for Ke Aloha". The original "Plans for Ke Aloha" document is in black with Mr. Rudolfsky's comments in red. (Exhibit 11, RS 49-55).

Item No. 2 states, "Form a Nevada LLC (Ke Aloha, LLC) to which Mr. Rudolfsky's response is "Good". (Exhibit 11, RS 49-55).

Item No. 3 states, "Name Glenn as Manager and Glenn, Eric and Max as Members of the LLC". (Exhibit 11). Mr. Rudolfsky's response is "Good". (Exhibit 11, RS 49-55).

On May 23, 2012 at 1:12 p.m., Mr. Ruhlmann wrote, "Eric and Glenn please reply with the addresses you want listed within the LLC". (Exhibit 12). On May 23, 2012 at 1:27 p.m., Mr. Rudolfsky responded to Mr. Ruhlmann, "2825 Shore Dr., Merrick, NY 11566". (Exhibit 12).

v) **<u>Quarterly Reports Were Forwarded to Mr. Ruhlmann in Nevada From Defendant Kim Rudolfsky</u>.**

Mrs. Rudolfsky served as the bookkeeper for the joint venture. Besides attending the one in person meeting in Las Vegas on January 6-7, 2012, she prepared quarterly reports which she mailed to Mr. Ruhlmann in Las Vegas and to Mr. Sambold in California.

The Quarterly Reports are found in the Appendix filed herein as Document 19-1, pages

69-94. The Reports, prepared by Mrs. Rudolfsky, were received by Mr. Ruhlmann at his home in Las Vegas, Nevada.

**B. <u>FORUM NON CONVENIENS</u>**

<u>Nevada is the Most Convenient Forum for this Joint Venture Dispute</u>.

The Defendants agreed that "transfer to Hawaii Federal Court is proper under <u>28 USC 1404 (a)</u> and the common law doctrine of forum non conveniens. (Document 23, page 7, line 10-11). Rather than file a Motion with this Court seeking a <u>28 USC 1404 (a)</u> transfer or filing a federal case in Hawaii, the Defendants commenced a State Court action on the island of Kauai. The Defendants first sought and obtained a stay of Discovery in this case, and then engaged in forum shopping by filing the Kauai State Court action.

When the principals to this joint venture met in person, they chose Las Vegas as the most convenient venue for the January meeting. It was convenient for the Rudolfskys to fly their entire family from New York to Las Vegas, where Mr. Rudolfsky's mother resides in a home titled in his name. Mr. Sambold and his family could conveniently drive or fly from San Diego to Las Vegas for the meeting. Mr. Ruhlmann resides in Las Vegas so the meeting was convenient for him. Mr. Rudolfsky himself suggested Las Vegas as the place to form the joint venture. Litigation concerning the joint venture is most conveniently heard in this Court.

No one is suggesting that the joint venture dispute should be litigated in New York, which is the state of primary residence for the Defendants. The Rudolfskys executed the bridge mortgage in New York. (Exhibit 14).

The primary witnesses to this litigation are the four parties. Mr. Ruhlmann, Mr. Sambold, and Mr. and Mrs. Rudolfsky. As when they met in January 2012 to form the joint venture, Las Vegas is the most convenient central location for the depositions of the parties and

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

their trial testimony. The central issues to be litigated are: Mr. and Mrs. Rudolfsky's failure to pay Mr. Ruhlmann and Mr. Sambold and account for the profits of the joint venture; and Mr. and Mrs. Rudolfsky's efforts to reduce the Plaintiffs' one-half equity interest in the vacation rental property to the amount of their investment only.

In the Reply filed by the Defendants, (Document 23), proposed witnesses are listed who would not have knowledge germane to the joint venture dispute pled in the Complaint. Defendants list as witnesses the landscaper for the vacation rental property and a Realtor and contractor on a different property owned by Mr. Ruhlmann and Mr. Sambold. Plaintiffs would seek a protective order from discovery concerning the contractors, landscapers and Realtors on properties not part of the joint venture.

## V.

## CONCLUSION

The Defendants' Motion to Dismiss for Lack of Jurisdiction should respectfully be denied. It is constitutional for Nevada to assert civil jurisdiction over a resident of New York who owns real property in Nevada, arranged a meeting in Nevada for all parties to form a joint venture, and agreed to form a Nevada limited liability company (Ke Aloha) for the management of the joint venture. It is constitutional for Nevada to assert jurisdiction over Mrs. Rudolfsky, the bookkeeper for the joint venture who authored and mailed quarterly reports to Mr. Ruhlmann in Nevada.

The Defendants' Motion for Dismissal based upon Forum Non Conveniens should respectfully be denied. The Defendant should have timely filed a 28 USC 1404(a) transfer request should they have wished the case to be transferred to the U.S. District Court of Hawaii.

...

The most convenient Court for litigation of this joint venture dispute is this Nevada U.S. District Court. The Defendants' Motions should be denied and the Discovery Stay lifted.

DATED this 27 day of July, 2015.

By: [signature]
Elizabeth J. Foley
Nevada Bar No.: 1509
601 So. Rancho Dr., Suite A-1
Las Vegas, Nevada 89106
*Attorney for Plaintiffs*

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 • Fax: (702) 380-4035

CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that on the 27 day of July, 2015, I caused the document entitled Request for Oral Argument, to be served by electronically transmitting the document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

[signature]
An Employee of Elizabeth J. Foley