# EXHIBIT 1

FILED

KATHERINE A. CASWELL
Attorney at Law

2015 APR 13 PM 3: 00

Katherine A. Caswell        9473-0
4-831 Kuhio Hwy.
Suite 438 PMB 349
Kapa'a, Hawai'i  96746
Tel. No. (808) 255-6800
Fax No. (808) 387-4643

STH CIRCUIT COURT
STATE OF HAWAII
D. FUJII

CLERK_____

Attorney for Plaintiffs
GLENN RUDOLFSKY and
KIM RUDOLFSKY

## IN THE CIRCUIT COURT OF THE FIFTH CIRCUIT

## STATE OF HAWAI'I

| | |
|---|---|
| GLENN RUDOLFSKY and<br>KIM DAPOLITO RUDOLFSKY,<br><br>Plaintiffs,<br><br>vs.<br><br>ERIC R. SAMBOLD, as Trustee of the Eric R.<br>Sambold Trust dated September 1, 2002;<br>JOHN DOES 1-10; JANE DOES 1-10; DOE<br>PARTNERSHIPS 1-10, DOE<br>CORPORATIONS 1-10, DOE ENTITIES 1-10,<br>AND DOE GOVERNMENTAL UNITS 1-10.<br><br>Defendants. | CIVIL NO. 15-1-0051<br>(Other Civil Action)                    JRV<br><br>COMPLAINT; SUMMONS |

C:\Kat\Kat Work\Kat Firm\Case Files\Rudolfsky, Glenn & Kim - File No. 201500005\Complaint for Dec Action and Injunction.doc

## COMPLAINT

COME NOW Plaintiffs GLENN RUDOLFSKY and KIM DAPOLITO RUDOLFSKY

(hereinafter "Rudolfksy Plaintiffs"), by and through the undersigned counsel, and for

cause of action against the above-named Defendants allege and aver as follows:

I do hereby certify that this is a full, true
and correct copy of the original on file
in this office.

_____
Clerk, Circuit Court, Fifth Circuit

## I. PARTIES

1.      At all times material to this Complaint, Plaintiff GLENN RUDOLFSKY is and was a resident of the City of Kilauea in Kaua'i County, Hawai'i. At all times material to this Complaint, Plaintiff KIM DAPOLITO RUDOLFSKY is and was a resident of the City of Merrick in Nassau County, New York.

2.      Upon information and belief, Defendant ERIC R. SAMBOLD, as Trustee of the Eric R. Sambold Trust dated September 1, 2002 (hereinafter "Defendant Sambold"), is, and was at all times relevant to this Complaint, a resident of the City of San Diego in San Diego County, California.

3.      Defendants JOHN DOES 1 10; JANE DOES 1-10; DOE PARTNERSHIPS 1 10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10 and DOE GOVERNMENTAL UNITS 1-10 (hereinafter collectively referred to as "Doe Defendants") are persons or entities who are responsible to some degree for the acts, omissions, events and occurrences alleged herein, in some manner assumed the obligations which are the subject of the Complaint, in some manner proximately caused the damages that Plaintiffs have sustained, and whose true names, interests and capacities are presently unknown to Plaintiff or its attorney.  Plaintiffs have made a diligent and good faith effort to ascertain the true names, identities and capacities of these Defendants.

## II. JURISDICTION AND VENUE

4.      This action arises from Defendant Sambold's transaction of business and other actions within the State of Hawai'i and Plaintiffs' ownership, use and possession of real property in the State of Hawai'i. All events material to this Complaint occurred in

Kaua'i County in the State of Hawai'i, and within the jurisdiction of the Circuit Court of the Fifth Circuit, State of Hawai'i. See HRS §§ 603-1(1), 603-21.5(3) & 603.36(5).

### III. FACTS

5.     Plaintiffs presently own a fee simple interest in the real property located at 4781 B Kahiliholo Road, Kilauea, Kaua'i Hawai'i, 96754, Tax Map Key No. (4) 5-2-017-024 (hereinafter "Subject Property") by virtue of that certain Warranty Apartment Deed dated February 2, 2012 and recorded with the State of Hawai'i's Bureau of Conveyances (hereinafter "BOC") on March 30, 2012 as Document No. A-44720040.

6.     On or about March 30, 2012, Plaintiffs signed a Promissory Note (hereinafter "Note") for a loan of five hundred fifty thousand and 00/100 dollars ($550,000.00) from Defendant Sambold to finance their purchase of the Subject Property, which Note is secured by a Mortgage against the Subject Property dated February 14, 2012 and recorded with the BOC on March 30, 2012 as Document No. A-44720041 (hereinafter "Mortgage") (collectively, the "loan documents"). Plaintiffs agreed in the Note to repay Defendant Sambold the principal amount borrowed with interest at a rate of 6% per annum. Defendant Sambold is the current holder of the Note and the Mortgage.

7.     Plaintiffs made loan payments to Defendant Sambold, either directly or by and through one or more third parties at Defendant Sambold's request.

8.     In or about December of 2013, Plaintiffs' business relationship with Defendant Sambold began to deteriorate.

9.     In or about April of 2014, Defendant Sambold refused Plaintiffs' loan payments and continued to refuse them thereafter. Plaintiffs have therefore continued to make their payments into an escrow account.

3

10.     On or about February 26, 2015, Plaintiffs formally requested an accounting and a payoff quote from Defendant Sambold by and through their attorney in New York in order to be able to refinance the above-referenced loan.

11.     To date, Defendant Sambold has refused to provide Plaintiffs with an accounting or a payoff quote thereby preventing them from refinancing the loan on the Subject Property under more favorable loan terms.

## IV. CAUSES OF ACTION

### COUNT I: DECLARATORY JUDGMENT

12.     Plaintiffs reallege and incorporate herein by reference the allegations set forth in the above-numbered paragraphs.

13.     HRS § 632-1 provides that adverse parties in cases of actual controversy may obtain declaratory relief in the form of binding adjudications of right for "[c]ontroversies involving the interpretation of deeds, wills, other instruments of writing, statutes, municipal ordinances, and other governmental regulations[.]"

14.     Despite due demand, Defendant Sambold and/or individuals under his authority and within his control have refused and continue to refuse to provide Plaintiffs with a payoff quote so that Plaintiffs may refinance the Subject Property under more favorable terms.

15.     Plaintiffs request this Court enter judgment interpreting the loan documents and the applicable statutes; declaring and affirming Plaintiffs' right to pay off the Note; and declaring Defendant Sambold as being in violation of the loan documents and Hawai'i State law in withholding a payoff quote as set forth herein.

4

## COUNT II: INJUNCTIVE RELIEF

16.     Plaintiffs reallege and incorporate herein by reference the allegations set forth in the above-numbered paragraphs.

17.     Plaintiffs are entitled to enforce the provisions of the loan documents under the terms of the loan documents and Hawai'i State law.

18.     Plaintiffs seek mandatory injunctive relief compelling Defendant Sambold to provide a complete accounting of all payments received either directly or by any third parties on Defendant Sambold's behalf.

19.     Plaintiffs seek further mandatory injunctive relief requiring Defendant Sambold to provide a payoff quote and to accept payment of the outstanding balance of Plaintiffs loan.

20.     Plaintiffs further seek mandatory injunctive relief compelling Defendant Sambold to record a satisfaction of mortgage within the time prescribed by Chapter 506, Hawai'i Revised Statutes.

## COUNT III: BREACH OF CONTRACT

21.     Plaintiffs reallege and incorporate herein by reference the allegations set forth in the above-numbered paragraphs.

22.     Defendant Sambold entered into an express, contractual relationship with Plaintiffs when it executed the loan documents.

23.     Defendant Sambold breached the express and/or implied terms of the loan documents when it began refusing to accept Plaintiffs' loan payments.

5

24.     Defendant Sambold breached the express and/or implied terms of the loan documents when it refused to provide Plaintiffs with an accounting and payoff quote for their mortgage loan.

25.     As a direct, proximate, and foreseeable result of such breach, Plaintiffs have suffered damages in an amount to be shown at trial, as they have been unable to refinance their mortgage loan under more favorable terms.

## COUNT IV: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

26.     Plaintiffs reallege and incorporate herein by reference the allegations set forth in the above-numbered paragraphs.

27.     Defendant Sambold owed Plaintiffs a duty to exercise good faith and fair dealing.

28.     Defendant Sambold breached its duty of good faith and fair dealing by refusing to accept Plaintiffs' loan payments.

29.     Defendant Sambold breached its duty of good faith and fair dealing by refusing to provide Plaintiffs with an accounting and a payoff quote for their mortgage loan.

30.     As a direct, proximate, and foreseeable result of such breach, Plaintiffs have suffered damages in an amount to be shown at trial, as they have been unable to refinance their mortgage loan under more favorable terms.

## VI. CONCLUSION

WHEREFORE, Plaintiffs pray for the following relief:

6

A. That process issue out of this Court summoning all Defendants to appear herein and to answer this Complaint as provided by law.

B. Upon a hearing had herein, if Plaintiffs so move, Plaintiffs be granted declaratory relief in the form of a declaratory judgment:

    a. interpreting the loan documents and the applicable statutes;

    b. declaring and affirming Plaintiffs' right to pay off the Note; and

    c. declaring Defendant Sambold as being in violation of the loan documents and Hawai'i State Law by withholding a payoff quote and refusing payment as set forth herein.

C. Upon a hearing had herein, if Plaintiffs so move, Plaintiffs be granted injunctive relief:

    a. compelling Defendant Sambold to provide Plaintiffs with a complete accounting of all payment received either directly or by any third parties on Defendant Sambold's behalf,

    b. compelling Defendant Sambold to provide Plaintiffs with a payoff quote, and to accept payment of the outstanding balance of Plaintiffs' loan,

    c. upon payment in full of Plaintiffs' loan, compelling Defendant Sambold to record a satisfaction of mortgage within the time prescribed by Chapter 506, Hawai'i Revised Statutes.

D. That judgment be entered in Plaintiffs' favor and against Defendant Sambold for all remaining claims for damages in an amount to be proven at trial.

7

E.    That Plaintiffs be granted all costs and expenses, including reasonable attorney's fees, costs, and any and all other expenses incurred in enforcing the loan documents under Hawai'i State law;

F.    That Plaintiffs have such other and further relief as this Court may deem just and equitable.

DATED: Kapa'a, Hawai'i, _____April 13, 2015_____.


_____
KATHERINE A. CASWELL

Attorney for Plaintiffs
GLENN RUDOLFSKY and
KIM RUDOLFSKY