# EXHIBIT 14

# MORTGAGE

## KNOW ALL MEN BY THESE PRESENTS:

That GLENN RUDOLFSKY and KIM RUDOLFSKY, husband and wife, whose mailing address is ██████████████ (hereinafter called the "Mortgagor"), in order to secure that certain Promissory Note dated February _____, 2012, in favor of ERIC R. SAMBOLD, Trustee of the Eric R. Sambold Trust dated September 1, 2002, whose mailing address is ████████████ ██████████████ (hereinafter called the "Mortgagee"), in the principal amount of FIVE HUNDRED FIFTY THOUSAND AND 00/100 DOLLARS ($550,000.00), and all renewals, extensions, modifications, amendments and refinancings thereof (hereinafter called the "Note"), and also the repayment of any and all other indebtedness now or as may hereafter be or become owing by the Mortgagor to the Mortgagee, does hereby mortgage, grant, convey, assign, transfer and deliver unto the Mortgagee, his successors and assigns, the property more particularly described in Exhibit "A" attached hereto and made a part hereof, subject, however, to any encumbrances which may be noted therein.

TOGETHER WITH all buildings and other improvements now or hereafter located on the property described in Exhibit "A" and all other goods now owned or hereafter acquired which are or are to become in any manner physically attached to the land or any such improvements, and all additions, accessions and substitutions to any or all of the foregoing, all of which are and shall be a portion of the security for the indebtedness hereby secured.

AND TOGETHER ALSO WITH all rights, easements, tenements, privileges, hereditaments and appurtenances belonging or appertaining to the subject property and the reversions, remainders, rents, issues, profits and proceeds thereof, and all of the estate, right, title and interest of the Mortgagor, both at law and in equity, therein and thereto and all further or additional estates, title or interests which may hereafter be acquired by the Mortgagor in and to the property described in Exhibit "A", all of which are hereinafter referred to as the "Mortgaged Property".

TO HAVE AND TO HOLD the same unto the Mortgagee, forever, with respect to all property held in fee simple or otherwise without time limitation and for the unexpired term of any property held under lease or grant for a term.

THE MORTGAGOR WARRANTS TO AND AGREES WITH THE MORTGAGEE that the Mortgagor is the lawful owner in fee simple of any land hereby mortgaged and is the owner absolutely of all personal property which may be hereby mortgaged; that the Mortgagor has good right and lawful authority to encumber, sell, assign and convey the Mortgaged Property; that the Mortgaged Property is free from all encumbrances except as may be specifically described herein; that the Mortgagee shall quietly enjoy and possess the Mortgaged Property and that the Mortgagor will warrant and defend the same unto the Mortgagee against any and all lawful claims of all persons, except as aforesaid.

PROVIDED, HOWEVER, that if the Mortgagor shall pay all indebtedness secured by this Mortgage pursuant to the Note to the Mortgagee, the terms of which Note are incorporated herein and by reference made a part hereof, and shall discharge any and all other obligations that now are or may hereafter be or become owing directly or contingently by the Mortgagor to the Mortgagee on any and every account, whether or not the same are mature, of which obligations the records of the Mortgagee

shall be prima facie evidence and which obligations are and shall be secured as an additional charge against all the property hereby mortgaged, and shall observe and perform all of the covenants and conditions of this Mortgage and shall pay the costs of its release, THEN THESE PRESENTS SHALL BE VOID.

BUT IN THE EVENT OF DEFAULT in the timely payment of any amount required under the Note or any part thereof, or in the payment of any other indebtedness secured hereby, or in the repayment of any disbursement authorized by the terms of this Mortgage and actually made by any holder of the same; or in the event of default in the performance or observance of any covenant, condition or agreement contained in this Mortgage or in the Note, or in the performance or observance of any other obligation hereby secured and such default shall continue for a period of thirty (30) days after the Mortgagee shall have given the Mortgagor written notice of the default; or if the Mortgagor then holding title to all or any part of the Mortgaged Property (or any of them if there be more than one) shall be adjudicated a bankrupt or shall file any petition or answer seeking relief as a debtor under any law for the relief or aid of debtors, or shall enter into any arrangement or composition with creditors; or if a receiver shall be appointed with respect to the property herein described; or if the Mortgaged Property or any part thereof shall be seized or levied upon under any legal process or under claim of legal right; then in each such event the whole amount of all indebtedness owing by or chargeable to the Mortgagor under this Mortgage or intended to be secured hereby shall, at the option of the Mortgagee, become at once due and payable without notice (any provision or terms thereof to the contrary notwithstanding) or demand, and any delay or failure on the part of the Mortgagee to demand such payment shall not prejudice the right of the Mortgagee thereto. In each such event, with or without foreclosure, the Mortgagee shall have the immediate right to receive and collect all rents, income and profits from the Mortgaged Property whether then due or accrued or to become due without liability for any loss which may arise for uncollectible rents so long as the Mortgagee acts with ordinary prudence, and all rents, income and profits are hereby assigned to the Mortgagee absolutely and not as security for so long as this Mortgage remains in effect, provided that the Mortgagor may collect the rents, income and profits so long as it is not in default hereunder; and the Mortgagee may, in the sole discretion of the Mortgagee, foreclose this Mortgage either by civil action with the immediate right to the appointment of a receiver on ex parte order without bond and with the power to collect all rents, income and profits, or enter into or terminate leases and otherwise manage and operate the Mortgaged Property pending foreclosure, or by advertisement and sale, with or without entry and possession, either as a whole or in parcels, portions or units, and on such terms as to payment, credit and security for payment as the Mortgagee may approve, at public auction in the Island and County of Maui, State of Hawaii, unless at the time of such sale the law requires, notwithstanding this provision, that the sale be held elsewhere, in which event such sale shall be held wherever required by such law, and may, either in the name of the Mortgagee or as the attorney-in-fact of the Mortgagor, give valid receipts for the purchase money and effectually assign, transfer and convey the Mortgaged Property so sold to a purchaser or purchasers absolutely and forever or by any other method then provided by law. Foreclosure in any manner shall forever bar the Mortgagor and all persons claiming under the Mortgagor from all right and interest in the property, notwithstanding any provision of law to the contrary now existing or hereafter enacted, the Mortgagor expressly waiving the benefits thereof. Any foreclosure sale shall not impair or affect the lien of this Mortgage on any portion of the Mortgaged Property remaining or any other remedy of the Mortgagee for the recovery of any indebtedness remaining after application of the proceeds of any foreclosure sale. Out of the proceeds of any foreclosure sale, the Mortgagee may deduct all costs and expenses of any remedy pursued, including attorneys' fees, and may pay and discharge any lien on the Mortgaged Property, either prior or junior to this Mortgage, and retain or be awarded all sums necessary to repay advances authorized hereunder and to satisfy all indebtedness of the Mortgagor to the Mortgagee whether or not then due, rendering to the Mortgagor the surplus, if any. If such proceeds shall be insufficient to discharge the same in full, the Mortgagee shall have any other legal recourse against the

- 3 -

Mortgagor for the deficiency. This Mortgage shall not prevent nor be deemed to prevent the Mortgagee from pursuing any remedy whatsoever it may have against the Mortgagor for the collection of the indebtedness hereby secured and interest thereon, and the Mortgagee may at its option pursue any other course, successively or concurrently, to collect the indebtedness and interest thereon and may resort to any other assets of the Mortgagor without first resorting to, and without prejudice to the right to later resort, to the Mortgaged Property pursuant to this Mortgage.

Notwithstanding any provision contained herein to the contrary, if Mortgagee invokes the power of sale form of foreclosure, Mortgagee shall: (i) mail Mortgagor a notice of sale; (ii) publish a notice of sale; and (iii) shall sell the Property at the time and place specified in the notice of sale. Mortgagee or Mortgagee's designee may purchase the Property at any sale under power of sale or judicial sale.

The proceeds of any sale shall be applied in the following order: (a) to all reasonable costs and expenses of sale, including, but not limited to, reasonable attorney's fees and costs of title evidence; (b) to all sums secured by this Mortgage; and (c) the excess, if any, to the person or persons legally entitled thereto. **IF THE PROCEEDS SHALL BE INSUFFICIENT TO DISCHARGE THE ENTIRE INDEBTEDNESS OF MORTGAGOR TO MORTGAGEE, THE MORTGAGEE MAY HAVE OTHER LEGAL RECOURSE AGAINST MORTGAGOR FOR THE DEFICIENCY.**

Until any default, the Mortgagor may hold and enjoy the Mortgaged Property and receive the rents, issues, income and profits therefrom.

THE MORTGAGOR HEREBY COVENANTS WITH THE MORTGAGEE THAT:

1. The Mortgagor will pay when due unto the Mortgagee all installments of principal and interest payable by the terms of the Note hereby secured, and all other indebtedness now or as may hereafter be or become owing by the Mortgagor to the Mortgagee on any and every account, together with interest thereon at the rate applicable thereto, all of which shall be paid in lawful money of the United States of America.

2. The Mortgagor will punctually pay and discharge when due and payable all taxes and assessments of every kind and nature that may be levied, assessed or imposed upon the Mortgaged Property or any part thereof or any interest therein or with respect to any indebtedness secured hereby notwithstanding any law imposing payment of the whole or any part upon the Mortgagee. The Mortgagor will, upon request, deposit the receipts therefor with the Mortgagee. Upon the breach of this covenant or the passage of any law imposing payment of the whole or any part of the foregoing taxes upon the Mortgagee or making this covenant legally inoperative or upon the rendering by any court of last resort of a decision that this covenant is legally inoperative, then and in any such event all indebtedness hereby secured shall immediately become due and payable notwithstanding anything to the contrary contained in this Mortgage or in the Note or other obligations secured hereby or in any law hereinafter enacted. The Mortgagor will also punctually pay all impositions, duties and charges of every other kind and description that may be levied, assessed or imposed upon the Mortgaged Property or any part thereof or any improvements thereon or income therefrom without any deduction from the indebtedness secured by this Mortgage.

3. The Mortgagor will keep the Mortgaged Property in good condition and repair and will not cause or permit any strip or waste or unlawful, improper or offensive use of the premises and will restore and replace all improvements now or hereafter on the premises damaged or destroyed by any

- 4 -

cause whatsoever.   The Mortgagor will also comply with all laws, rules and regulations made by governmental or private authority and applicable thereto.

4.      The Mortgagor will not create or suffer to be created any statutory or other lien or charge upon the Mortgaged Property or any part thereof or the income therefrom which shall be prior to, or on a parity with, the lien of this Mortgage, except liens of taxes or assessments not yet payable or payable without penalty so long as so payable; provided, however, that nothing contained in this paragraph shall be deemed to require the Mortgagor to pay or cause to be paid any tax, assessment or charge, or to satisfy any such lien, or to conform to any such term, covenant, condition or requirement so long as the Mortgagor, in good faith and by appropriate action diligently pursued, shall contest or cause to be contested the validity thereof (provided the security afforded by this Mortgage shall not thereby be subjected to any sale or reasonable probability of forfeiture or loss). The Mortgagor will not claim any credit on interest payable on the Note or on any other payments secured hereby for any portion of the taxes assessed against the Mortgaged Property and the provisions of any law entitling the Mortgagor to such credit are hereby expressly waived by the Mortgagor.

5.      No building or other property now or hereafter erected and covered by the lien of this Mortgage shall be removed or demolished without the prior written consent of the Mortgagee, except that the Mortgagor shall have the right, without such consent, to remove and dispose of, free from the lien of this Mortgage, such furniture, fixtures and equipment as from time to time may become worn out or obsolete, provided that either (a) simultaneously with or prior to such removal, any such furniture, fixtures or equipment shall be replaced with other furniture, fixtures or equipment of a value at least equal to that of the replaced furniture, fixtures or equipment and free from any security interest, chattel lien or other encumbrance and from any reservation of title, and by such removal and replacement, the Mortgagor shall be deemed to have subjected such furniture, fixtures or equipment to the lien of this Mortgage, or (b) any net cash proceeds received from such disposition shall be paid over promptly to the Mortgagee to be applied as a prepayment in accordance with the provisions of the obligations hereby secured.

6.      The Mortgagee shall have the right to enter and inspect the Mortgaged Property, and in the event of failure of the Mortgagor to pay, observe or perform any of the terms, covenants or conditions herein contained or contained in any lease, grant or other instrument referred to herein and on the part of the Mortgagor to be observed and performed, including, without limiting the generality of the foregoing, failure to keep the Mortgaged Property in good condition and repair, or to pay rent, taxes and assessments before the same become delinquent or any interest or penalty accrues thereon, or to effect insurance and deliver the policy or policies aforesaid, or in the event there exists or shall arise at any time any claim, lien or encumbrance on the Mortgaged Property or any part thereof, or in the event any statutory lien shall exist or arise on the Mortgaged Property or any part thereof, the Mortgagee may, without notice or demand and without prejudice to any other right herein contained, perform such term, covenant or condition, including making such repairs as may seem advisable to the Mortgagee, or paying such rent, taxes and assessments or effecting such insurance or paying such claims, liens, encumbrances or statutory liens, or make any other advances the Mortgagee in its discretion deems necessary to protect its security, and any and all sums so advanced shall be immediately due and payable, regardless of the validity of such costs of repair, taxes, assessments, insurance claims, liens, encumbrances or statutory lien, with interest thereon at the rate of interest then charged under the Note from the time of such advance.

7.      The Mortgagor shall maintain or cause to be maintained comprehensive general public liability and general property damage insurance naming the Mortgagee as an additional assured covering all claims for personal injury or death or property damage suffered by others occurring upon, in or about

any Mortgaged Property or upon, in or about adjoining streets and passageways. All such insurance shall be in such amounts and form as may from time to time be required by the Mortgagee and shall contain an agreement by the insurer that the insurance will not be cancelled or changed without at least ten (10) days prior written notice to the Mortgagee.

      8.    The Mortgagor shall keep all improvements now on or hereafter erected upon the mortgaged real property and all personal property subject hereto and any rentals derived from the Mortgaged Property insured against hazards of such types and in such amounts and in such forms of insurance as may be from time to time required by the Mortgagee, and except as may be otherwise required by the terms of any lease or instrument senior or prior to this Mortgage, the Mortgagor will cause all policies to be made payable in case of loss to the Mortgagee and will deliver such policies or certificates thereof issued by the insurers as collateral and further security for the payment of the indebtedness hereby secured. All such policies of insurance shall (i) be carried in the name of the Mortgagor (and the lessor under any lease hereby mortgaged, if such lease so provides), (ii) contain a standard mortgagee clause, and (iii) provide that the proceeds of any one loss shall be payable to the Mortgagee (unless any lease hereby mortgaged covering the insured property provides otherwise). All such policies shall also provide that the insurance shall not be invalidated as to the Mortgagee by any act or neglect of any person owning the property insured, or by any foreclosure or other proceedings, or notice of sale, or by any change in the title or ownership of the insured properties, or by occupation of any insured structures for purposes more hazardous than permitted by such policy. All such policies shall to the extent obtainable be without contribution and shall contain an agreement by the insurer that the policy shall not be cancelled or changed without at least ten (10) days' prior written notice to the Mortgagee. If the Mortgagor defaults in so insuring the Mortgaged Property or any portion thereof or in so delivering copies of the policies (or certificates therefor), the Mortgagee may, at the option of the Mortgagee, effect such insurance from year to year and pay the premiums therefor, and the Mortgagor will reimburse the Mortgagee on demand for any premiums so paid with interest from the time of payment at the rate of interest then charged under the Note, and the same shall be secured by this Mortgage. The Mortgagee shall not be responsible for securing such insurance or for the collection of any insurance monies or for the insolvency of any insurer or insurance underwriter. No lien upon any of such policies of insurance or upon any refund or return premium which may be payable on the cancellation or termination thereof shall be given to other than the Mortgagee, except by proper endorsement affixed to such policy and approved by the Mortgagee.

      The Mortgagor shall give immediate written notice of loss or physical damage to the Mortgaged Property to the Mortgagee and the Mortgagee may make proof of loss if it is not made promptly by the Mortgagor. Except as may otherwise be provided by law, all insurance proceeds on account of damage or destruction to any Mortgaged Property and all proceeds of any award payable to the Mortgagor for any Mortgaged Property taken by eminent domain which are received by the Mortgagee, less the cost, if any, incurred by the Mortgagee with respect thereto, but excluding proceeds of any rental value, use and occupancy or personal property insurance of the Mortgagor, shall be applied by the Mortgagee at its option to reduce the indebtedness secured hereby or toward the payment of the costs of repairing, restoring or rebuilding the Mortgaged Property so damaged or destroyed or taken (hereinafter referred to as the "work"). In the event the proceeds are applied to such work, they shall be paid out from time to time by the Mortgagee to the Mortgagor as the work progresses, but subject to such reasonable conditions as may be imposed by the Mortgagee, including but not limited to the following:

      (a)    In the event the estimated cost of the work shall exceed Fifty Thousand and 00/100 Dollars ($50,000.00), the work shall be in charge of an architect or engineer and before the Mortgagor commences any work, other than temporary work to protect property or prevent interference

with business, the Mortgagee shall have approved the plans and specifications for the work, which approval shall not be unreasonably withheld or delayed.

(b)     Each request for payment shall be made on seven (7) days' prior written notice to the Mortgagee and shall be accompanied by a certificate to be made by such architect or engineer, if one is required under subparagraph (a) of this paragraph, otherwise by the Mortgagor stating (i) that all of the work completed has been done in compliance with the approved plans and specifications, if any be required under clause (a), (ii) that the sum requested is justly required to reimburse the Mortgagor for payments by the Mortgagor to, or is justly due to, the contractor, subcontractors, materialmen, laborers, engineers, architects or other persons rendering services or materials for the work (giving a brief description of such services and materials), and that when added to all sums previously paid out by the Mortgagee does not exceed the value of the work done to the date of such certificate, and (iii) that the amount of such proceeds remaining in the hands of the Mortgagee will be sufficient on completion of the work to pay for the same in full (giving in such reasonable detail as the Mortgagee may require an estimate of the cost of such completion).

(c)     Each request shall be accompanied by a search prepared by a title company or licensed abstractor or by other evidence satisfactory to the Mortgagee that there had not been filed with respect to the Mortgaged Property any mechanic's or other lien or instrument for the retention of title in respect to any part of the work not discharged of record.

(d)     There shall be no default on the part of the Mortgagor under this Mortgage or the Note.

(e)     The request for any payment after the work has been completed shall be accompanied by a copy of any certificate or certificates required by law to render occupancy of the Mortgaged Property lawful.

If the Mortgagor shall procure any other insurance it shall likewise be made payable to and be claimed only by the Mortgagee, and if not made so payable, it may be recovered by the Mortgagee and be similarly applied. In the event of foreclosure or sale of the Mortgaged Property as herein provided, all interest of the Mortgagor in such insurance shall pass to the purchaser of the insured property.

9.     In the event of condemnation of the Mortgaged Property or any part thereof by paramount authority, whether or not the Mortgagor is in default hereunder at the time, all of any condemnation award to which the Mortgagor shall be entitled is hereby assigned by the Mortgagor to the Mortgagee, who is hereby authorized to demand, sue for, collect, receive and receipt for the same, and at the option of the Mortgagee to apply the net proceeds of same, less costs and expenses, either to reduce the indebtedness hereby secured or toward the cost of repairing, restoring or rebuilding the Mortgaged Property. Nothing herein contained shall prevent the Mortgagee from applying at any time the whole or any part of any proceeds referred to in this paragraph and received by the Mortgagee to the curing of any default under this Mortgage or the Note.

10.     In the event any of the Mortgaged Property is subject to an easement or other interest with respect to which the Mortgagor has specific conditions or obligations to observe or perform, the Mortgagor shall observe and perform all of such other conditions or obligations and will indemnify the Mortgagee against all actions, proceedings, costs (including attorneys' fees), demands and damages which may be incurred by reason of failure to do so. The Mortgagor further covenants with the Mortgagee not to amend cancel or terminate any grant of easement or other instrument creating an interest

subject hereto without the prior written consent of the Mortgagee. The Mortgagor will (a) promptly notify the Mortgagee in writing of any default by the Mortgagor under such instrument or of the occurrence of any event which, with the passage of time, would constitute a default thereunder; and (b) in case any proceeds of insurance upon the Mortgaged Property or any part thereof or the proceeds of any award for the taking in eminent domain of the Mortgaged Property or any part thereof are deposited with any person other than the Mortgagee, promptly notify the Mortgagee in writing of the name and address of the person with whom such proceeds have been deposited and the amount so deposited.

11.     Upon demand of the Mortgagee, the Mortgagor will pay monthly to the Mortgagee, in addition to payments of principal and interest payable under the Note or other indebtedness secured hereby, a sum equal to the taxes, assessments, rentals, if any, and insurance premiums next due with respect to the Mortgaged Property or any interest therein which are required to be paid by the Mortgagor (all as estimated by the Mortgagee), less all sums already paid therefor, divided, in each case, by the number of months to the date upon which each such tax, assessment, rental, if any, or insurance premium will become due and payable, such payments to satisfy to the extent thereof the obligations hereunder of the Mortgagor with respect to such payments. Such sums will be held by the Mortgagee, without interest, to pay such obligations before they become delinquent and the Mortgagee shall have the right to commingle such funds with other funds and use such funds for any purpose without liability to the Mortgagor, even though subsequent owners of the Mortgaged Property may benefit therefrom. If the total of the payments made by the Mortgagor to the Mortgagee with respect to taxes, assessments, rentals, if any, and insurance premiums shall be insufficient to pay them in full when due and payable, the Mortgagor shall pay any amount necessary to make up the deficiency on or before the due date. In the event of default hereunder, then and in any such event any such reserve funds held by the Mortgagee may be applied to any part of the indebtedness secured hereby and in refunding any part of the reserve funds may deal with whomever is then represented as the owner of the Mortgaged Property.

12.     Any and all advances made by the Mortgagee to or for the account of the Mortgagor after the date hereof, together with interest thereon, shall be secured by this Mortgage and all of the covenants and agreements of this Mortgage shall apply to such advances as well as to all other indebtedness secured hereby, whether or not at the time such advance or advances are made there shall be then any outstanding indebtedness owing by the Mortgagor to the Mortgagee, unless a release of this Mortgage shall have been executed by the Mortgagee prior to the time of such advance or advances.

13.     Upon the commencement of any proceedings to collect the indebtedness or disbursements secured hereby in whole or part, whether by foreclosure of this Mortgage or otherwise and whether or not such proceedings are subsequently abandoned, there shall become due, and the Mortgagor agrees to pay in addition to the costs and charges allowed by law, a reasonable sum as and for attorneys' fees as an additional indebtedness hereunder and which shall be secured hereby. The Mortgagor will also pay any amount the Mortgagee may incur or pay for any evidence of title subsequent to this date on any of the property covered hereby and this Mortgage shall secure payment thereof.

14.     The Mortgagee or any person in behalf of the Mortgagee may purchase at any foreclosure sale, and the purchaser shall not be answerable for the application of the purchase money. The Mortgagee shall have the right to enforce one or more remedies hereunder or any other lawful remedy the Mortgagee may have, successively or concurrently, without impairing the lien of this Mortgage or the remedies of the Mortgagee and the Mortgagee is hereby appointed the attorney-in-fact for the Mortgagee for the purpose of demanding, collecting (by civil action or otherwise), receiving and accepting for rents, issues, income and profits from the Mortgaged Property, compromising and settling claims for rent on terms it deems appropriate, entering into, renewing or terminating leases or subleases and transferring title to the

- 8 -

Mortgaged Property upon foreclosure or sales. The Mortgagee shall have the right and is hereby expressly authorized to make application of any payments made to it, or any rents, income and profits collected by it upon any indebtedness of the Mortgagor to the Mortgagee as provided herein regardless of the date thereof. The Mortgagee's acceptance of any payment shall not be deemed a waiver of any default of the Mortgagor then existing, except to the extent cured by such payment, nor as a waiver of any right to declare all indebtedness secured hereby at once due and payable because of any default then existing and not cured by such payment.

15.     In the event of a sale of the Mortgaged Property or any part or parts thereof by virtue of this Mortgage, the purchaser or purchasers shall have immediate and peaceable possession, and if the Mortgagor remains in possession after the effective date of such sale, such possession shall be construed as a trespass giving unto the purchaser all remedies conferred by law in such case.

16.     If, without the prior written consent of the Mortgagee (which consent may be withheld in the sole discretion of Mortgagee) any of the property subject to this Mortgage shall be sold, conveyed, assigned, encumbered, leased or transferred, including any transfer by way of agreement of sale or as security, by the Mortgagor to any other party, other than by will or intestate succession, then and in any such event all of the indebtedness hereby secured shall at once become due and payable at the option of the Mortgagee (any provision or term thereof to the contrary notwithstanding), and delay or failure on the part of the Mortgagee to demand such payment shall be without prejudice to the Mortgagee's rights hereunder. If the Mortgagor holding title to all or any part of the Mortgaged Property (or any of them if there be more than one) shall be a corporation, any sale, assignment, transfer (other than by will or intestate succession) or exchange of any of the shares of the capital or common stock of the Mortgagor, or any issuance of any new shares of stock of any class of such Mortgagor, or any merger or consolidation of such Mortgagor with or into any other corporation by which the shareholders of such Mortgagor immediately prior to such event (or their heirs or legatees) shall fail to own and control one hundred percent (100%) of the voting stock of such Mortgagor shall be deemed a conveyance or assignment of the Mortgagor's interest in the Mortgaged Property for purposes of this paragraph and shall require the prior written consent of the Mortgagee. The provisions of this paragraph shall constitute a continuing covenant or condition and any failure on the part of the Mortgagee to exercise its option to declare all indebtedness due and payable on the occurrence of any one event hereinabove mentioned shall not prejudice the right of the Mortgagee to declare the indebtedness hereby secured at once due and payable on the occurrence of any other event hereinabove mentioned.

17.     In the event the ownership of any interest in the Mortgaged Property in whole or part becomes vested in a person other than the Mortgagor, the Mortgagee may, without notice to the Mortgagor or any intervening successor, deal with a successor or successors in interest with reference to this Mortgage and the debt hereby secured in the same manner as with the Mortgagor without discharging or in any way affecting the liability of the Mortgagor or any successor or successors in interest hereunder or upon any indebtedness hereby secured, and the Mortgagor (and each of them if there be more than one) and any successor in interest to the whole or any part of the Mortgaged Property, hereby waive diligence, presentment, demand and notice of dishonor and consent to extensions of time, surrender or substitution of security, failure to apply deposit or other forbearance, without notice, with respect to any indebtedness hereby secured, such waiver or consent to be effective regardless of whether or not he, she, it or they is or are at such time the owner or owners of the Mortgaged Property.

18.     The Mortgagor, upon request, shall certify in a writing duly acknowledged to the Mortgagee or to any proposed assignee of this Mortgage, the amount of principal and interest then owing on this Mortgage and whether any offsets or defenses exist against the mortgage debt, within five (5) days

in case the request is made personally, or within ten (10) days after the mailing of such request in case the request is made by mail.

19.    Every requirement hereunder for the giving of notice, demand or request shall be deemed fulfilled when written notice, demand or request is personally served on one or more of the persons who shall at the time hold the record title to the Mortgaged Property, or on their heirs or successors, or is mailed by depositing it in any post office station or letter box, enclosed in a postpaid envelope addressed to such person or persons, or their heirs or successors, at his, their or its address last known to the Mortgagee.

20.    The Mortgagor will within five (5) days after written request from the Mortgagee execute alone or with the Mortgagee, and deliver, file and/or record any financing statements, mortgages or other instruments, and do such further acts as the Mortgagee may request to carry out more effectively the purpose of this Mortgage and to establish and maintain the lien hereof and the perfection of the security interests of the Mortgagee in the Mortgaged Property, including all renewals, additions, substitutions and improvements, and to protect the same against rights and interests of third parties. The Mortgagor will pay all expenses, including reasonable attorneys' fees, incurred by the Mortgagee, whether in litigation or otherwise, to sustain the lien or priority of this Mortgage, or to protect or enforce any of the Mortgagee's rights hereunder, or for any title insurance policy covering the Mortgaged Property, all such sums to be paid on demand, together with interest thereon at the rate of interest then charged under the Note from the date of demand, all of which shall be secured hereby.

21.    In the event of the existence at the date of this instrument or the adoption hereafter of any law of the United States of America or the State of Hawaii, or of any other taxing jurisdiction, which in any way shall impose a tax on mortgages or debts secured by mortgages to the end that directly or indirectly the Mortgagee shall be required to pay on account of this Mortgage, the Note or any other indebtedness secured hereby, a tax other than a tax on, according to, or measured by net income, or any existing franchise tax applicable to the Mortgagee, the Mortgagee may give at any time written notice to the Mortgagor that the Mortgagee elects to have the indebtedness secured by this Mortgage become due and payable six (6) months from the giving of such notice (if the indebtedness is not sooner due and payable) unless the Mortgagor, within the six-month period, shall agree in writing to pay the amount of such taxes. If the Mortgagor so agrees to pay the amount of such taxes, such agreement shall be deemed to be a covenant and obligation of the Mortgagor under this Mortgage for all purposes. If the Mortgagor fails to so agree, the indebtedness secured by this Mortgage shall become due and payable upon the last day of the six-month period. If at any time the Mortgagor's agreement to pay the amount of such taxes shall be prohibited by law or the payment of such taxes by the Mortgagor would make the transaction usurious, then the indebtedness secured hereby shall become due and payable six (6) months after the giving of written notice (if the indebtedness is not sooner due and payable) by the holder of this Mortgage and the Note secured hereby that it elects to have the indebtedness secured hereby become due and payable.

22.    With respect to any grant of easement or other instrument referred to herein and under which the Mortgagor has an estate or interest which is less than fee simple or absolute, the term "Mortgaged Property" and similar terms shall include such grant of easement or other instrument, and all the estate, right, title and interest of the Mortgagor in and to the property covered thereby and in and to all tenements, hereditaments, rights, easements, privileges and appurtenances belonging or in anywise appertaining to such property, and in and to all buildings, structures, fixtures and other improvements now on or which may hereafter be on such property. The terms "advances", "costs" and "expenses", whenever herein used, shall include reasonable attorneys' fees and recording fees whenever incurred.

- 10 -

The term "indebtedness" and similar terms as used herein shall mean and include all notes, loans, advances, interest, claims, demands, obligations and liabilities whatsoever, however arising, and whether owing by the Mortgagor (or any of them if there be more than one) individually or jointly with others, and whether absolute or contingent, liquidated or unliquidated and whenever contracted, accrued or payable. If there is more than one Mortgagor, all obligations hereunder shall be binding upon them jointly and severally. If the Mortgagor is married, the execution hereof by the spouse shall bind the spouse individually and constitute a quitclaim and release to the Mortgagee of all interest of the spouse in the Mortgaged Property by way of dower, elective share, curtesy, community property or otherwise. These presents shall be equally binding upon and inure to the benefit of the heirs, executors, administrators, successors and assigns of the Mortgagor and the Mortgagee, respectively, and shall be construed so that the use of the singular number shall include the plural number, the use of the plural number shall include the singular number, and the use of a pronoun of any gender shall include either or both of the other genders.

23.    This Mortgage is governed by and shall be construed in accordance with the laws of the State of Hawaii. In the event that any interest rate set herein or in the Note or in any other instrument of indebtedness hereby secured, or applicable to any other indebtedness hereby secured, together with any late charge, fees or other charges applicable thereto, shall be in excess of the permissible rate under any applicable usury statute or similar law governing maximum rates of interest, fees or charges, then such rate of interest and/or late charges, fees or other charges shall be reduced to the maximum permitted by law, anything herein or in the Note or other instrument to the contrary notwithstanding.

24.    THIS MORTGAGE CONSTITUTES AND THE MORTGAGOR ACKNOWLEDGES THAT IT HAS RECEIVED WRITTEN NOTICE THAT THE MORTGAGOR MAY PURCHASE ANY REQUIRED INSURANCE FROM AN INSURER OR AGENT OF THE MORTGAGOR'S CHOICE, SUBJECT ONLY TO THE MORTGAGEE'S RIGHT TO REJECT A GIVEN INSURER OR AGENT BASED ON REASONABLE STANDARDS, UNIFORMLY APPLIED, RELATING TO THE EXTENT OF COVERAGE REQUIRED AND THE FINANCIAL SOUNDNESS AND SERVICES OF THE INSURER OR AGENT.

24.    The Mortgagee agrees that whenever its consent or approval is required under the terms and conditions of this Mortgage, it will not withhold such consent or approval arbitrarily or unreasonably, and it will not charge any money for the granting thereof other than a reasonable fee for the processing of same, including but not limited to a reasonable attorney's fee.

IN WITNESS WHEREOF, the parties have caused this instrument to be duly executed this 14th day of February, 2012.

*Signature pages follow; the remainder of this page is intentionally left blank.*

_____
GLENN RUDOLFSKY

_____
KIM RUDOLFSKY

**Mortgagor**

STATE OF NEW YORK       )
                      )   SS:
COUNTY OF Nassau   )

On February 13, 2012, before me, Howard K. Pollack, Notary Public, personally appeared GLENN RUDOLFSKY and KIM RUDOLFSKY, who proved to me on the basis of satisfactory evidence to be the persons whose names are subscribed to the within instrument, which document consists of seventeen (17) pages, and acknowledged to me that they executed the same in their authorized capacity, and that by their signature on the instrument the persons, or the entity upon behalf of which the persons acted, executed the instrument.

I certify under **PENALTY OR PERJURY** under the laws of the State of New York that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public,
State of New York.

HOWARD K. POLLACK
NOTARY PUBLIC, State of New York
No. 4960063
Qualified in County of Nassau
Commission Expires 5-5-[illegible]

My commission expires: 5/5/14

- 12 -

ERIC R. SAMBOLD, Trustee

**Mortgagee**

STATE OF CALIFORNIA          )
                             )   SS:
COUNTY OF _San Diego_        )

     On February _15_, 2012, before me, _Veronica G. Rodriguez_, Notary Public, personally appeared ERIC R. SAMBOLD, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, which document consists of seventeen (17) pages, and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

     I certify under **PENALTY OR PERJURY** under the laws of the State of California that the foregoing paragraph is true and correct.

     WITNESS my hand and official seal.

VERONICA G. RODRIGUEZ
Commission # 1848841
Notary Public - California
San Diego County
My Comm. Expires May 12, 2013

Notary Public,
State of California.

My commission expires: _MAY 12, 2013_

- 13 -