ELIZABETH J. FOLEY
NEVADA BAR 1509
ELIZABETH J. FOLEY LAWYER, LTD.
601 So. Rancho Drive, Suite A-1
Las Vegas, Nevada 89106
Phone: (702) 363-2323
Fax: (702)380-4035
Email: Efoleylawyer@gmail.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAX RUHLMANN and ERIC SAMBOLD,<br><br>        Plaintiffs,<br><br>v.<br><br>GLENN RUDOLFSKY, individually and DBA HOUSE OF DREAMS KAUAI and HOUSE OF DREAMS HAWAII; KIM D. RUDOLFSKY, AKA KIMI DAPOLITO, individually; and DBA HOUSE OF DREAMS KAUAI and HOUSE OF DREAMS HAWAII<br>        Defendants. | CASE NO.: 2:14-cv-00879-RFB-NJK<br><br>**REPLY IN SUPPORT OF MOTION FOR DETERMINATION OF PERSONAL JURISDICTION AND CONVENIENT FORUM ISSUES** |

The Plaintiffs, Max Ruhlmann and Eric Sambold, by and through their counsel, ELIZABETH J. FOLEY, respectfully submit the following Reply and Points and Authorities and Declaration of Mr. Ruhlmann in support of their Motion for Determination of Personal Jurisdiction and Convenient Forum Issues filed herein on July 27, 2015.

**POINTS AND AUTHORITIES**

**I.**
**PRELIMINARY STATEMENT**

The Hawaii State Court entered an Order on July 22, 2015 staying the new case filed by the Defendants "pending the disposition of the pleading entitled Defendants' Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction and Forum Non Conveniens, which was filed on August 1, 2014 in the United States District Court, District of Nevada under Case No.:

2:14-cv-00879."

The Hawaii State Court properly deferred to this Court to allow this Court to first rule on Defendants' Motion filed on August 1, 2014. The Defendants' Motion filed August 1, 2014, requires an analysis of Nevada's long arm statute, NRS.14.065. The Hawaii Court recognized that this Court should be given the opportunity to rule on the Motion filed by the Defendants involving Nevada law. The Hawaii State Court simply stayed the Defendants' second case filed on April 13, 2015 in Hawaii State Court until August 27, 2015. Plaintiffs will seek to extend such stay beyond August 27, 2015.

It is the Defendants who chose not to wait for this Court to rule on its Motion, and filed a second action concerning the Ke Aloha vacation rental business in Hawaii State Court. The Defendants failed to inform this Court that they were filing a second action in Hawaii. The Defendants also failed to inform the Hawaii State Court of this related action.

The Plaintiffs were waiting patiently for this Court's ruling on the August 1, 2014 Motion filed by the Defendants when the Defendants took it upon themselves to file a new action in Hawaii State Court. The Hawaii State Court entered its stay on July 22, 2015 and Plaintiffs brought this Motion to the Courts attention by Motion filed July 27, 2015.

## II.

## LEGAL DISCUSSION

**A. PLAINTIFFS HAVE MADE THE REQUIRED PRIMA FACIE SHOWING OF JURISDICTIONAL FACTS.**

When a Motion to Dismiss for Lack of Personal Jurisdiction is based on written materials, as opposed to an evidentiary hearing, the Plaintiff need only make a prima facie showing of jurisdictional facts. Schwarzenegger v. Fred Martin Motor Company, 374 F.3d 797, (9th Cir 2004). Conflicts between the facts contained in the parties' affidavits must be resolved in

the Plaintiffs' favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.  A T and T vs. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir 1996).  Brown vs. Brown, (D. Nev. July 12, 2013); Advanced Vision Solutions vs. Lehman (D. Nev. 2015).

For purposes of this Motion, this Court should accept the representations contained in Plaintiff's Declarations and documentary exhibits as follows:

1. That the Plaintiffs invested five hundred fifty thousand ($550,000) dollars in a joint venture with Defendants to acquire a vacation rental property;

2. That the Defendants agreed to manage the vacation rental property for the benefit of the members of a Nevada limited liability company named "Ke Aloha";

3. That Mr. Rudolfsky agreed, in writing, to serve as the Manager of a Nevada limited liability company named "Ke Aloha";

4. That the mortgage was intended to be a temporary bridge financing until the property could be transferred to the LLC;

5. That the Plaintiffs were to own one-half of the equity in the Ke Aloha vacation rental property; and

6. That the Plaintiffs authorized Mr. Brebbia to form the Ke Aloha LLC based upon Mr. Rudolfsky's written consent to the formation of a Nevada LLC.

**B. THE RUDOLFSKYS' CONTACTS WITH KE ALOHA AFFORD NEVADA JURISDICTION.**

Mr. Rudolfsky agreed to become the Managing Member of a Nevada limited liability company named Ke Aloha.  He listed his Merrick, New York address for the LLC with the Nevada Secretary of State.  Thus, Mr. Rudolfsky is, or was, a Non Resident Manager of a Nevada limited liability company named Ke Aloha.  Mr. Rudolfsky has since 2012, exercised control over the Ke Aloha LLC assets and failed to account to the other members of the LLC, Plaintiffs Ruhlmann and Sambold, and distribute to Plaintiffs their share of the profits quarterly.

The Ke Aloha LLC is a Nevada citizen.  See  Quigley vs. C.P.R.R. Co., 11 Nev 350, 357

1  (1876). NRS 86.201(3) provides that a limited liability company is an entity distinct from its
2  managers and members. Mr. Rudolfsky is repudiating the Ke Aloha limited liability company
3  and usurping the business opportunities of the Ke Aloha LLC. By purposefully directing harm
4  toward a Nevada citizen, Ke Aloha LLC, non resident officers and directors, establish contacts
5  with Nevada and affirmatively direct conduct toward Nevada. Consipio Holding BV vs.
6  Carlberg, 128 Nev Adv 43, 282 P.3d 751 at 755 citing Trump vs. Eighth District Court, 109 Nev
7  at 700, 857 P.2d at 748 (1993). See also Levinson vs. District Court, 103 Nev 404, 742 P.2d
8  1024 (1987).

9       The Rudolfskys are directly harming Ke Aloha LLC and Mr. Ruhlmann, both of whom
10 are Nevada citizens. Every time the Rudolfskys rent out the Ke Aloha vacation home and do not
11 account to the other members of the LLC, they are harming both the LLC itself and Mr.
12 Ruhlmann in Nevada. Every quarter the Defendants have failed to distribute profits, they
13 damage both members of the Nevada LLC and the LLC itself. Mr. Rudolfsky, as Manager of Ke
14 Aloha LLC, and Mrs. Rudolfsky, as bookkeeper of Ke Aloha, have the requisite contacts with
15 Nevada to subject them to the jurisdiction of this Nevada Court.

16      This Court in HPEV, Inc. vs. Spirit Bear Limited, (D. Nev 2014), held that the officers
17 and directors of a Nevada Corporation who were residents of California, Oklahoma, Florida, and
18 Pennsylvania could properly be sued in Nevada without offending traditional notions of fair play
19 and substantial justice. Judge Dorsey in HPEV noted that "of particular importance in Nevada's
20 personal jurisdiction library is Consipio Holding, BV, vs. Carlbert, 128 Nev Adv Op 43, 282
21 P.3d 751 (2012)". This Court applied Consipio as requiring a reasonableness inquiry to be
22 applied to non resident officers and directors of a Nevada Corporation. The reasonableness
23 factors include the forum state's interest in adjudicating the dispute. Judge Dorsey found that
24 this Nevada Court had both an interest in adjudicating allegations of injury to a Nevada
25 Corporation and claims against management defendants.

26      Similarly, this Court has an interest in adjudicating claims involving injury to a Nevada
27 limited liability company, Ke Aloha and its Nevada member, Mr. Ruhlmann. Traditional notions
28

- 4 -

of fair play and substantial justice are not offended by this Court assuming jurisdiction over a Nevada LLC manager and Nevada real estate owner and the bookkeeper for a Nevada joint venture who also holds title to joint venture real estate which it was agreed would be managed through a Nevada limited liability company.

The Nevada Supreme Court decided the case of <u>Fulbright and Jaworski LLP vs. Eighth Judicial District Court</u> on February 5, 2015, 131 Nev Advance Op 5 (2015). The Nevada Supreme Court enunciated the <u>Consipio</u> test for a Nevada Court to exercise specific personal jurisdiction over a non resident defendant as follows:

> [t]he defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. The cause of action must arise from the consequences in the forum state of the defendant's activities, and those activities, or the consequences thereof, must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."

This Court found personal jurisdiction over a director of a Nevada corporation who allegedly stole an inversion of the health technology company in <u>Advanced Vision Solutions vs. Lehman</u>, (D. Nev. Jan. 26, 2015). Judge Gordon applied <u>Consipio Holding BV vs. Carlberg</u>, 282 P.3d 751 (2012) and concluded that a director of a Nevada corporation (who was denying that she ever accepted the director's position) had purposely directed activities at Nevada.

The Defendant Lehman, like the Rudolfskys, had visited Nevada to discuss the venture being litigated. Judge Gordon cited <u>Walden vs. Fiore</u>, 134 Sct 115, at 1122 (2014) for the proposition "physical entry into the state... is certainly a relevant contact." The Defendant in Lehman accepted a director position or at least acted as a director. Here, Mr. Rudolfsky accepted the position as manager of a Nevada LLC, "Ke Aloha". Mr. Rudolfsky, with Mrs. Rudolfsky's assistance, has managed the Ke Aloha property. In <u>Advanced Vision Solutions vs. Lehman</u> (D. Nev 2015), the Defendant had allegedly stolen from a Nevada Corporation. In the instant case, the Rudolfskys have converted the Ke Aloha property to their own benefit.

...

...

## C. A PRIMA FACIE CASE FOR JURISDICTION OVER THE RUDOLFSKY DEFENDANTS HAS BEEN MADE.

Prior to investing five hundred fifty thousand ($550,000) dollars in the "Ke Aloha" joint venture vacation rental business, the Plaintiffs forwarded to Mr. Rudolfsky numerous emails about establishing a Nevada limited liability company. Mr. Rudolfsky was advised by an email sent from Nevada by Mr. Ruhlmann on February 22, 2012, that enclosed was a draft of a memo to be submitted to the attorney so he can create an LLC agreement. (Document 36-10, page 2).

When Mr. Rudolfsky returned the "Plans for Ke Aloha" memorandum with the word "good" typed into Section Two, "Form a Nevada LLC", Plaintiff Ruhlmann directed his attorney, Jack Brebbia, to file the requisite documents to form the Nevada Ke Aloha LLC. See Declaration of Ruhlmann, Exhibit 1 hereto.

The Nevada Supreme Court has ruled that Nevada Courts could properly exercise personal jurisdiction over non resident officers and directors of a Nevada corporation who directly harm a Nevada corporation. Consipio Holding, BV, vs Carlbert, 128 Nev Adv Op 43, 282 P.3d 751 (2012).

Glenn Rudolfsky was the non resident manager and member of Ke Aloha, LLC (See Document 14-1, page 37 of 42). Mr. Rudolfsky has harmed and continues to harm Ke Aloha by diverting the corporate assets away from the other non manager members, Mr. Ruhlmann and Mr. Sambold, for the sole benefit of the Rudolfskys.

## D. THE RUDOLFSKYS SHOULD BE SUBJECT TO THE NEVADA JURISDICTION UNDER THE FACTORS SET FORTH IN THE *TRUMP* CASE.

In Trump vs. Eighth Judicial District Court, 109 Nev 687, 857 P.2d 740, at 749 (1993), the Nevada Supreme Court enumerated four factors which it considered important for determining the question of Nevada's personal jurisdiction over Donald Trump, another resident of New York. The four factors in the Trump case were:

1. Whether the Defendant owned any property in Nevada or has any interest in any

- 6 -

property in Nevada;

2. Whether the Defendant has physically entered the state of Nevada;

3. Whether the Defendant has conducted business in Nevada or engaged in any persistent course of conduct in Nevada; or

4. Whether the Defendant derives any revenues from Nevada.

Applying the four <u>Trump</u> factors to the Rudolfskys:

1. Mr. Rudolfsky indeed has an interest in property in Nevada. (Document 17.1.).

2. Mr. and Mrs. Rudolfsky physically entered the state of Nevada in January 2012 to meet with the Plaintiffs to form the Ke Aloha joint venture;

3. Mr. and Mrs. Rudolfsky have conducted business in Nevada by forming the Ke Aloha LLC and by forwarding quarterly reports concerning the Ke Aloha joint venture to Mr. Ruhlmann in Nevada;

4. Mr. and Mrs. Rudolfsky obtained five hundred fifty thousand ($550,000) dollars in revenue to purchase a vacation rental property, which they otherwise could not have purchased, by virtue of their business dealings in Nevada.

### E.   **MRS. RUDOLFSKY HAS THE REQUISITE CONTACTS WITH NEVADA.**

Mr. Rudolfsky holds title to the Ke Aloha joint venture property in her name along with Mr. Rudolfsky. She acts as bookkeeper for the Ke Aloha vacations rental. She assists Mr. Rudolfsky in the management of the joint venture property and acts as concierge for the guests of the joint venture property. Mrs. Rudolfsky prepared and mailed the quarterly reports to Mr. Ruhlmann in Nevada in 2013. Mrs. Rudolfsky attended one of the January 2012 meetings at which the joint venture was agreed upon in Las Vegas, Nevada. Mr. Rudolfsky had asked for more management fees for his wife when the parties began the argument which has led to this litigation. Mr. Rudolfsky acted as an agent for the Ke Aloha LLC by handling the bookkeeping for the Nevada LLC at Mr. Rudolfsky's request.

Mr. Rudolfsky's contacts with Nevada are attributable to Mrs. Rudolfsky under an agency

- 7 -

1  theory. See <u>Trump vs. Eight Judicial District Court</u>, 109 Nev 687, 857 P.2d 740, at 745-746

2  (1993). Nevada contacts can be attributed to either an individual agency theory or a limited

3  liability company agency theory. See also <u>GMBH vs. Eighth Judicial District Court</u>, 130 Nev.

4  Adv. Op. 40, 328 P.3d 1152 (2014). Presumably, it would be more convenient for Mrs.

5  Rudolfsky to participate in discovery and trial in Nevada which is only a five hour flight from her

6  school in New York, rather than in Hawaii, which is <u>twelve</u> hours away by air.

7      Plaintiffs would make every effort to accommodate her important job duties and would

8  conduct her deposition on a Saturday, if she so requests.

## F. THE DEFENDANT'S REQUEST THAT THIS MOTION BE STRICKEN SHOULD BE DENIED.

12      Federal Rule of Civil Procedure 12(f) permits only the striking of pleadings, not matters

13  in briefs. See Fed R. Civ. P 12(f) permitting the Court to "Strike from a pleading an insufficient

14  defense or any redundant, immaterial, impertinent, or scandalous matter." <u>HPEV, Inc. vs. Spirit

15  Bear Limited</u>, Case No.: 2:13-cv-01548-JAD-GWF at note 44.

16      This Motion was required to advise this Court of the Hawaii State Court Judge's stay.

17  The Hawaii State Court was respecting this Court and allowing this Court to rule on the

18  Defendants' Motion filed August 1, 2014.

19      The Defendants should have advised the Court of its intention to file an action in Hawaii

20  involving the Ke Aloha LLC joint venture property prior to even filing such action. The

21  Defendants should have promptly advised this Court of the stay in Hawaii, but failed to do so. It

22  was proper for the Plaintiffs to bring the stay to the Court's attention since the stay involves this

23  Court and the resolution of a Motion which Defendants filed before this Court.

24      The <u>HPEV</u> case was decided by another Judge of this Court on November 21, 2014,

25  which was after the briefing of Defendants' Motion filed August 1, 2014. The <u>Advanced Vision

26  Solutions, Inc. vs. Julia L. Lehman and Patrick Doyle</u>, case was decided in this Court on January

27  26, 2015. It was proper to bring these recent cases to the Court's attention. The Nevada

- 8 -

1  Supreme Court case of <u>Fulbright and Jaworski LLP vs. Eighth Judicial District Court</u> was only
2  decided on February 5, 2015 which is six months after the filing of Defendants' Motion.  The
3  request to strike should respectfully be denied.

### G. NEVADA IS THE MOST CONVENIENT VENUE FOR THIS JOINT VENTURE LITIGATION.

In joint venture business disputes, the main witnesses are the principals.  The four principals all reside closer to Nevada than Hawaii.  Mr. Sambold, who resides in Southern California has consented to the jurisdiction of Nevada by filing this action.  The Defendants, who reside principally in New York, may fly more quickly and inexpensively to Las Vegas than Hawaii.  They have family in Las Vegas, Mr. Rudolfsky's mother is a resident.

Defendants have listed Hawaii witnesses, mostly personal friends, who have little if any knowledge as to the issues at bar.  Defendants list witnesses having knowledge concerning a different property owned by the Plaintiffs in Hawaii.  A protective order will be sought as to these witnesses if the Defendants attempt to waste resources deposing such witnesses.

This case should respectfully remain in this Court.

### III.
### CONCLUSION

1. This Court should respectfully deny the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Forum Non Conveniens filed herein on August 1, 2014.

2. The Rudolfsky Defendants purposefully availed themselves of the benefits of Nevada by the following contacts:

   a. Mr. Rudolfsky solicited the Plaintiffs' investment of five hundred fifty thousand ($550,000) dollars by directing email correspondence to Mr. Ruhlmann in Las Vegas beginning in 2011.

   b. Mr. Rudolfsky proposed a Las Vegas meeting with the Plaintiffs in January 2012, which took place with the Plaintiffs where they met with both Mr. and Mrs. Rudolfsky.

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

1  Following the second day of Las Vegas meetings, the Plaintiffs and Mr. Rudolfsky shook hands
2  on the joint venture.

3        c. Mr. Rudolfsky agreed to the establishment of a Nevada LLC to operate a
4  vacation rental business for a five acre property on the island of Kauai, Hawaii.

5        d. Mr. Rudolfsky agreed to be the manager of the Nevada LLC and he and the
6  Plaintiffs were to be members.

7        e. The Nevada LLC was to hire Mr. Rudolfsky to manage, market, advertise, and
8  rent the property for vacations with Mr. Rudolfsky to bill the LLC at the rate of twenty (20%)
9  percent of the gross rental income.

10        f. Mr. Rudolfsky agreed to create a security interest in the vacation rental property
11  for the Nevada LLC.

12        g. Mrs. Rudolfsky was to pay all the house related bills as part of the Rudolfskys'
13  management duties for the Nevada LLC and act as concierge for the guests of the LLC and
14  provide information on all rentals of the property quarterly.

15        h. Mr. Rudolfsky agreed to pay a cash distribution to the members of the Nevada
16  LLC quarterly.  (Document 36-11, page 4 of 8).

17        i. Mr. Rudolfsky agreed that in the event of a sale of property, proceeds would
18  first pay existing liabilities of the Nevada LLC and then sale proceeds would be divided among
19  the members of the Nevada LLC proportionally based upon their shares.  (Document 36-11, page
20  6 of 8).

21        j. Mr. Rudolfsky agreed that vacation rents collected prior to the completion of
22  the final LLC documents would be considered as income to the Nevada LLC.  (Document 36-11,
23  page 7 of 8).

24        k. Mrs. Rudolfsky prepared quarterly reports in 2012 and the first half of 2013
25  and forwarded these reports to Plaintiffs in Nevada and California.

26        l. Mr. Rudolfsky sent voluminous emails to Mr. Ruhlmann in Las Vegas from
27  2011 through 2014.

28

The Motion for transfer of this case to Hawaii should respectfully be denied.

DATED this 21st day of August, 2015.

By:    s/s *Elizabeth J. Foley*
Elizabeth J. Foley
Nevada Bar No.: 1509
601 So. Rancho Dr., Suite A-1
Las Vegas, Nevada 89106
*Attorney for Plaintiffs*

CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that on the 21st day of August, 2015, I caused the document entitled Reply in Support of Motion for Determination of Personal Jurisdiction and Convenient Forum Issues, to be served by electronically transmitting the document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

   *s/s Debbie Skillin*
An Employee of Elizabeth J. Foley