1  OGONNA M. BROWN, ESQ.
   Nevada Bar No. 7589
2  E-mail: obrown@nevadafirm.com
   F. THOMAS EDWARDS, ESQ.
3  Nevada Bar No. 9549
   E-mail: tedwards@nevadafirm.com
4  HOLLEY DRIGGS WALCH
   FINE WRAY PUZEY & THOMPSON
5  400 South Fourth Street, Third Floor
   Las Vegas, Nevada 89101
6  Telephone:    702/791-0308

7  *Attorneys for Defendants*

8              **UNITED STATES DISTRICT COURT**

9                    **DISTRICT OF NEVADA**

| | |
|---|---|
| MAX RUHLMAN and ERIC SAMBOLD, | |
| Plaintiffs, | CASE NO.:   2:14-cv-00879-RFB-NJK |
| v. | **EMERGENCY MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS (UNOPPOSED)** |
| GLENN RUDOLFSKY, individually and DBA HOUSE OF DREAMS KAUAI and HOUSE OF DREAMS HAWAII; KIM D. RUDOLFSKY, AKA KIMI DAPOLITO, individually; and DBA HOUSE OF DREAMS KAUAI and HOUSE OF DREAMS HAWAII, | **AND** |
| | **DEFENDANTS' EMERGENCY REQUEST FOR EXTENSION TO FILE RESPONSIVE PLEADING (OPPOSED)** |
| Defendants. | |

Counsel of record for Defendants (individually, "Mr. Rudolfsky" and "Mrs. Rudolfsky" and collectively "Defendants"), Ogonna M. Brown, Esq. and F. Thomas Edwards and the law firm of Holley Driggs Walch Fine Wray Puzey & Thompson ("HDW" or "Counsel"), hereby submits this Emergency Motion for Leave to Withdraw as Counsel for Defendants (Unopposed) and Emergency Request for Extension to File Responsive Pleading (Opposed) (collectively the "Motion"), and moves this Court for leave to withdraw as counsel for Defendants pursuant to LR IA 10-6 and NRPC 1.16(b) and requests an extension of the deadline to file a responsive pleading. This Motion is based upon the memorandum of points and authorities set forth below, the Declaration and Certification of Ogonna M. Brown, Esq. (the "Brown Declaration"), attached hereto and incorporated herein by this reference as **Exhibit "A"**, and any oral argument which this Court may entertain.

10304-01/1458456_2.doc

Counsel declares that no hearing is presently set in this action and no trial date has been set. No parties have exchanged written discovery. On August 1, 2014, Defendants filed a Motion to Dismiss for Lack of Jurisdiction ("Motion to Dismiss") (See Dkt. No. 14). On September 23, 2014, Defendants filed a Motion to Stay Case (see Dkt. No. 27) and an Order Granting the Motion to Stay Case was entered on October 21, 2014 (see Dkt. No. 30). On January 30, 2015, Plaintiffs Max Ruhlman and Eric Sambold (the "Plaintiffs") filed a Request for Oral Argument (see Dkt. No. 31) in connection with Defendants' Motion to Dismiss filed herein on August 1, 2014 (see Dkt. No.14). On July 27, 2015, Plaintiffs filed a Motion for Determination of Personal Jurisdiction and Convenient Forum Issues (see Dkt. No. 36). On September 27, 2015, the Court entered an Order denying Defendants' Motion to Dismiss and served the Order on the parties on September 28, 2015 (see Dkt. No. 39). Presently, the deadline to answer the complaint is October 13, 2015.

Counsel therefore requests that this Court enter an Order granting Counsel leave to withdraw as counsel of record for Defendants. HDW has set forth justifiable good cause warranting relief for this Motion in the supporting Declaration of Ms. Brown. *See* Brown Decl. In addition, Counsel requests that Defendants' be given an extension of two (2) weeks after an order on the Motion is entered in order to file a responsive pleading and allow Defendants time to retain replacement counsel and prepare a responsive pleading. *See* Brown Decl., at ¶12.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Requesting leave of court to withdraw as counsel of record for any client is a serious and significant event. Counsel did not enter into this request lightly. At the same time, circumstances have arisen which are beyond the control of Counsel, which render continued representation of the Defendants unsupportable and which render withdrawal as counsel of record the best if not only possible course of action for both the Defendants and Counsel. Counsel fully believes that the facts set forth in the Argument below warrant, if not in fact dictate, that this Court grants the Motion. Counsel therefore believes that good cause exists for this Court to grant Counsel leave to withdraw as counsel of record for the Defendants pursuant to

LR IA 10-6 and NRPC 1.16. Defendants discharged HDW, have been actively looking for new counsel, and Defendants therefore request an extension of two (2) weeks after an order on the Motion is entered in order to allow Defendants time to retain replacement counsel to file a responsive pleading on Defendants' behalf.

### I.     ARGUMENT

#### A.     STANDARD FOR SEEKING LEAVE TO WITHDRAW AS COUNSEL OF RECORD.

Counsel must seek leave of court in order to withdraw as counsel of record for Defendants. LR IA 10-6(b) states that "[n]o attorney may withdraw after appearing in a case except by leave of court after notice served on the affected client and opposing counsel." LR IA 10-7(a) incorporates by reference the Model Rules of Professional Conduct (the "NRPC"), as adopted and as amended from time to time by the Nevada State Supreme Court. NRPC 1.16(a)(1) states that a lawyer must withdraw if discharged by the client. NRPC 1.16(b)(1) states that an attorney may withdraw from representing a client if: (1) "[w]ithdrawal can be accomplished without material adverse effect on the interests of the client;" (2) the "client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;" (3) the "representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;" or (4) "[o]ther good cause for withdrawal exists."

As demonstrated by the Brown Declaration, good cause exists for this Court to grant HDW leave to withdraw as counsel for Defendants, as (1) Defendants have discharged Counsel; (2) withdrawal can be accomplished with material adverse effect on the Defendants; (3) Defendants failed to fulfill obligations to Counsel despite reasonable warning; (4) the representation will result in an unreasonable financial burden; and (5) the lines of communication between Counsel and Defendants have broken down and irreconcilable differences exist between Counsel and Defendants.

#### B.     COUNSEL SHOULD BE ALLOWED TO WITHDRAW FROM THIS ACTION.

On September 29, 2015, immediately after entry of the Order denying the Motion to Dismiss, Counsel communicated with Defendants regarding the continued representation in this

case. *See* Brown Decl. As the lines of communication between Counsel and Defendants had broken down and irreconcilable differences exist between Counsel and Defendants, Defendants sought replacement counsel. Id. As of October 5, 2015, as Defendants were in the process of seeking replacement counsel and as a result, they required an extension of any pending deadlines to allow for retention of replacement counsel. Id. That same day, Counsel contacted opposing counsel, Elizabeth Foley, Esq., to advise that Counsel would be withdrawing from the case and to request the extension. Id. The dialogue with Ms. Foley continued through October 7, 2015, and Ms. Foley advised that she did not oppose withdrawal of Counsel, but that she could not grant any extension. Id. On October 8-9, 2015, Defendants directed Counsel to file a motion to withdraw and to request an extension to respond to the Complaint. Id. October 12, 2015, is a holiday and as a result, the deadline for Defendants to file a responsive pleading is October 13, 2015. Therefore, this Court should grant Counsel leave to withdraw as counsel of record for the Defendants herein.

Withdrawal of Counsel will not have a material adverse effect on Defendants. There are no immediate hearings or trial dates pending in this action which will be postponed should Counsel be permitted to withdraw. Neither is there any outstanding propounded discovery to which Defendants must respond, nor are any depositions currently scheduled. Id. Therefore, Counsel's request should therefore be granted pursuant to NRPC 1.16(a)(3); (b)(1); (b)(5); (b)(6) and (b)(7).

    **C.**    **DEFENDANTS SHOULD BE GRANTED AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT.**

Defendants seek the assistance from this Court to allow Defendants an extension of time for two (2) weeks after the order granting the Motion is entered, as Defendants need time to retain replacement counsel and to prepare a responsive pleading to the Complaint. As set forth in greater detail in the Brown Declaration, Defendants requested an extension in order to allow Defendants time to retain replacement counsel and file a responsive pleading to the Complaint. Defendants' request for an extension was made due to Defendants' inability to locate replacement counsel at the time as Mrs. Rudolfsky was in the midst of pre-surgical testing for

several hours on Thursday, October 1, 2015, and surgery on Friday, October 2, 2015, in connection with an ongoing medical condition.  Ms. Rudolfsky is currently on medication and under the care of her husband, Mr. Rudolfsky.

Defendants have identified and are currently in the process of retaining replacement counsel, and new counsel, once retained, will have to get up to speed on the case and prepare a responsive pleading to the Complaint.  In the meantime, and to avoid any delay, HDW is seeking to withdraw from the case as counsel and is requesting an extension of two (2) weeks after an order on the Motion is entered to allow Defendants retain replacement counsel and file a responsive pleading to Plaintiffs' Complaint.

### D. CONTACT ADDRESSES AND TELEPHONE NUMBERS FOR ALL AFFECTED PARTIES.

Pursuant to LR 7-5(d)(2)-(3), the last known addresses and telephone numbers of the Parties are as follows:

Counsel of Record for Defendants:
Ogonna Brown, Esq.
Holley, Driggs, Walch, Fine, Wray, Puzey & Thompson
400 South Fourth Street, Suite 300
Las Vegas, Nevada 89101
(702) 791-0308

Defendants
Address 1:   2825 Shore Drive
             Merrick, NY 11566
Address 2:   4781 B Kahiliholo Road
             Kilauea, Kauai, Hawaii 96754

Telephone:   (808) 755-5869

Counsel for Plaintiffs
Elizabeth Foley, Esq.
601 S Rancho Dr,
Las Vegas, NV 89106
(702) 363-2323

*See* Brown Decl., at ¶ 19.

### II. CONCLUSION

For the reasons stated above, HDW respectfully requests that this Court grant leave allowing HDW to withdraw as counsel of record for Defendants in this action and to allow

1 Defendants an extension of two (2) weeks after an order on the Motion is entered in order to
2 allow Defendants time to retain replacement counsel and file a responsive pleading to the
3 Complaint.
4       DATED this 9th day of October, 2015.

**HOLLEY DRIGGS WALCH**
**FINE WRAY PUZEY & THOMPSON**


  /s/ Ogonna M. Brown
OGONNA M. BROWN, ESQ.
Nevada Bar No. 7589
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that on the 9th day of October, 2015, I caused the document entitled MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS GLEN RUDOLFSKY, INDIVIDUALLY AND DBA HOUSE OF DREAMS KAUAI AND HOUSE OF DREAMS HAWAII; AND KIM D. RUDOLFSKY AKA KIM DAPOLITO, INDIVIDUALLY AND DBA HOUSE OF DREAMS KAUAI AND HOUSE OF DREAMS HAWAII and DEFENDANTS' REQUEST FOR EXTENSION TO FILE RESPONSIVE PLEADING, to be served by electronically transmitting the document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Elizabeth J. Foley, Esq. – Efoleylawyer@gmail.com

_____
AN EMPLOYEE OF HOLLEY DRIGGS WALCH
FINE WRAY PUZEY & THOMPSON

- 7 -

10304-01/1458456_2.doc