**HOWARD & HOWARD ATTORNEYS PLLC**
Jay Young, Esq.
Nevada Bar No. 5562
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Tel:  702 257-1483
Fax: 702 567-1568
jay@h2law.com
*Attorneys for Defendants*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| MAX RUHLMAN and ERIC SAMBOLD, | **CASE NO.:** 2:14-cv-00879-RFB-NJK |
| Plaintiffs, | |
| v. | |
| GLENN RUDOLFSKY, individually, and DBA HOUSE OF DREAM KAUAI and HOUSE OF DREAMS HAWAII; KIM D. RUDOLFSKY, AKA KIM DAPOLITO, individually; and DBA HOUSE OF DREAM KAUAI and HOUSE OF DREAMS, HAWAII, | **MOTION TO STRIKE MATTERS OUTSIDE THE PLEADINGS** |
| Defendants. | |

Defendants, Glenn Rudolfsky (hereinafter "Mr. Rudolfsky") and Kim Rudolfsky (hereinafter "Mrs. Rudolfsky") (hereinafter collectively the "Defendants"), by and through their undersigned counsel, hereby Move to Strike portions of Plaintiffs' Opposition to Defendants' Motion to Dismiss, Doc. 49 (hereinafter the "Opposition"), as it impermissibly refers to matters outside the pleadings in opposition to a motion to dismiss.  This Motion is based on the Points and Authorities set forth below and the oral argument of counsel, if any.

/ / /

/ / /

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

# POINTS AND AUTHORITIES

## I.   OVERVIEW AND RELIEF REQUESTED

Plaintiffs impermissibly pepper their Opposition with references to matters outside the pleadings. The purpose of a Motion to Dismiss under Rule 12(b)(6) is to consider the complaint, as written, to determine whether it states a claim upon which relief may be granted. Plaintiffs' reliance on matters outside the pleadings itself is a tacit admission that their complaint cannot survive the Motion to Dismiss. However, it is not appropriate for the Court to consider matters outside the pleadings when deciding a Motion to Dismiss.

The Court earlier appropriately allowed matters outside the pleadings when determining whether it had jurisdiction to hear this matter. Plaintiff has now attempted to bootstrap those documents into the instant motion; but courts have determined that although the Court could consider matters outside the pleadings for jurisdictional motions, or for motions for preliminary injunctions, it cannot thereafter use those same documents when deciding a motion under Rule 12(b)(6) for failure to state a claim. Defendants move to strike all matters not contained in or referenced by the Complaint in this matter, and ask the Court to decide whether Plaintiffs' Complaint itself states claims upon which relief may be granted without reference to the extra documents.

## II.   A REVIEW OF MATTERS OUTSIDE THE PLEADINGS REFERENCED BY PLAINTIFFS' OPPOSITION

The following chart identifies portions of Plaintiffs' Opposition which refer to matters outside the pleadings and which the Court should strike:

| Reference to Opposition | Content of the Matter Outside the Pleading |
|---|---|

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

| 1:27 – 2:3 | References to email correspondence submitted in opposition to the Motion to Dismiss for Lack of Jurisdiction. |
|---|---|
| 2:4-5 | "The terms of the joint venture agreement are set forth in many email writings and other written correspondence." |
| 3:1 – 5:8 | Detailing email and other correspondence allegedly between the parties from September 2011 through 2013. |
| 7:1-7 | Estimates of value of the property by outside documents. "[The email writings are sufficient to establish the terms of the parties['] agreement." |
| 7:10-13 | Allegation of the mortgage being a "bridge loan" until an LLC could be performed citing emails not contained in the complaint. |
| 7:15-21 | Allegation of the mortgage being a "bridge loan and statement of value of the property citing emails not contained in the complaint. |
| 7:21 – 8:13 | Several emails re: mortgage, quitclaim, partnership interest, and rental income. |
| 14:6 – 15:18 | Several emails re: the formation of an LLC, and the "Plans for Ke Aloha" memorandum. |
| Exhibit 2 to Opposition | Type-written note and copy of a May 27, 2014 check. |

## III.   LEGAL ARGUMENT

Fed. R. Civ. P. 12(d) requires that if

Matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

When matters outside the challenged document (in this case, the Complaint) are presented, the Court must either exclude the additional material and decide the matter based on the Complaint alone or convert it to a motion for summary judgment under Rule 56 and afford the Plaintiff the opportunity to present supporting materials. Friedl v. New York, 210 F.3d 79, 84 (2d Cir. 2000); see also Wright & Miller Federal Practice & Procedure, § 1366 (3d Ed.).

This Court retains discretion to exclude the consideration of matters outside the pleadings on a motion to dismiss under Rule 12(b)(6). Collins v. Palczewski, 841 F. Supp. 333, 334-35 (D. Nev. 1993) (citing Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3rd Cir. 1992); Isquith v. Middle South Utilities, Inc., 847 F.2d 186, 193 n. 3 (5th Cir.1988), cert. denied, 488 U.S. 926,

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

109 S.Ct. 310, 102 L.Ed.2d 329 (1988); <u>Fonte v. Board of Managers of Continental Towers Condominium</u>, 848 F.2d 24, 25 (2nd Cir. 1988); <u>see also</u> <u>Jackson v. Southern California Gas Co.</u>, 881 F.2d 638, 642 n. 4 (9th Cir. 1989) ("motion to dismiss is not automatically converted into motion for summary judgment whenever matters outside the pleadings happen to be filed with the court")).

Defendants hereby object to the Court considering any of the matters outside the pleadings. Those matters should be stricken and the Motion to Dismiss should be considered on the Complaint as written, in accordance with Rule 12(b)(6) and the cases interpreting the same.

## A. DEFINING WHAT CONSTITUTES "MATTERS OUTSIDE THE PLEADINGS"

As is noted by leading commentators, Wright & Miller:

> Most federal courts... have viewed the words "matters outside the pleading" as including any written or oral evidence introduced in support of or in opposition to the motion challenging the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings.

Wright & Miller <u>Federal Practice & Procedure</u>, § 1366 (3d Ed.) (citations omitted). Only materials which are a part of the complaint may be considered on a motion to dismiss. <u>See</u> <u>Branch v. Tunnell</u>, 14 F.3d 449, 453 (9th Cir. 1994) (overruled on other grounds by <u>Galbraith v. Santa Clara</u>, 307 F.3d 119 (9th Cir. 2002)); <u>see also</u> <u>Gibb v. Scott</u>, 958 F.2d 814, 816 (8th Cir. 1992) (any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings constituted matters outside the pleadings); <u>MacArthur v. San Juan</u>, 309 F.3d 1216, 1221 (10th Cir. 2002) (court should not look beyond the confines of the complaint itself in deciding motion to dismiss); <u>Schmitz v. Mars. Inc.</u>, 261 F.Supp.2d 1226, 1229 (D. Or. 2003) (citing <u>Cooper v. Pickett</u>, 137 F.3d 616, 622 (9th Cir. 1997) for the proposition that a Court must limit its review of the contents of the complaint itself on a motion to dismiss); <u>Biospherics, Inc. v. Forbes, Inc.</u>, 989 F.Supp. 748,

749 (D. Md. 1997) (generally, when documents not appended to the complaint are submitted to the court, the documents are either stricken or the motion is converted to summary judgment with proper notice given); <u>Schoolhouse, Inc. v. Anderson</u>, 2001 WL 1640081, 6 (D. Minn).   All documents and other matters outside the pleadings should be stricken.

## B. MATTERS PRESENTED IN BRIEFS REGARDING A JURISDICTIONAL MOTION ARE CONSIDERED MATTERS OUTSIDE THE PLEADINGS AND ARE NOT PERMITTED

The Ninth Circuit has long held that for the purposes of considering a motion to dismiss on the grounds of subject matter jurisdiction, a court may consider matters outside the pleadings.  <u>See generally</u> <u>Association of American Medical Colleges v. U.S.</u>, 217 F.3d 770, 778 (9th Cir. 2000).  "There never has been any serious doubt as to the availability of extra-pleading material on these motions." <u>Michel v. Am. Capital Enterprises, Inc.</u>, 884 F.2d 582 (9th Cir. 1989) (quoting 5 C. Wright & A. Miller, <u>Federal Practice and Procedure: Civil</u> § 1366, at 676 (1969) (footnote omitted)).

That fact does not allow the Court to thereafter consider those same documents on a Rule 12(b)(6) motion, however.  The Court may similarly entertain a motion for injunctive relief and thereafter consider a Rule 12(b)(6) without considering the matters once before the Court.  <u>See</u> <u>Santa Monica Community College v. Mason</u>, 952 F.2d 407, 1991 WL 270727, *3 (9th Cir. 1991) (concluding that the submission of declarations and exhibits from a motion for preliminary injunction to the court on a motion to dismiss constitutes submission of matters outside the pleadings).

In fact, several courts have entertained such motions at the same time (motion to dismiss for lack of jurisdiction and for failure to state a claim or) and have allowed the outside documents for the one purpose, but refused to allow them for the Rule 12(b)(6) purposes. <u>U.S. E.E.O.C. v.</u>

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

Pioneer Hotel, Inc., No. 2:11-CV-1588-LRH-RJJ, 2013 WL 129390, at *2 (D. Nev. Jan. 9, 2013) reconsideration denied, No. 2:11-CV-1588-LRH-GWF, 2013 WL 3353389 (D. Nev. July 2, 2013) (considered matters outside pleadings when determining Motion to Dismiss for lack of jurisdiction, but refused to consider regarding Rule 12(b)(6) for failure to state a claim upon which relief may be granted); Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). When a defendant files a motion on 12(b)(2) and 12(b)(6) grounds, the court may consider extra-pleading material when determining whether it has personal jurisdiction over defendants but exclude the same evidence from consideration of whether the complaint states a claim, even when the two questions turn on the same issue. Stewart v. Screen Gems-EMI Music, Inc., 81 F. Supp. 3d 938, 951 (N.D. Cal. 2015) (citing Righthaven, LLC v. Va. Citizens Def. League, Inc., No. 1:10–cv–01783–GMN, 2011 WL 2550627, at *6 & n. 1 (D. Nev. June 23, 2011) (considering a declaration in the context of determining personal jurisdiction but not to determine the sufficiency of the complaint); High v. Choice Mfg. Co., No. C–11–5478– EMC, 2012 WL 3025922, at *4–6 (N.D. Cal. July 24, 2012) (where both personal jurisdiction and the sufficiency of the complaint both turned on the question of alter ego, considering extra-pleading evidence with respect to the 12(b)(2) challenge but excluding the extra-pleading evidence from the 12(b)(6) analysis); Abosakem v. Royal Indian Raj Int'l Corp., No. C–1001781 MMC, 2011 WL 635222, at *10 n. 7 (N.D. Cal. Feb. 11, 2011) (considering a declaration in the context of determining personal jurisdiction but not to determine the sufficiency of the complaint)).

Here, Plaintiffs propose to use documents to defeat a Rule 12(b)(6) motion which were presented to the Court for the purpose of determining whether the Court even had jurisdiction to hear the matter. There are two separate and distinct standards for determining these two types of motions. The instant matter, pursuant to Rule 12(b)(6), does not envision consideration of

matters outside the pleadings, while jurisdictional motions allow matters outside the pleadings. The fact that the Court heard the jurisdictional matter first does not now allow Plaintiffs or the Court to ignore the constructs of Rule 12(b)(6).[1]   This Court should therefore strike the documents.

## C. THE COURT SHOULD NOT CONVERT THE MOTION TO ONE FOR SUMMARY JUDGMENT

In the Ninth Circuit, "a motion to dismiss is not automatically converted into a motion for summary judgment whenever matters outside the pleading happen to be filed with the court and not expressly rejected by the court." North Star Int'l v. Arizona Corporation Comm'n, 720 F.2d 578, 582 (9th Cir. 1983) (holding that district court properly treated motion as motion to dismiss, despite presence of affidavits, where there was no indication of the court's reliance on outside materials and the court expressly stated that it was dismissing for failure to state a claim upon which relief could be granted); Keams v. Temple Technical Institute, Inc., 110 F.3d 44, 46 (9th Cir. 1997) ("12(b)(6) motion need not be converted into a motion for summary judgment when matters outside the pleading are introduced, provided that 'nothing in the record suggest[s] reliance' on those extraneous materials."). Rather, "a district court must take some affirmative action to effectuate conversion." Swedberg v. Marotzke, 339 F.3d 1139, 1142 (9th Cir. 2003).

---

[1]   Moreover, a "court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts noticed are not subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Even if Plaintiffs argue that the matters are public record, having been filed in this matter, the Court may not rely on them for the purposes of the Motion to Dismiss. They are still matters outside the pleadings. Moreover, as was shown by the briefing of both sides regarding the earlier motion to dismiss, the "facts" regarding those documents are subject to reasonable dispute, making the documents ill-suited for the Court to take judicial notice.

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

Once the Court decides to accept any matter outside the pleadings, Rule 12 requires conversion to summary judgment treatment. Wright & Miller, supra, at § 1366. Further, it is reversible error for the Court to consider matters outside the pleadings without converting the matter to one with summary judgment treatment. Id. Thus, as the Second Circuit noted, the court errs when it "consider[s] affidavits and exhibits submitted by defendants in support of a motion to dismiss." Kopec v. Coughlin, 922 F.2d 152, 155 (2d Cir. 1991).

Conversion to summary judgment in this matter would not be appropriate at this stage of the litigation. Courts have recognized that the exercise of discretion to grant summary judgment treatment of a motion to dismiss where no little or no discovery has been conducted by the parties is not warranted and would be improper. Brennan v. Nat'l Tel. Directoy Corp., 850 F. Supp. 331 (E.D. Penn. 1994) (citing Brug v. The Enstar Group, Inc., 755 F.Supp. 1247, 1251 (D. Del. 1991); Ospina v. Dept. of Corrections,749 F.Supp. 572, 574 (D. Del. 1990)(citing Melo v. Hafer, 912 F.2d 628, 634 (3rd Cir.1990), affd, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991)). Conversion to summary judgment treatment would be improper here because no reasonable opportunity has been given to Defendants to obtain and submit the additional evidentiary materials needed to counter a summary judgment motion. 27A Fed. Proc., L. Ed. § 62:611. The Ninth Circuit has recognized that granting summary judgment without allowing any discovery is error. See generally Alghanim v. Boeing Co., 477 F.2d 143, 148, n.9, 149 (9th Cir. 1973) (Rule 56(f) motion should have been granted to permit plaintiff time to file personal affidavit from residence in Kuwait; additional discovery allowed "(i)nasmuch as further proceedings must be had..."). Further, other circuits agree. Egelston v. State Univ. College at Genesco, 535 F.2d 752, 754 (2nd Cir. 1976) (dismissal of a sex discrimination case without allowing plaintiff any

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

discovery was error); <u>Ward v. United States</u>, 471 F.2d 667, 670 (3rd Cir. 1973)(Rule 56(f) motion should have been granted where there had been no discovery at all on critical negligence issue).

### D. SHOULD THE COURT CONVERT THIS MATTER, IT MUST PROVIDE NOTICE OF ITS INTENTION TO DO SO, ALLOWING THE PARTIES TO CONDUCT DISCOVERY PRIOR TO ANY DECISION ON THE SAME

Further, before summary judgment may be entered, all parties must be given notice of the motion and an opportunity to respond. <u>Portland Retail Druggists Assoc. v. Kaiser Found. Health Plan</u>, 662 F.2d 641, 645 (9th Cir. 1981). The opportunity to respond must include time for discovery necessary to develop facts justifying opposition to the motion. <u>Id.</u>; Fed.R.Civ.P. 56. Once a Court decides to convert a motion to dismiss to a motion for summary judgment, it is required to give the parties a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b). In so doing, the Court must apprise the parties that it will look beyond the pleadings to extrinsic evidence and give them an opportunity to supplement the record. <u>See Barron v. Reich</u>, 13 F.3d 1370, 1377 (9th Cir. 1994). Defendants again object to the use of the documents, but if the Court is inclined to consider them, Defendants request the Court provide said notice and provide Defendants with the opportunity to conduct relevant discovery before the matter is further briefed and heard.

### IV.   CONCLUSION

The matters before this Court on the Rule 12(b)(2) motion are not appropriate for

/ / /

/ / /

/ / /

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

consideration under Rule 12(b)(6). This Court should therefore strike all references to matters outside the pleadings, including those contained in Section II above.

DATED this _16th_ day of November, 2015.

**HOWARD & HOWARD ATTORNEYS PLLC**

By: _____
Jay Young, Esq.
Nevada Bar No. 5562
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
*Attorneys for Defendants*

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

## CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P. 5(b), I certify that on the _16th_ day of November 2015, I cause the foregoing MOTION TO STRIKE MATTERS OUTSIDE THE PLEADINGS, be to be served by electronically transmitting the document to the Clerk's Office, using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Elizabeth J. Foley, Esq. – efoleylawyer@gail.com

An Employee of Howard & Howard Attorneys PLLC

4828-8687-8507, v. 1

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483