**HOWARD & HOWARD ATTORNEYS PLLC**
Jay Young, Esq., Bar No. 5562
Robert Hernquist, Esq., Bar No. 10616
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Phone: 702.257.1483
Fax: 702.567.1568
jay@h2law.com
rwh@h2law.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MAX RUHLMAN and ERIC SAMBOLD, <br><br> Plaintiffs, <br><br> v. <br><br> GLENN RUDOLFSKY, individually and DBA HOUSE OF DREAMS KAUAI and HOUSE OF DREAMS HAWAII; KIM D. RUDOLFSKY, AKA KIM DAPOLITO, and DBA HOUSE OF DREAMS KAUAI and HOUSE OF DRAMS HAWAII, <br><br> Defendants. | Case No.  2:14-cv-00879-MMD-NJK <br><br><br> **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

Defendants GLENN RUDOLFSKY (hereinafter "Mr. Rudolfsky") and KIM D. RUDOLFSKY (hereinafter "Mrs. Rudolfsky"), (hereinafter collectively the "Defendants") by and through their counsel, the law firm of Howard & Howard Attorneys PLLC, respectfully file this reply in support of their motion that this Court dismiss this matter, as it is void pursuant to the statute of frauds, and for failure to plead fraud with specificity.

Dated this 16th day of November, 2015

**HOWARD & HOWARD ATTORNEYS PLLC**

By: /s/ Jay Young
Jay Young, Esq, Bar No. 5562
Robert Hernquist, Esq., Bar No. 10616
Howard & Howard Attorneys PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada   89169
*Attorneys for Defendants*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     OVERVIEW AND RELIEF REQUESTED**

Plaintiffs' opposition relies almost exclusively not on the law or on the matters pled in their Complaint, but on matters outside the pleadings.  Defendants have filed, their Motion to Strike Matters Outside of Pleadings contemporaneously herewith, which this Court should grant prior to deciding this matter.[1]  Once the Opposition is devoid of improper extraneous documents, it is clear this Motion should be granted, as the Complaint cannot stand on its own against the Twombly, Iqbal, and Rule 9(b) standards.  Moreover, the Complaint cannot sustain itself in light of the statute of frauds requirements.

Plaintiffs all but concede they have not met the pleading standards for fraud regarding the No Misrepresentation Defendants (Mrs. Rudolfsky and the House Of Dreams "entities"). Plaintiffs do not point this Court to any allegations against them that meet the stringent pleading standards, and instead suggest that Plaintiffs will be able to "describe the Defendants' fraud" and "Mrs. Rudolfsy's precise involvement in the fraudulent scheme" after conducting discovery. (Doc. 49 at 12:26 – 13:6).

---

[1] Defendants hereby incorporate the contents of the Motion to Strike Matters Outside the Pleadings as if set forth at length and in full herein.

Plaintiffs ignore the cases cited regarding the applicability of the Statute of Frauds from this jurisdiction, while they misapply and misstate caselaw from the Nevada Supreme Court. Even if those cases are followed, Plaintiffs are not entitled to relief from the instant motion. The Motion to Dismiss should be granted.

## II.     FACTS RELEVANT TO THIS MOTION

Plaintiffs admit to entering into a set of written agreements with Defendants—they carry a mortgage against the property at issue here against a five acre estate in Hawaii. Complaint at ¶ 18.[2]  Now, three years later, Plaintiffs conveniently want the Court to ignore the existence of the mortgage arrangement and instead claim the existence of a joint venture ("hereinafter "JV"), which allegedly required the Defendants to transfer the real property.  But the Complaint reveals there is no written agreement to that end.  Specifically, the Complaint alleges the following **oral** agreements to transfer real property:

- Mr. Rudolfsky proposed a joint venture to Ruhlmann on September 26, 2011. Complaint at ¶ 7.
- Plaintiffs and Mr. Rudolfsky agreed "that the joint venture to [Sic] purchase, own, renovate, and rent the five acre estate" through an LLC. Id. at ¶ 8.
- Plaintiffs invested $550,000 into the JV "with the understanding that Plaintiffs would own half of the five acre Kalihiwa Ridge Estate." Id. at ¶ 14.
- Plaintiffs initially agreed to have the five acre estate titled in defendants' names. Id. at ¶ 15.
- Defendants met with Plaintiffs in Las Vegas in January 2012 and shook hands on the JV to purchase the five acre estate together. Id. at ¶ 16.

Plaintiffs made only one factual allegation against Defendant Mrs. Rudolfsky individually—that she lives in New York. Id. at ¶ 3.  No factual allegation was made against Defendants House of Dreams Hawaii or House of Dreams Kauai and House.  No specific representation is alleged to have been made by Mrs. Rudolfsky, House of Dreams Hawaii, or

---

[2] See Exhibits 1-3 attached hereto and incorporated herein by this reference. Documents referenced in a complaint are not considered matters outside the pleadings. See In re: Silicon Graphics Inc. Securities Litigation, 183 F.3d 970, 986 (9th Cir. 1999).

House of Dreams Kauai (the "No Misrepresentation Defendants"). The No Misrepresentation Defendants are only connected to the remaining allegations in the Complaint by the lone allegation that all defendants acted as agent and employee of each other and were acting in that capacity at all times. Id. at ¶ 6.

Further, Plaintiffs allege fraud in the inducement against the "defendants". Id. at ¶¶ 39-48. The actual factual predicates regarding the "misrepresentations" are completely lacking against the No Misrepresentation Defendants. As to Mr. Rudolfsky, the allegations of representations still fall far short of the legal requirement to plead time, place, and specific content of the alleged false representations with specificity. The following constitutes all Plaintiffs allege regarding time, place, and content:

- Plaintiffs and Mr. Rudolfsky agreed (without reference to the time and place) that Ke Aloha, LLC of which Plaintiffs and Mr. Rudolfsky would be members, "would hold the title to the five acre Kauai estate." Id. at ¶ 9.
- On March 1, 2012 (at an unalleged location), Mr. Rudolfsky "agreed to the Nevada LLC structure" outlined in the complaint. Id. at ¶ 13.
- Mr. Rudolfsky (without reference to place) wrote to Plaintiffs "stating that the title company would only allow the Defendants, who were the original bidders in the short sale, to be on the title at closing, but that title *could* be transferred to Plaintiff, Eric Sambold, at closing for an additional fee of $230.00." Id. at ¶ 15 (emphasis added).
- All other factual allegations are against the "defendants" as a group without identifying which defendant made any particular representation. Id. at ¶¶ 6, 14, 16, 40-45.

## III. ARGUMENT

Plaintiffs' complaint must be dismissed, as the non-fraud claims arise out of a transaction which violates the statute of frauds. Further, as to the fraud in the inducement claim, the same is not pled with specificity and there are no allegations against the No Misrepresentation Defendants. The claim must therefore be dismissed.

### A. THIS COURT'S STANDARD ON A MOTION TO DISMISS

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." <u>Twombly</u>, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." <u>Iqbal</u>, 556 U.S. at 678 (citation omitted). In <u>Iqbal</u>, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. <u>Id.</u> at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. <u>Id.</u>

Second, a court must consider whether the factual allegations in the complaint allege a plausible claim for relief. <u>Id.</u> at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. <u>Id.</u> at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." <u>Id.</u> at 679 (internal quotations omitted). When the allegations in a complaint have not

crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. Twombly, 550 U.S. at 570.

The Ninth Circuit addressed post-Iqbal pleading standards in Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). The Starr court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Id.

Concerning claims for fraud (or in this case fraud in the inducement), the Court's standard is elevated. To succeed on a claim for fraud in the inducement, one must plead and prove: 1) a false representation made by Defendant(s); 2) Defendants knew or believed that the representation was false (or knew that had an insufficient basis for making the representation); 3) Defendants must have intended to induce Plaintiffs to consent to the formation of contract; 4) Plaintiffs justifiably relied upon the misrepresentation; and 5) damage to Plaintiffs resulting from such reliance. A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc., 120 Nev. 277 (2004); Lubbe v. Barba, 91 Nev. 596, 598; 540 P.2d 115, 118 (1975).

Furthermore, a claim of "fraud or mistake" must be alleged "with particularity." Fed.R.Civ.P. 9(b). A complaint alleging fraud or mistake must therefore include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. See Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam). Additionally, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiff's to differentiate their allegations when suing more than one defendant." (Id.) (internal quotations omitted). The circumstances constituting the alleged fraud

must be specific enough to give defendants notice of the particular misconduct alleged so that they can defend against the charge. Less v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).

### B. PLAINTIFFS' CLAIMS ARE VIOLATE THE STATUTE OF FRAUDS.

A Motion to Dismiss is appropriate where a contract is allegedly breached, but where that contract is void under the Statute of Frauds. Porter v. Chetal, No. 3:13-CV-00661-LRH-VP, 2014 WL 5307964, at *2 (D. Nev. Oct. 16, 2014) (citing Am. Int'l Enters. v. F.D.I.C., 3 F.3d 1263, 1270 (9th Cir. 1993); Phillips v. Dignified Transition Solutions, No. 2:13–cv–2237, 2014 WL 4294972, at *4 (D. Nev. Aug. 28, 2014)). Plaintiffs have refused to address the import of these cases—that the Ninth Circuit and this Court recognize dismissal is appropriate where a contract violates the statute of frauds.

In Am. Int'l Enters. v. F.D.I.C., the 9th Circuit upheld a district court's dismissal of a claim for a real estate broker's commission dispute. The Plaintiff alleged that through its actions, the seller accepted the terms of an offer letter including the payment of a commission even though the document all the parties signed afterward did not contain a commission obligation. Those facts are similar to Plaintiffs' allegations that the parties here really agreed to a bridge loan until the parties could form an LLC, but the documents are silent on that matter. The Court in Am. Int'l Enters. v. F.D.I.C. dismissed the action as being void under the Statute of Frauds.

In Porter v. Chetal, the Court indicated that even though the Plaintiff attached emails to their opposition to support the claims that "clearly there was understanding of what was

expected," since the documents merely allege an oral agreement and "because they were not submitted as part of the original [complaint]," dismissed the action.[3]

Plaintiffs here allege an **oral agreement** between the parties to enter into a Joint Venture (hereinafter "JV") (Complaint at ¶ 7), and that the JV would "purchase, own, renovate, and rent the five acre estate" through an LLC Id. at ¶ 8.  Further, Plaintiffs invested $550,000 into the JV "with the understanding that Plaintiffs would own half of the five acre [parcel]" (Id. at ¶ 14) and would initially be titled in Defendants' names.  Id. at ¶ 15.  Defendants met with Plaintiffs in Las Vegas in January 2012 and "shook hands on the joint venture" agreement to purchase the five acre estate together.  Id. at ¶ 16.  Plaintiffs claim that Defendants agreed to modify the mortgage into ownership in an LLC, but produce no writing to that end. [4]

Plaintiffs do not plead that a written agreement exists for the transfer of the property; rather, they claim that an oral agreement gives them the right to have the property conveyed to them.  Even if defendants had breached an agreement, Nevada's statute of frauds provides that every contract for the sale of land is void unless the contract is in writing, and thus, oral agreements to convey real property cannot be enforced.  Nevada's statute of frauds provides that every contract for the sale of land is void unless the contract is in writing, and thus, oral

---

[3] The Court did allow Plaintiffs to amend.  Id. (citing Richards Indus. Park, LP v. F.D.I.C., 572 Fed. Appx. 499, 502–03 (9th Cir. 2014) (finding error where the district court denied leave to amend to show evidence of a written contract when the oral contract at issue was void under the Statute of Frauds)).

[4] Where Plaintiffs desire to enforce an oral agreement to modify their mortgage agreements, this Court has the authority to find the same void.  "No interest in lands shall be surrendered unless by conveyance in writing subscribed by the party surrendering the same or by his lawful agent thereunto authorized in writing."  Summa Corp. v. Greenspun, 96 Nev. 247, 251–52 (Nev. 1980) (citing NRS 111.205) (as quoted in Wang v. U.S. Bank, NA, No. 2:10-CV-01741-KJD, 2011 WL 2222792, at *2 (D. Nev. June 7, 2011)).  Notes secured by a deed of trust are covered by the statute of frauds, In re Desert Enterprises, 87 B.R. 631, 634 (Bankr. D. Nev. 1988), so this Court has found that oral agreements to modify such notes are generally disallowed, Tomax v. Wells Fargo Home Mortg., 2011 WL 1157285, at *2 (D. Nev. Mar. 29, 2011); see also 37 C.J.S. Stat. Frauds 95; Powell on Real Property, Section 81.02[2][d] ("oral modification of a written agreement to convey an interest in property generally fails").  Courts have recognized that even a forbearance agreement is subject to the statute of frauds. See Secrest v. Sec. Nat'l Mortg. Loan Trust 2002–2, 84 Cal.Rptr.3d 275, 282–83 (Cal.Ct. App.2008).

agreements to convey real property cannot be enforced.  See Butler v. Lovoll, 96 Nev. 931, 934–35, 620 P.2d 1251, 1253 (1980).

> NRS 111.210. Contracts for sale or lease of land for periods in excess of 1 year void unless in writing
> 1. Every contract for the leasing for a longer period than 1 year, or for the sale of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party by whom the lease or sale is to be made.

See also NRS 111.205(1); Khan v. Bakhsh, 129 Nev. Adv. Op. 57, 306 P.3d 411, 413 (2013). All claims which rely on the oral agreement[5] for Plaintiffs' claim to ownership in the land are therefore void and must be dismissed.

Plaintiffs instead urge this Court that equitable estoppel and part performance are defenses against the statute of frauds.  Of course, one flaw in Plaintiffs' argument is that Plaintiffs did not allege equitable estoppel or part performance in their Complaint. Nevertheless, Plaintiffs suggest that the Nevada Supreme Court has applied the doctrines to defeat the statute in Edwards Industries, Inc. v. DTE/BTE, Inc., 112 Nev. 1025, 923 P.2d 569 (1996).

Actually, the Edwards Industries court disagreed that the lease at issue was "taken out of the statute of frauds" by: (1) admissions; (2) full performance; or (3) writings or memoranda of the agreement sufficient to meet the statute of frauds. Id., 923 P.2d at 573. Although the court discussed the concepts, it suggests that "[f]ull performance" by one party, not partial performance, may remove a contract from the statute of frauds. Id., 923 P.2d at 574.  Further,

---

[5] First Claim for Relief—Accounting for Profits of JV, Complaint at ¶¶ 20-23 (the claims for an accounting do not exist without a JV formed by oral agreement to take the property); Second Claim for Relief—Breach of JV Agreement and Specific Performance, Id. at ¶¶ 24-29 ("under the terms of the Joint Venture Agreement, Defendants were obligated **to transfer and convey the title**" to the property.  Id. at ¶ 26 (emphasis added); Third Claim for Relief—Specific Performance, Id. at ¶¶ 30-35 (Plaintiffs claim an entitlement to have the property conveyed to them); Sixth Claim for Relief—Breach of the Implied Covenant of Good Faith and Fair Dealing, Id. at ¶¶ 49-52 (the covenant is based on the alleged oral agreement to form a JV by transferring the property to Plaintiffs).

since (as is the case here), the Plaintiff allegedly performed (loaned the money) before there was an agreement, "[i]t would be inappropriate to hold [defendant] to an alleged agreement they never actually consummated merely because [plaintiff] improvidently purchased the equipment without a written agreement." Id. Regarding estoppel, Plaintiffs still have not alleged enough to escape the statute of frauds.

> A promise to execute a written agreement, without proof of fraud, is insufficient to invoke estoppel against the use of the statute of frauds as a defense. See Harmon v. Tanner Motor Tours of Nevada, Ltd., 79 Nev. 4, 16, 377 P.2d 622, 628 (1963). Similarly, this court has recognized that part performance, standing alone, is insufficient to make the statute inapplicable. Id. However, this court has held that where both circumstances are present, estoppel is properly invoked. Id. Finally, "[e]stoppel or part performance must be proved by some extraordinary measure or quantum of evidence." Zunino, 83 Nev. at 509, 435 P.2d at 197.

Id.

Further, not only does the alleged agreement violate the statute of frauds because it portends the transfer of real property, but the purported agreement required performance for a period in excess of a calendar year. Only those oral agreements which are capable of being fully performed within a year from execution are not void under the Statute of Frauds. NRS 111.220; see also Stanley v. A. Levy & J. Zentner Co., 60 Nev. 432, 112 P.2d 1047, 1052 (1941). Plaintiffs allege that Mr. Rudolfsky first proposed the JV on September 26, 2011. Complaint at ¶ 7. Plaintiffs further allege that Mr. Rudolfsky agreed to the Nevada LLC structure on March 13, 2012. Plaintiffs do not even allege that the Defendants ever agreed to transfer the property by any particular deadline. Rather, they carefully dance around this issue in Paragraph 15, wherein they alleges that Mr. Rudolfsky stated on January 27, 2012 that "title **could be transferred**" to Sambold "at closing **for an additional fee of $230.00**" (emphasis added).

Notice there is not even an allegation that any of the defendants promised that the property would be transferred at the close of escrow. So, if the proposal was made in September 2011, the "contract" the parties allegedly entered into would have had to have been completed on or before September 25, 2012 in order to escape the effects of the statute of frauds (which is to avoid frivolous claims such as those at bar here). But Plaintiffs' own complaint suggests that it never intended the "contract" to be completed in a year. They allege that profits were to be paid to them quarterly (Id. at ¶ 11), and Plaintiffs are seeking an accounting and for profits made with the property since 2012 (Id. at ¶¶ 21-23), which is a period in excess of 3 years. Moreover, Plaintiffs anticipate, by this action, future acts in furtherance to the JV "agreement." Therefore, the performance could not have been completed within a year and the "agreement" violates the statute of frauds. Plaintiffs ignore these arguments; likely because they have no answer for them.

Plaintiffs allege that Khan v. Bakhsh, 129 Nev. Adv. Op. 57, 306 P.3d 411 (2013) stands for the proposition that the statute of frauds is satisfied by "evidence of the existence and terms of an allegedly written agreement." Opposition at 8:16-18. In Khan, the court was deciding a matter where the evidence suggested that a signed agreement existed, but was lost or destroyed. Id., 306 P.3d at 413. The circumstance in Khan is far different from the case at bar where there is only an oral agreement and "unwritten" contract, as opposed to Khan's missing or destroyed document.

While Plaintiffs also urge that emails constitute writings sufficient to the statute of frauds, it has presented no controlling caselaw suggesting the same. In fact, in Georgiou Studio, Inc. v. Boulevard Invest, LLC, 663 F.Supp.2d 973 (D. Nev. 2009), the Court held that without the execution of the lease at issue, an email did not satisfy the statute of frauds. An e-

mail allegedly evidencing the lease of space and allegedly confirming agreement by stating that "Ownership approved the deal," where a copy of the proposed lease and copy of prospective tenant's check for first month's rent which was never cashed by shopping center owner, did not satisfy Nevada's statute of frauds.  Id.  Here, the only signed agreement is a mortgage agreement.  It isn't missing any terms that can be added by reference to an email.  Moreover, the emails referenced by Plaintiffs cannot be considered, as they are not part of the complaint in this matter.

### C. PARTNERSHIP LAW IS ANALOGOUS AND APPLIES TO NEVADA JOINT VENTURES.

Plaintiffs have alleged that the parties intended to form a JV.  Although JVs and partnerships are similar, they are not identical.  Hook v. Giuricich, 108 Nev. 29, 31, 823 P.2d 294, 296 (1992).  Despite the distinction, Nevada caselaw provides that the principles of partnership law apply to JVs.[6]  In re Cay Clubs, 130 Nev. Adv. Op. 92, 340 P.3d 563, 569 (2014) (citing Radaker v. Scott, 109 Nev. 653, 658, 855 P.2d 1037, 1040 (1993)); Haertel v. Sonshine Carpet Co., 102 Nev. 614, 616, 730 P.2d 428, 429 (1986).  Plaintiffs fail to address these cases.

Accordingly, Plaintiffs' claims based upon contract should be dismissed because the verbal contract alleged by Plaintiff is barred as a matter of law.  See Saeme v. Levine, 502 F. App'x 849, 853 (11th Cir. 2012) (holding that claims for breach of contract, breach of fiduciary duty and conversion based upon oral partnership agreement were barred by the statute of frauds because the two partners intended that performance of their agreement take longer than one year); Harrington v. Murray, 169 A.D.2d 580, 581, 564 N.Y.S.2d 738, 740 (1991) (holding that claim based upon purported oral partnership agreement was barred by the statute of frauds);

---

[6] Plaintiffs are correct that JVs are different from Partnerships, but Nevada law holds that the principles of partnership law are nevertheless applicable.

Howard & Howard, Attorneys PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

Gano v. Jamail, 678 S.W.2d 152, 154 (Tex. App. 1984) (holding that oral partnership agreement between lawyers was barred by statute of frauds because the objective of the partnership could not be completed within one year).

Moreover, Plaintiffs ask the Court to determine that a JV/partnership exists. Pursuant to Nevada law, determination of whether a partnership exists must be performed pursuant to statute. See NRS 87.070 & NRS 87.4322. When an indeterminate oral partnership or JV/agreement as alleged by Plaintiffs exists, the JV/partnership is deemed to be "at will" and the partnership may be dissolved at any time upon a "partner's express will to withdraw as a partner," here manifest when the parties entered into what Plaintiffs term a "bridge mortgage" instead of transferring the property. Complaint at ¶ 18; see also Exhibits 1-3; NRS 87.4307 & 87.4351(1). Thus, termination of the JV/partnership by either Plaintiff or Defendants would not constitute a "breach" of any oral agreement. Instead, it would simply constitute an exercise of that party's statutory rights and all that would remain is a determination of the parties' respective duties, rights and obligations during the winding up process. NRS 87.4352-87.4357. These rights were expressed when the parties entered into a mortgage arrangement instead of any other arrangement complained of. Again, plaintiffs fail to address these points completely.

**D. PLAINTIFFS' FRAUD IN THE INDUCEMENT CLAIM FAILS FOR LACK OF SPECIFICITY.**

Plaintiffs' complaint fails to allege the requisite who, what, where, when and how of a fraud in the inducement claim. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). In actions involving fraud, the circumstances of the fraud are required to be stated with particularity. Brown v. Kellar, 97 Nev. 582, 583-84, 636 P.2d 874, 874 (1981). "The circumstances that must be detailed include averments to the time, the place, the identity of the parties involved, and the nature of the fraud or mistake." Id. And even then, each Defendant's misrepresentation must be spelled out with particularity. Swartz v. KPMG LLP, 476 F.3d at

764.

Here, the Complaint does not contain any of the required specificity. Plaintiff has not alleged specifically what was said, when it was said, the place it was said or who was present. The bare allegations set forth in Plaintiffs' fraud claim fail to meet the heighted pleading standard required by Rule 9(b), and in the unlikely event the claim withstands dismissal Plaintiff should be required to restate the claim in conformance with Nevada law.

Plaintiffs come closest to providing specificity in paragraphs 9, 13, and 15. Sadly, even these allegations fall far short of the pleading standard in this jurisdiction. In Paragraph 9, Plaintiffs allege Mr. Rudolfsky agreed (without reference to the time and place, or to the exact recipient) that Ke Aloha, LLC of which Plaintiffs and Mr. Rudolfsky would be members, and "would hold the title to the five acre Kauai estate." Paragraph 13 alleges a March 1, 2012 communication without the required location or recipient of the communication.[7] Paragraph 15 lacks the requisite reference to place of the communication. All remaining allegations as to representations fail to name which Defendant made the representation, what the representation was, where it was delivered, when it was delivered and to whom it was delivered. Plaintiffs have no allegations against the No Misrepresentation Defendants that they made any representations at all. They should therefore not be required to defend this action.

Plaintiffs only quote their complaint and thereafter summarly declare that they have met every element of fraud without bothering to specify or explain how any constitutes an alleged misrepresentation by each defendant. Moreover, Plaintiffs completely ignore the requirement to specify the time, the place, the identity of the parties involved, and the nature of the fraud or mistake as required by <u>Brown v. Kellar</u>. The only "misrepresentations" alleged by Plaintiffs certainly fail to meet the specificity requirement:

- Plaintiffs and Mr. Rudolfsky agreed (without reference to the time and place) that Ke Aloha, LLC of which Plaintiffs and Mr. Rudolfsky would be members, "would hold the title to the five acre Kauai estate." <u>Id.</u> at ¶ 9.

---

[7] Plaintiffs' reliance on matters outside the pleadings is unavailing. The Court may not consider the same.

Howard & Howard, Attorneys PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

- On March 1, 2012 (at an unalleged location), Mr. Rudolfsky "agreed to the Nevada LLC structure" outlined in the complaint. Id. at ¶ 13.
- Mr. Rudolfsky (without reference to place) wrote to Plaintiffs "stating that the title company would only allow the Defendants, who were the original bidders in the short sale, to be on the title at closing, but that title *could* be transferred to Plaintiff, Eric Sambold, at closing for an additional fee of $230.00." Id. at ¶ 15 (emphasis added).
- All other factual allegations are against the "defendants" as a group without identifying which defendant made any particular representation. Id. at ¶¶ 6, 14, 16, 40-45.

Plaintiffs fail to explain how these "misrepresentations" meet the Brown v. Kellar standard.[8] The claim must therefore fail as to Mr. Rudolfsky.

Plaintiffs all but concede they have not met the pleading standards for fraud regarding the No Misrepresentation Defendants (Mrs. Rudolfsky and the House Of Dreams "entities"). Plaintiffs do not point this Court to any allegations against them that meet the stringent pleading standards, and instead suggest that Plaintiffs will be able to "describe the Defendants' fraud" and "Mrs. Rudolfsy's precise involvement in the fraudulent scheme" after conducting discovery (Doc. 49 at 12:26 – 13:6). Obviously, that suggestions does not meet the requirements of Rule 9. The claim as to the No Misrepresentation Defendants must fail.

### E. PLAINTIFFS' CLAIM THAT DEFENDANTS CONCEDED THE SUFFICIENCY OF THE COMPLAINT IS.

Plaintiffs claim that Defendants conceded the sufficiency of the complaint. Opposition at 13:14-24. The justification for this argument (made without legal support) is that when Defendants contested the sufficiency of this Court's jurisdiction in this matter, they conceded the merit and sufficiency of the Complaint by not filing a motion for a more definitive statement. This unique suggestion is not only unsupported in the Opposition, it is an unsupportable position. Rule 12(e) allows for the filing of such a motion, of course. Further, such a motion must be made, if at all, before a responsive pleading is filed by the Defendants. Id. No responsive pleading has yet been filed in the instant matter—only a motion challenging

---

[8] Plaintiffs inexplicably suggest that this action is governed by the Nevada Rules of Civil Procedure instead of the Federal Rules. Opposition at 12:24-25. Plaintiffs state no authority for this odd position. Obviously, that is not the case here.

the Court's jurisdiction and now a motion challenging the sufficiency of Plaintiffs' claims. Defendants could still file such a motion should they desire to do.

### F. PLAINTIFFS' REQUEST TO AMEND AFTER DISCOVERY IS INAPPROPRIATE AND SHOULD NOT BE GRANTED

Plaintiffs seem confused that they are required to make specific allegations against each defendant and may not instead rely on blanket statements. Each Defendant's misrepresentation must be spelled out with particularity. Swartz v. KPMG LLP, 476 F.3d at 764. Plaintiffs suggest instead that Mr. Rudolfsky can explain to himself "why they do business under the name House of Dreams Hawaii." Opposition at 16:23-25. With due deference to Plaintiffs, this suggestion misses the point entirely. Plaintiffs have made allegations that House of Dreams defendants are somehow liable under the six theories espoused by Plaintiffs, but have failed to make any allegations regarding what kind or entities they are, where they are from, or any acts committed by or on behalf of the entities. This pleading style certainly fails to meet the Twombly, Iqbal, and Rule 9(b) standards. Plaintiffs' suggestion that instead of pleading a well-pled claim, they be allowed to later amend their complaint once they have conducted discovery, is inappropriate and should be denied.

## IV. CONCLUSION

This Court should hold that Plaintiffs' claims are void, as they violate the statute or frauds. Similarly, the fraud in the inducement claim is not pled with specificity. Therefore, Defendants respectfully request that this Court dismiss Plaintiffs' complaint with prejudice.

Dated: November 16, 2015

**HOWARD & HOWARD ATTORNEYS PLLC**

By: /s/ Jay Young
    Jay Young, Esq, Bar No. 5562
    Robert Hernquist, Esq., Bar No. 10616
    Howard & Howard Attorneys PLLC
    3800 Howard Hughes Parkway, Suite 1000
    Las Vegas, Nevada   89169
    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that on the 16th___ day of October, 2015, I caused the document entitled Defendants' Motion to Dismiss to be served by electronically using CM/ECF System for filing and transmittal to the following:

Elizabeth J. Foley, Esq.
efoleylawyer@gmail.com

and to the following, via United States Mail, at the following address:

N/A

/s/ Jay Young_____

An Employee of Howard & Howard Attorneys PLLC

4848-4577-7193, v. 1

**Howard & Howard, Attorneys PLLC**
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483