ELIZABETH J. FOLEY
NEVADA BAR 1509
ELIZABETH J. FOLEY LAWYER, LTD.
601 So. Rancho Drive, Suite A-1
Las Vegas, Nevada   89106
Phone: (702) 363-2323
Fax: (702)380-4035
Email: Efoleylawyer@gmail.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAX RUHLMANN and ERIC SAMBOLD, | CASE NO.: 2:14-cv-00879-RFB-NJK |
| Plaintiffs, | |
| v. | |
| GLENN RUDOLFSKY, individually and DBA HOUSE OF DREAMS KAUAI and HOUSE OF DREAMS HAWAII; KIM D. RUDOLFSKY, AKA KIMI DAPOLITO, individually; and DBA HOUSE OF DREAMS KAUAI and HOUSE OF DREAMS HAWAII | **OPPOSITION TO DEFENDANTS' MOTION TO STRIKE** |
| Defendants. | |

The Plaintiffs, Max Ruhlmann and Eric Sambold, (collectively "Plaintiffs") by and through their counsel, ELIZABETH J. FOLEY, respectfully oppose the Defendants' Motion to Strike filed herein on November 16, 2015.  This Opposition is based on the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**Preliminary Statement of the Case**

The Complaint was served on Defendants' counsel on June 9, 2014.  Rather than simply answer the Complaint, the Defendants hired a Nevada counsel to contest jurisdiction and stay discovery.  Hawaii counsel was retained to file a competing complaint against one of the

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 • Fax: (702) 380-4035

Plaintiffs, Mr. Sambold, in the Circuit Court of Kauia.  Now that the jurisdictional issue has been resolved and the Hawaii case dismissed, the Defendants still refuse to answer.  Now the Defendants have engaged the Chicago firm of Howard and Howard to file a Motion to Dismiss for Failure to State a Claim coupled with a Motion For More Definite Statement.  The second Rule 12 Motion to Dismiss has been followed up by the instant Motion to Strike.

While the Defendants have been orchestrating such legal machinations, they have been renting the vacation property purchased with the Plaintiffs' funds at the rate of $1,000 per night and failing to pay Plaintiffs their fifty percent share of the net proceeds.

### A.  The Instant Motion is Procedurally Incorrect.

Motions to strike are allowed by the Federal Rules of Civil Procedure for the limited purpose of actually striking improper content from the <u>pleadings</u>. (Emphasis added).  Judge Dorsey recognized the limitations of a motion to strike in <u>HPEV, Inc. vs. Spirit Bear Limited</u>, Case No. 2:13-cv-01548-JAD-GWF at note 44, where she explained, "Federal Rule of Civil Procedure 12(f) permits only the striking of pleadings, not matters in briefs.  See Fed. R. Civil P.12(f) permitting the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.""

Defendants themselves submitted 156 pages of documents outside of the pleadings as exhibits to their first and second Motions to Dismiss.  The second Motion to Dismiss (Document 48) contains thirty pages of Hawaii documents appended to the Motion to Dismiss in three separate Exhibits (See Document 48, pages 14-45).

### B.  The Statute of Frauds Defense Requires Consideration of Evidence Outside the Pleadings.

Statute of frauds is an enumerated affirmative defense which must be pled in a parties'

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

answer or waived.  Federal Rule of Civil Procedure 8(c). The statute of frauds may not properly be raised in a motion to dismiss for failure to state a claim for which relief may be granted.  If the affirmative defense is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6), Currier vs. Knapp, 422 F.2d 423 (3rd Cir. 1971) (per Curian) (Statute of frauds, as an affirmative defense, must "be set forth affirmatively by a party pleading to a preceding pleading" and was improperly entertained under a Rule 12(b)(6) motion.); Bethel vs. Jendoco Construction Corp., 570 F.2d 1168 (3rd Cir. 1978); Rogers vs. Targot Telemarketing, 70 Ohio App. 3d 689, 591 NE 2d 1332 (Ohio App. 1990).

The Complaint on its face makes reference to facts contained in the numerous emails between the parties.  The emails qualify as writings of a kind sufficient to satisfy the statute of frauds. In re East Airport Development, LLC, 443 B.R. 823 (9th Cir. BAP (Cal) 2011); M. West, Inc. v. Oak Park Mall, LLC, 234 P.3d 833 (Kan. App. 2010);  Payoutone v. Coral Mortgage Bankers, 602 F. Supp. 2d 1219 (D. Colo. 2009).  There are documents which back up all of the general factual allegations contained in the Complaint (paragraphs 7-19) with the possible exception of paragraph 16, which the parties documented in Affidavits during the briefing of the first Motion to Dismiss.

The Defendants submitted as Exhibits to the second Motion to Dismiss, copies of the "bridge mortgage" which was executed and recorded until the formal structure of the limited liability company could be finalized.  See paragraph 18 of the Complaint, the allegations of which are deemed to be true at this stage of the proceedings.

The Defendants submitted matters outside the pleadings to the Court as documentary Exhibits to its Motion to Dismiss, making conversion under Fed. Rule of Civil Pro. 12(d) appropriate.  In an attempt to reverse that course, this improper Motion to Strike has been filed.

...

...

...

- 3 -

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

**C. The Rudolfsky Defendants Invited Consideration of Matters Outside of the Pleadings by Attaching Three Separate Exhibits to its Second Motion to Dismiss.**

The non-moving party must have adequate notice that the 12(b)(6) motion will be converted into a motion for summary judgment. Mayer vs. Wedgewood Neighborhood Coalition, 707 F.2d 1020, 1021 (9th Cir. 1983). In the Ninth Circuit, notice is deemed sufficient when a party represented by counsel submits matters outside the pleadings and invites consideration of them. Grove vs. Mead School District No. 354, 753 F.2d 1528, 1533 (9th Cir.), cert denied 474 US 826 (1985); Santa Monica Community College Dist. vs. Mason, 952 F.2d 407 (9th Cir. 1991).

The Ninth Circuit Court of Appeal may construe a decision on a Fed. Rule of Civil Pro. 12(b)(6) motion by the District Court which considers matters outside of the pleadings as a summary judgment decision even if the District Court frames its decision otherwise. Coverdell vs. Department of Social and Health Services, 834 F.2d 758 (9th Cir. 1987).

The Rudolfsky Defendants themselves attached three separate exhibits to their Motion to Dismiss filed as Document No. 48 in this action. Even though the Defendants framed their Motion as a 12(b)(6) Motion to Dismiss, their action of arguing matters outside of the pleadings required conversion of the Motion to a Rule 56 Motion for Summary Judgment.

By submitting the exhibits to their "Motion to Dismiss" the Defendants were put on notice that the Motion could be converted to a Rule 56 Motion. Grove vs. Mead School District No. 354, 753 F.2d 1528 (9th Cir. 1985). In this Circuit, notice is adequate if the party against whom judgment is entered is fairly apprised that the Court will look beyond the pleadings, thereby transforming the Motion to Dismiss into a Motion for Summary Judgment. Mayer vs. Wedgewood Neighborhood Coalition, 707 F.2d 1020, 1021 (9th Cir. 1983); Portland Retail Druggists, 662 F.2d at 64 (9th Cir. 1981). When a party is represented by counsel, formal notice may not be necessary. Garaux vs. Pulley, 739 F.2d 437, (9th Cir. 1984). Notice occurs when a party has reason to know that the Court will consider matters outside the pleadings. Townsend

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

vs. Columbia Operations, 667 F.2d 844, (9ᵗʰ Cir. 1982).  Here, Defendants knew from the moment they filed their second Motion to Dismiss that the Court would consider matters outside the pleadings because the Rudolfskys attached documentary exhibits to the very Motion to Dismiss. (Document 48, pages 15-45).

The Defendants attached three of the "bridge mortgage" documents to its second Motion to Dismiss.  (Document 48).  The Complaint refers to the "bridge mortgage" at paragraph 18, which states: "Prior to the closing of the short sale, a bridge mortgage was executed and recorded until the formal structure, the limited liability company, was finalized to hold the title to the Kauai estate."  (Document 4, page 4, lines 8-10).

These allegations of the Complaint must be taken as a true allegations of material fact and construed in a light most favorable to the Plaintiffs, who are the non-moving party.  Crockett and Meyers vs. Napier, Fitzgerald and Kirby, 401 F. Supp. 2d 1120 (D. Nev. 2005); Wyler Summit Partnership vs. Turner Broadcasting System, Inc., 135 F.2d 658, (9ᵗʰ Cir. 1998).  There is a strong presumption against dismissing an action for failure to state a claim.  Gilligan vs. Jamco Dew, 108 F.3d 246, 249 (9ᵗʰ Cir. 1997).

Paragraph 18 of the Complaint, construed as true, should defeat the second Motion to Dismiss.  Because the Defendants submitted documents outside the pleadings in support of the second Motion to Dismiss, it is only just to allow Plaintiffs to submit documents outside of the pleadings to defeat the Motion.  By seeking to strike the Plaintiffs' documents, the Defendants seek an improper procedural advantage.  Defendants request that the Court consider only their documents (Document 48 Exhibits) in deciding the second Motion to Dismiss and disregard the Plaintiffs' documents which provide factual and legal defenses to the statute of frauds.  It was proper for Plaintiffs to respond to the Defendants' exhibits with their own counter-exhibits.

The statute of frauds affirmative defense requires the consideration of "writings" between the parties and whether the doctrines of "part performance" and "equitable estoppel" defeat the statute of frauds defense.  It is Defendants who improperly chose to assert the statute of frauds

defense under Federal Rule of Civil Pro 12(b)(6) and then supported the Motion with three documentary exhibits.

Only in cases in which the moving party submits nothing outside the pleadings with a 12(b)(6) motion can the moving party complain when the non-moving party responds with documentary exhibits.  In <u>Crockett and Meyers vs. Napier, Fitzgerald and Kirby</u>, 401 F. Supp. 2d 1120 (D. Nev. 2005), this Court responded to the reverse situation as follows: "Fitzgerald [the Defendant] attaches various exhibits to the opposition and requests the Court treat Crockett's [the Plaintiff] Motion to Dismiss as a Motion for Summary Judgment.  The Court will not do so. Crockett did not attach any exhibits to the original Motion that would warrant converting the motion to dismiss to one for summary judgment."  See also <u>Collins vs. Palczewski</u>, 841 F. Supp. 333 (D. Nevada 1993).

In this case, the Defendants filed their second Motion to Dismiss with exhibits attached. It would not be equitable to strike Plaintiffs' exhibits filed in response to the second Motion to Dismiss filed with three exhibits attached.

**D.  No Adequate Basis has Been Alleged for the Wholesale Striking of Sections of Plaintiffs' Brief Filed in Opposition to the Second Motion to Dismiss.**

1.  References to Email Correspondence.

The Defendants move to strike the following language from the Opposition Brief:

"The parties communicated primarily by email due to their diverse residences.  Mr. Ruhlmann sent and received emails from Nevada.  Mr. Sambold sent and received emails from California and the Rudolfskys sent email and post office correspondence from New York. Appendices of email writings were submitted to the Court in conjunction with the Defendants' first Motion to Dismiss." (Documents 10-1; Documents 36-1 through 36-13).

Federal Rule of Civil Procedure 12(f) permits only the striking of pleadings, not matters

**ELIZABETH J. FOLEY**
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 • Fax: (702) 380-4035

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

1   in briefs.  <u>HPEV Inc. vs. Spirit Bear Limited</u>, Case No. 2:3-cv-01548-JAD-GWF, at note 44.

2   The Defendants submitted a lengthy 120 page appendix to their first Motion to Dismiss.

3   (Document 14-1).  Email is contained at Document 14-1, page 42).  The Plaintiffs responded by

4   submitting email correspondence in their own appendices filed in opposition to the Defendants'

5   first Motion to Dismiss, Document 19-1; Documents 36-1 through 36-13.  These emails were

6   properly considered by the Court in denying the Defendants' first Motion to Dismiss and may be

7   properly considered by the Court in deciding the second Motion to Dismiss which contains three

8   exhibits outside the pleadings. (Document 48).

9          Emails are writings of a kind sufficient to satisfy the statute of frauds and are relevant to

10  Plaintiffs' defense to the statute of frauds Motion to Dismiss.  In <u>re East Airport Development,</u>

11  <u>LLC</u>, 443 BR 823 (9th Cir. BAP Cal. 2011).  The emails between the parties are potentially fatal

12  to the Defendants' statute of frauds defense, as they were fatal to the Defendants' first Motion to

13  Dismiss.  There is no basis for striking the references to emails from the Plaintiffs' brief filed in

14  opposition to Defendants' second Motion to Dismiss.

15         2.  Sentence Regarding Terms of Joint Venture.

16         Defendants move to strike the following sentence from the Plaintiffs' brief filed in

17  opposition to Defendants' Motion to Dismiss: "The terms of the joint venture agreement are set

18  forth in many emails and other written correspondence."  There is no "redundant, immaterial,

19  impertinent, or scandalous" matter in that summary sentence which would justify a Fed. R. Civil

20  Pro 12(f) motion to strike if the sentence was contained in a pleading rather than a brief.  Both

21  Plaintiffs will testify, under oath, that the only reason they forwarded a total of $550,000 to

22  purchase the Hawaii investment property was due to representation contained in the email

23  writings between the parties.  The Motion to Strike such sentence from Document 49 ought to be

24  denied.

25         3.  The "Facts Relevant to this Motion" Section of Document 49 at pages 3:1-5:8.

26         Defendants request that this Court strike all references in Plaintiffs' brief to emails

27

28
                                                     - 7 -

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

between the parties.  Such request is not only contrary to Federal Rule of Civil Procedure 12 (f), but also the case law which holds that email writings are of a kind sufficient to satisfy the statute of frauds.    In re East Airport Development, LLC, 443 BR 823 (9th Cir. BAP Cal. 2011); M. West Inc. vs. Oak Park Mall, LLC, 234 P.3d 833 (Kan. App. 2010); Payoutone vs. Coral Mortgage Bankers, 602 F. Supp. 2d 1219 (D. Colo. 2009).  Such case law was cited later in the same brief for which Defendants seek the striking of several pages of the Statement of Relevant Facts.  Defendants may wish that their emails could not be used to defeat their Statute of Frauds Motion, but that is not the law.

The factual background portion of the brief is based upon excerpts from the Court's statement of alleged background facts set forth in the Order entered in this case on September 27, 2015 denying Defendants' first Motion to Dismiss.  (See Document 39).  The Order is the law of this case and the background facts contained in the Order should not be stricken from Plaintiffs' brief. The Motion to Strike should be denied.

4.  The Estimate of Value of Property Email.

Defendants move to strike the following paragraph from the brief filed in opposition to their second Motion to Dismiss.  "In the instant case, the Plaintiffs have already invested five hundred fifty thousand ($550,000) dollars to purchase their one-half interest in a vacation rental property and business.  In 2013, Glenn Rudolfsky estimated that the real estate alone, associated with Ke Aloha, had escalated to 1.8 million dollars, which would have meant a profit to the investors of $775,000.  There has been very significant performance on behalf of the Plaintiffs, which would defeat the Defendants' statute of frauds defense.  Moreover, the email writings are sufficient to establish the terms of the parties agreement."  A true copy of the October 18, 2013 email from Defendant Glenn Rudolfsky in which he stated, "I estimate the property to be worth 1.8 million, minimum." is submitted herewith as Exhibit 1.

5.  Allegation of "Bridge Mortgage".

The Defendants' move to strike the following statements from the brief: "Mr. Sambold

stated in emails that the mortgage was simply a bridge until the limited liability company could be formed.  He only wired the five hundred fifty thousand ($550,000) dollars after he made it clear he was not simply lending five hundred fifty thousand ($550,000) dollars.

The basis asserted for the Motion to Strike is that Plaintiffs are citing emails not contained in the Complaint.  (Document 50, page 3:6-7).  The "bridge loan" allegation is indeed stated in the Complaint at paragraph 18 of Document 4, page 4, lines 8-10 as follows: "Prior to the closing of the short sale, a bridge mortgage was executed and recorded until the formal structure, the limited liability company, was finalized to hold title to the Kauai estate."

Mr. Sambold did in fact confirm in emails to Mr. Rudolfsky that he was not simply lending five hundred fifty thousand ($550,000) dollars.  Prior to forwarding the $550,000 to the title company, Mr. Sambold wrote to his partners confirming that, "This mortgage is simply a bridge until we have a formal structure like an LLC".  (Document 36-8, page 2).  Mr. Sambold made it perfectly clear to Mr. Rudolfsky that "Neither Max [Ruhlmann] nor me are in this to lend money at 8%, we want to be in the vacation rental business". (Document 36-8, page 3).  Mr. Sambold specifically confirmed with Mr. Rudolfsky on March 13, 2012, "Glenn, as long as we have the understanding that we have a partnership interest and are not just providing a low interest loan, I see no problem in proceeding". (Document 36-9, page 3). These facts support paragraph 18 of the Complaint and are properly a defense to the second Motion to Dismiss based on statute of frauds.

6.  "Bridge Loan" and Statement of Value.

Defendants move to strike the section of Plaintiffs' brief alleging that the mortgage was simply a bridge loan and that the value of the property alone was estimated to be 1.8 million in 2013.  (Document 49, page 4, lines 15-21).  Again, paragraph 18 of the Complaint (Document 4) properly pleads that prior to the closing of the short sale, a bridge mortgage was executed and recorded until the formal structure, the limited liability company, was finalized to hold the title to the Kauai estate."

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

**ELIZABETH J. FOLEY**
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

Defendant Glenn Rudolfsky did in fact estimate that the value of the property alone was worth 1.8 million on October 18, 2013.  A true copy of that email is submitted herewith as Exhibit 1.  The value of the property is relevant to the equitable estoppel defense to the statute of frauds and should not be stricken from the brief.

7.  Emails regarding Mortgage, Rental, Income, Partnership Interest.

Defendants' request that this Court "strike" a full page of Plaintiffs' brief in which the "part performance" and "equitable estoppel" defenses to the statute of frauds are discussed with references to the emails.  At the outset, it should be noted that the email writings cited are already part of the Court record and are contained in Documents 19-1, pages 69-94, 36-8 and 36-9.  The email discussions of the parties leading up to the Plaintiffs' investment of five hundred fifty thousand ($550,000) dollars are unquestionably relevant to the Plaintiffs' statute of frauds defenses of "part performance" and "equitable estoppel".  There is no basis for striking the brief sections pursuant to Fed. Rule Civil Pro. 12(f).

Similarly, the actions of the Defendants in forwarding profit payments, receipts, and reports to the Plaintiffs for their ownership shares in the Kauai investment property are relevant to both the "part performance" and "equitable estoppel" defenses to the Statute of Frauds Motion to Dismiss.  The Defendants are requesting that the Court consider its documentary exhibits only and disregard the Plaintiffs' documentary exhibits proffered in defense to the potentially dispositive motion.  The 2013 Shareholder Reports are referenced in this Court's Order denying the Defendants' first Motion to Dismiss.  (Document 39, page 4, lines 20-21).

8.  Defendants Request That the Emails Regarding the Formation of an LLC and the "Plans for Ke Aloha" Memorandum be Stricken.

Defendants have requested a more definite statement on the one hand, yet move to strike pages 14 and 15 of Plaintiffs' Opposition which provide more details on the same topics on the other hand.  This Motion to Strike should be denied.

The "Plans for Ke Aloha" Memorandum is discussed in the Court's Order denying the

- 10 -

first Motion to Dismiss at pages 3 and 4, (Document 39) and is in itself a more definite statement of the parties' intentions with respect to the joint venture. The striking of Plaintiffs' brief section discussing the Plans for Ke Aloha Memorandum would serve no legitimate purpose in this case and is not authorized by Fed Rule of Civil Pro. 12(f).

9. Defendants Request that the Letter and May 24, 2014 Check be Stricken.

The Documentary Exhibit 2 to the Opposition Brief should not be stricken. Plaintiffs attached as Exhibit 2 to the Opposition to the second Motion to Dismiss a letter from Defendant, Glenn Rudolfsky dated May 27, 2014. (Document 49-2). This letter constitutes the first time Mr. Rudolfsky took the position that the "bridge mortgage", which was to be in place only until the limited liability company was formed, was the final document governing the parties' relationship. This letter is a complete departure from the terms of the "Plans for Ke Aloha" Memorandum and the previous emails between the parties which date back to 2011. The document is very relevant to the Plaintiffs' "equitable estoppel" defense to the statute of frauds and should not be stricken.

Moreover, Exhibit 2 contains a copy of a check written by Defendant Kim Rudolfsky for $19,785.15 which does not comport with the terms of the mortgage. Part of the Defendants' second Motion to Dismiss requests a more definite statement of Defendant Kim Rudolfsky's role in the joint venture. The check shows her involvement in the joint venture as the bookkeeper for the joint venture. It defies logic that Defendants are requesting that they be allowed to submit, three exhibits pertaining to the bridge mortgage with their second Motion to Dismiss, and then attempt to strike the letter and check which Defendants wrote concerning the very same bridge mortgage. The Complaint clearly alleges a temporary bridge mortgage. (Document 4, page 4, lines 8-10). Documents pertaining to that bridge mortgage should be allowed by both sides.

**CONCLUSION**

1. The Motion to Strike should be denied; and

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

- 11 -

2.  The second Motion to Dismiss should be treated as a Motion for Summary Judgment due to the presentation by Defendants of matters outside the pleadings as Exhibits to the Motion.

3.  The second Motion to Dismiss should be denied due to the multiple triable issues of material law and fact which have been raised herein.

Dated this 3rd day of December, 2015.

By:   *s/s Elizabeth J. Foley*
Elizabeth J. Foley
Nevada Bar No.: 1509
601 So. Rancho Dr., Suite A-1
Las Vegas, Nevada  89106
*Attorney for Plaintiffs*

CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that on the 3rd day of December, 2015, I caused the document entitled Opposition to Defendants' Motion to Strike, to be served by electronically transmitting the document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*s/s Debbie Skillin*
An Employee of Elizabeth J. Foley

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

- 12 -