**HOWARD & HOWARD ATTORNEYS PLLC**
Jay Young, Esq.
Nevada Bar No. 5562
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Tel: 702 257-1483
Fax: 702 567-1568
jay@h2law.com
*Attorneys for Defendants'*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAX RUHLMAN and ERIC SAMBOLD,<br><br>Plaintiffs,<br><br>v.<br><br>GLENN RUDOLFSKY, individually, and DBA HOUSE OF DREAM KAUAI and HOUSE OF DREAMS HAWAII; KIM D. RUDOLFSKY, AKA KIM DAPOLITO, individually; and DBA HOUSE OF DREAM KAUAI and HOUSE OF DREAMS, HAWAII,<br><br>Defendants'. | CASE NO.: 2:14-cv-00879-RFB-NJK<br><br>**REPLY IN SUPPORT OF MOTION TO STRIKE MATTERS OUTSIDE THE PLEADINGS** |

Defendants', Glenn Rudolfsky (hereinafter "Mr. Rudolfsky") and Kim Rudolfsky (hereinafter "Mrs. Rudolfsky") (hereinafter collectively the "Defendants'"), by and through their undersigned counsel,[1] file this Reply in Support of their Move to Strike.

---

[1] Plaintiffs apparently believe it is pejorative to incorrectly characterize Defendants as having "engaged the Chicago firm of Howard and Howard to file a Motion to Dismiss . . . ." Doc. 52 at 2:2-4. While it is unclear why, even if true, this information might sway the Court, in case the matter is of import, the undersigned counsel hopes the following explanation will satisfy any inquiry. First, the undersigned counsel has been licensed to and has practiced law in Nevada since 1994 http://www.nvbar.org/lawyer-detail/7052 (last visited December 10, 2015). Second, Howard & Howard is, in fact, a law firm founded in 1869 in Kalamazoo, Michigan. It is now based in Royal Oak, Michigan with offices in Las Vegas, Nevada, Ann Arbor, Michigan, Chicago, Illinois, and Peoria, Illinois. http://h2law.com/en/contact/ (last visited December 10,

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

## POINTS AND AUTHORITIES

### I. THE INSTANT MOTIONS IS NOT PROCEDURALLY INCORRECT

Plaintiffs suggest that the instant motion is not procedurally correct. They suggest that Judge Dorsey held as much in the unreported case of HPEV, Inc. v. Spirit Bear Ltd., No. 2:13-CV-01548-JAD, 2014 WL 6634838, at *5 (D. Nev. Nov. 21, 2014). In fact, Judge Dorsey did not hold any such thing. At most, she suggested that "[t]he term 'strike' is a misnomer[,]" but recognized the Court could "disregard" certain matters in pleadings. Id. ("Although I could exercise my discretion to disregard this argument because of its timing, I choose instead to disregard it because I conclude it is not pertinent to my analysis. Accordingly, the motion to 'strike' is denied.") If the Court concludes that the use of the word "strike" is misplaced, Defendants invite the Court to consider this as a request that the Court disregard the improper reference to matters outside the pleadings presented by Plaintiffs.

Plaintiffs, however, failed to alert the Court to a published case coming to a different conclusion than their narrative that the instant motion is improper. The Court in Collins v. Palczewski, 841 F. Supp. 333, 335 (D. Nev. 1993) failed to express any disapproval of the use of a "Motion to Strike" in these circumstances and concluded in that case that it would "not consider" exhibits, of which it noted the "the vast majority of materials are outside the face of the pleadings." Id. This Court is therefore not foreclosed from considering this motion. Whether it does so to "strike" or to simply "disregard" the improper documents is of no import, but the documents are not proper and should not be considered.

///

---

2015). The Las Vegas office was opened in 2005 and now employs 18 attorneys. http://h2law.com/en/people/atty_GroupResults.aspx?SearchType=8&relateID=300 (last visited December 10, 2015).

## II. DEFENDANTS DID NOT "INVITE CONSIDERATION OF MATTERS OUTSIDE THE PLEADINGS"

Plaintiffs suggest Defendants invited this Court to consider matters outside the pleadings. This argument has no merit. Plaintiffs argue Defendants' submission of "156 pages of documents outside the pleadings as exhibits to their first and second Motions to Dismiss" somehow opens the door to Plaintiffs to submit documents outside the pleadings in response to the instant motion. Doc. 52 at 2:19-20. This claim deserves some analysis, but is fatally flawed.

### A. The Court Must Allow Matters Outside The Pleadings On A Motion to Dismiss For Lack Of Jurisdiction

Defendants' Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction and Forum Non Conveniens (Doc. 14) properly submitted matters outside the pleadings, as the same are appropriate in such circumstances. Plaintiffs do not deny the Ninth Circuit has long held that for the purposes of considering a motion to dismiss on the grounds of subject matter jurisdiction, a court may consider matters outside the pleadings. See generally Association of American Medical Colleges v. U.S., 217 F.3d 770, 778 (9th Cir. 2000). "There never has been any serious doubt as to the availability of extra-pleading material on these motions." Michel v. Am. Capital Enterprises, Inc., 884 F.2d 582 (9th Cir. 1989) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1366, at 676 (1969) (footnote omitted)).

That fact does not allow the Court to thereafter consider those same documents on a Rule 12(b)(6) motion, however. The Court may similarly entertain a motion for injunctive relief and thereafter consider a Rule 12(b)(6) without considering the matters once before the Court. See Santa Monica Community College v. Mason, 952 F.2d 407, 1991 WL 270727, *3 (9th Cir. 1991) (concluding that the submission of declarations and exhibits from a motion for preliminary

injunction to the court on a motion to dismiss constitutes submission of matters outside the pleadings). Again, Plaintiffs fail to refute this clear Ninth Circuit law.

Several courts have entertained such motions at the same time (motion to dismiss for lack of jurisdiction and for failure to state a claim) and have allowed the outside documents for jurisdictional purposes, but refused to allow them for the Rule 12(b)(6) purposes. U.S. E.E.O.C. v. Pioneer Hotel, Inc., No. 2:11-CV-1588-LRH-RJJ, 2013 WL 129390, at *2 (D. Nev. Jan. 9, 2013) reconsideration denied, No. 2:11-CV-1588-LRH-GWF, 2013 WL 3353389 (D. Nev. July 2, 2013) (considered matters outside pleadings when determining Motion to Dismiss for lack of jurisdiction, but refused to consider regarding Rule 12(b)(6) for failure to state a claim upon which relief may be granted); Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). When a defendant files a motion on 12(b)(2) and 12(b)(6) grounds, the court may consider extra-pleading material when determining whether it has personal jurisdiction over Defendants' but exclude the same evidence from consideration of whether the complaint states a claim, even when the two questions turn on the same issue. Stewart v. Screen Gems-EMI Music, Inc., 81 F. Supp. 3d 938, 951 (N.D. Cal. 2015) (citing Righthaven, LLC v. Va. Citizens Def. League, Inc., No. 1:10–cv–01783–GMN, 2011 WL 2550627, at *6 & n. 1 (D. Nev. June 23, 2011) (considering a declaration in the context of determining personal jurisdiction but not to determine the sufficiency of the complaint); High v. Choice Mfg. Co., No. C–11–5478– EMC, 2012 WL 3025922, at *4–6 (N.D. Cal. July 24, 2012) (where both personal jurisdiction and the sufficiency of the complaint both turned on the question of alter ego, considering extra-pleading evidence with respect to the 12(b)(2) challenge but excluding the extra-pleading evidence from the 12(b)(6) analysis); Abosakem v. Royal Indian Raj Int'l Corp., No. C–1001781 MMC, 2011 WL

635222, at *10 n. 7 (N.D. Cal. Feb. 11, 2011) (considering a declaration in the context of determining personal jurisdiction but not to determine the sufficiency of the complaint)).

Plaintiffs ignore these authorities as well, apparently conceding there are two separate and distinct standards for determining these two types of motions. The instant matter, pursuant to Rule 12(b)(6), does not envision consideration of matters outside the pleadings, while jurisdictional motions allow matters outside the pleadings. The fact that the Court heard the jurisdictional matter first does not now allow Plaintiffs or the Court to ignore the constructs of Rule 12(b)(6).

### B. The Three Documents Attached To Defendants' Motion To Dismiss Are Not Outside The Pleadings

Plaintiffs complain that Defendants attached three exhibits to the Motion to Dismiss (Doc. 48) regarding the "bridge mortgage," yet admit their Complaint **references** the same "bridge mortgage" at Paragraph 18. Doc. 52 at 6:5-9. Defendants did attach to their Motion to Dismiss, documents which were referred to in Plaintiffs' Complaint. When doing so, Defendants informed the Court and Plaintiffs that the same were not matters outside the pleadings. The Court's attention is invited to Doc. 48, footnote 3 on page 3, line 28. It provides:

> See Exhibits 1-3 attached hereto and incorporated herein by this reference. Documents referenced in a complaint are not considered matters outside the pleadings. See In re: Silicon Graphics Inc. Securities Litigation, 183 F.3d 970, 986 (9th Cir. 1999).

Plaintiffs apparently concede this point, as they failed to address it in their opposition. Indeed, it is incontrovertibly established law in this District and in the Ninth Circuit that documents **referenced** in a complaint are not considered matters outside the pleadings. Venetian Casino Resort, L.L.C. v. Cortez, 96 F. Supp. 2d 1102, 1106 (D. Nev. 2000) (While a district court must normally ignore those matters that lie outside the pleadings, it may consider: (1) documents

physically attached to the complaint, see Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir.), cert. denied, 484 U.S. 944, 108 S.Ct. 330, 98 L.Ed.2d 358 (1987); (2) documents of undisputed authenticity that are alleged or referenced within the complaint, see Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994); and (3) public records and other judicially noticeable evidence, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986)). Since Plaintiffs admit that the mortgage documents are referenced in the Complaint, their attachment to the Motion does not violate any prohibition, and will not convert the motion to one under Rule 56.

Unfortunately, Plaintiffs failed to cite to this controlling law, instead arguing that Defendants use of the documents excuse Plaintiffs' response with documents of their own. Doc. 52 at 6:3-15. In doing so, however, Plaintiffs unwittingly make Defendants' case for them. Since the matters presented are not outside the pleadings, Plaintiffs are not allowed to respond with documents of their own. Plaintiffs correctly cite Crockett and Meyers v. Napier, Fitzgerald and Kirby, 401 F. Supp. 2d 1120 (D. Nev. 2005) for the proposition that "[o]nly in cases in which the moving party submits nothing outside the pleadings with a 12(b)(6) motion can the moving party complain when the non-moving party responds with documentary exhibits." Doc. 52 at 6:3-11.

### III. DEFENDANTS PROVIDED THE COURT WITH ADEQUATE REASON TO STRIKE OR DISREGARD

Plaintiffs argue Defendants have made no showing of an adequate basis for the Court striking or disregarding. Plaintiffs then proceed to re-argue their opposition to the Motion to Dismiss. Defendants decline to engage the same, instead invite the Court's attention to their briefing on that matter, which they incorporate herein for this purpose.

The Court should note, however, that Plaintiffs' constant refrain that the attached documents don't contain "redundant, immaterial, impertinent, or scandalous" material is a classic red herring. The ruse is no doubt an attempt to distract the Court from the inescapable conclusion that Plaintiffs have improperly attached matters outside the pleadings in response to a Rule 12(b)(6) motion to dismiss.

## IV. THE COURT SHOULD NOT CONVERT THE MOTION TO ONE FOR SUMMARY JUDGMENT

As has been demonstrated herein, Defendants' submission of exhibits does not constitute attaching matters outside the pleadings. Defendants therefore object to the Court considering any matter outside the pleadings, thereby converting this matter to one for summary judgment. Moreover, Plaintiffs' assertion that the matter has already been converted and that Defendants are under sufficient notice already to require the matter to be considered under Rule 56, is misplaced. The argument relied for its premise on Plaintiffs' faulty assertion that Defendants attached matters outside the pleadings. Having dispensed with this red herring, the Court must consider the uncontroverted caselaw requiring additional notice before the Court can rule on a summary judgment basis.

Plaintiffs apparently concede that in the Ninth Circuit, "a motion to dismiss is not automatically converted into a motion for summary judgment whenever matters outside the pleading happen to be filed with the court and not expressly rejected by the court." North Star Int'l v. Arizona Corporation Comm'n, 720 F.2d 578, 582 (9th Cir. 1983) (holding that district court properly treated motion as motion to dismiss, despite presence of affidavits, where there was no indication of the court's reliance on outside materials and the court expressly stated that it was dismissing for failure to state a claim upon which relief could be granted); Keams v. Temple Technical Institute, Inc., 110 F.3d 44, 46 (9th Cir. 1997)

("12(b)(6) motion need not be converted into a motion for summary judgment when matters outside the pleading are introduced, provided that 'nothing in the record suggest[s] reliance' on those extraneous materials."). Rather, "a district court must take some affirmative action to effectuate conversion." Swedberg v. Marotzke, 339 F.3d 1139, 1142 (9th Cir. 2003).

Once the Court decides to accept any matter outside the pleadings, Rule 12 requires conversion to summary judgment treatment. Wright & Miller, supra, at § 1366. Further, it is reversible error for the Court to consider matters outside the pleadings without converting the matter to one with summary judgment treatment. Id. Thus, as the Second Circuit noted, the court errs when it "consider[s] affidavits and exhibits submitted by Defendants' in support of a motion to dismiss." Kopec v. Coughlin, 922 F.2d 152, 155 (2d Cir. 1991).

Conversion to summary judgment in this matter would not be appropriate at this stage of the litigation. Courts have recognized that the exercise of discretion to grant summary judgment treatment of a motion to dismiss where no little or no discovery has been conducted by the parties is not warranted and would be improper. Brennan v. Nat'l Tel. Directoy Corp., 850 F. Supp. 331 (E.D. Penn. 1994) (citing Brug v. The Enstar Group, Inc., 755 F.Supp. 1247, 1251 (D. Del. 1991); Ospina v. Dept. of Corrections, 749 F.Supp. 572, 574 (D. Del. 1990)(citing Melo v. Hafer, 912 F.2d 628, 634 (3rd Cir.1990), affd, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991)). Conversion to summary judgment treatment would be improper here because no reasonable opportunity has been given to Defendants' to obtain and submit the additional evidentiary materials needed to counter a summary judgment motion. 27A Fed. Proc., L. Ed. § 62:611. The Ninth Circuit has recognized that granting summary judgment without allowing any discovery is error. See generally Alghanim v. Boeing Co., 477 F.2d 143, 148, n.9, 149 (9th Cir. 1973) (Rule 56(f) motion

should have been granted to permit plaintiff time to file personal affidavit from residence in Kuwait; additional discovery allowed "(i)nasmuch as further proceedings must be had..."). Further, other circuits agree. Egelston v. State Univ. College at Genesco, 535 F.2d 752, 754 (2nd Cir. 1976) (dismissal of a sex discrimination case without allowing plaintiff any discovery was error); Ward v. United States, 471 F.2d 667, 670 (3rd Cir. 1973)(Rule 56(f) motion should have been granted where there had been no discovery at all on critical negligence issue).

## V. CONCLUSION

For the reasons stated hereinabove, Defendants respectfully request that the Court grant the instant motion.

DATED this 14th day of December, 2015.

**HOWARD & HOWARD ATTORNEYS PLLC**

By: _____
Jay Young, Esq.
Nevada Bar No. 5562
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
*Attorneys for Defendants'*

## CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P. 5(b), I certify that on the 14th day of December 2015, I cause the foregoing REPLY IN SUPPORT OF MOTION TO STRIKE MATTERS OUTSIDE THE PLEADINGS, be to be served by electronically transmitting the document to the Clerk's Office, using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Elizabeth J. Foley, Esq. – efoleylawyer@gail.com

_____
An Employee of Howard & Howard Attorneys PLLC

4828-8687-8507, v. 1