ELIZABETH J. FOLEY
NEVADA BAR 1509
ELIZABETH J. FOLEY LAWYER, LTD.
601 So. Rancho Drive, Suite A-1
Las Vegas, Nevada 89106
Phone: (702) 363-2323
Fax: (702)380-4035
Email: Efoleylawyer@gmail.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES RUHLMANN and ERIC SAMBOLD, <br><br> Plaintiffs, <br><br> v. <br><br> GLENN RUDOLFSKY, individually and KIM D. RUDOLFSKY, individually; and HOUSE OF DREAMS KAUAI, INC., a New York Domestic Business Corporation <br><br> Defendants. | CASE NO.: 2:14-cv-00879-RFB-NJK <br><br><br> **MOTION TO MODIFY SCHEDULING ORDER** |

Plaintiffs, JAMES RUHLMANN and ERIC SAMBOLD, by and through their counsel, ELIZABETH J. FOLEY and MARGARET G. FOLEY, ESQ., respectfully move the Court for an order modifying the June 2, 2016 Discovery Plan to include the later dates set forth in the Amended Joint Discovery Plan filed August 10, 2016 on the basis that good cause exists for such extension.  This Motion is based on the following Points and Authorities, Federal Rule of Civil Procedure 16(b)(4), and Local Rule 26-4.

**POINTS AND AUTHORITIES**

**I.**

**FACTUAL BACKGROUND**

Plaintiffs served written discovery on the Defendants on June 6, 2016.  A true copy of the Requests for Production of Documents and Interrogatories were filed as Documents 92-3 and 92-4. Rather than answer the discovery requests, the Defendants filed a Motion for Protective Order

on July 9, 2016, which was heard by the Court on July 29, 2016 along with four other pending motions. During the course of argument on the Motion for Protective Order, Plaintiffs' counsel brought to the District Judge's attention that the expert witness designation dates in the June 2, 2016 Scheduling Order were no long feasible because the Defendants waited the full thirty days to file the Motion for Protective Order and then waited another three weeks to ask for forty-five more days to respond to the discovery requests. (Exhibit 1 hereto, page 37, lines 24-25 through page 39, line 13). During the course of the July 29, 2016 hearing, the Court stated, "Well, we can always adjust the discovery schedule based on the production, but I also want – obviously want to move forward since the case has been pending for some time now". Exhibit 1, page 39, lines 14-17).

Following the July 29, 2016 hearing, counsel for the parties stipulated to extend the discovery dates to accommodate the delayed start to the discovery caused by the delayed response to the Document Requests and Interrogatories. As of this filing on September 1, 2016, the Discovery served on June 6, 2016, has not yet been substantively responded to or filed a motion to compel.

## II.
## LEGAL DISCUSSION

### 1. DISCOVERY UNDERTAKEN TO DATE

Local Rule 26-4(1) requires that requests for modification of the Court's scheduling orders include a statement specifying the discovery completed. To date, only the discovery filed herein as Documents 92-3 and 92-4. That discovery is due for a response by Defendants on or about September 12, 2016. The District Court granted Defendants an additional forty-five days to respond to the Plaintiffs' discovery at the hearing before the Court on July 29, 2016.[1]

...

---

[1] If the discovery had been answered when due, Plaintiffs would have had the responses on or about July 9, 2016 and would have already begun the deposition phase of the discovery plan or filed a motion to compel.


## 2. DISCOVERY REMAINING TO BE COMPLETED

Local Rule 26-4(2) requires a specific description of the discovery that remains to be completed. Once documents have been produced and interrogatories have been answered, subpoenas will be issued for documents under the control of third parties and the Defendants' Depositions will be taken. Discovery will be conducted on any affirmative defenses raised in the Answer which has yet to be filed by the Defendants. Discovery will be conducted on any counter-claims alleged by the Defendants in their Answer, which has yet to be filed. Experts will then be designated and deposed.

## 3. REASONS REMAINING DISCOVERY IS NOT YET COMPLETED

The Federal Rules of Civil Procedure allow only one deposition per witness without leave of the Court. *Federal Rules of Civil Procedure 30(a)*. The Plaintiffs wish to obtain documents in advance of the depositions so that the depositions are more productive. Plaintiffs would prefer to have an Answer and any counter-claims filed prior to Defendants' depositions so that questioning can be conducted on all affirmative defenses and any counter-claims.

Plaintiffs require financial documents to obtain expert reports for expert witness designations. The Defendants have provided no quarterly reports on the income of the joint venture vacation rental property since early 2014. When the business was started, quarterly reports were promised and provided. This litigation was filed in 2014 and no financial information has been provided to Plaintiffs since the litigation began.

The Court anticipated that the Plaintiffs would file additional requests for production of documents if the Defendants produced summaries in response to the first Request for Production of Documents. The Court stated source documents would later be subject to production on request if the Defendants produced summaries rather than original documents. (See Exhibit 1, page 41, lines 16-25 and page 42, lines 1 through 11). The Court acknowledged the effect of the document production issues on the expert phase of the Discovery Plan.

## 4. SCHEDULE FOR COMPLETING DISCOVERY

Local Rule 26-4(4) requires a proposed schedule for completing all remaining discovery.

**ELIZABETH J. FOLEY**
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 ● Fax: (702) 380-4035

Submitted herewith as Exhibit 2 is the Amended Proposed Discovery Plan filed herein on August 10, 2016. (Doc. 94). Plaintiffs respectfully request that the Court consent to the Amended Plan and order the same.

## CONCLUSION

The discovery dates set forth in the Proposed Amended Joint Discovery Plan filed August 10, 2016 should respectfully be approved by the Court based upon the forgoing showing of good cause.

DATED this 1st day of September, 2016.

/s/ *Elizabeth J. Foley*
ELIZABETH J. FOLEY
601 So. Rancho Drive, Suite A-1
Las Vegas, Nevada  89106
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that on the 1st day of September, 2016, I caused the document entitled **MOTION TO MODIFY SCHEDULING ORDER**, to be served by electronically transmitting the document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*s/s Debbie Skillin*
An Employee of Elizabeth J. Foley

- 4 -