1  Valerie Del Grosso, Esq.
   Nevada Bar No. 11103
2  Del Grosso Law, Ltd.
   4974 S. Rainbow, Suite 100
3  Las Vegas, NV 89118
   (702) 900-1470
4  Fax: (702) 933-9260
   Valerie@DelGrossoLaw.com
5  Attorney for Defendants
   Kim and Glenn Rudolfsky

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

MAX RUHLMAN and ERIC SAMBOLD,

    Plaintiffs,

vs.

GLENN RUDOLFSKY, individually, and DBA HOUSE OF DREAMS KAUAI and HOUSE OF DREAMS HAWAII; KIM D. RUDOLFSKY AKA KIM DAPOLITO, individually, and DBA HOUSE OF DREAMS KAUAI and HOUSE OF DREAMS HAWAII,

    Defendants.

Case No.: 2:14-cv-00879-RFB-NJK

**MOTION FOR PROTECTIVE ORDER**
**(SUBPOENAS)**

    At the Court's request, a copy of the Bank of America subpoena is attached hereto. Defendants are aware of, but have not yet received the Astoria Bank subpoena. Furthermore counsel dropped off to Ms. Foley the 2014 redacted bank statements from both Astoria Bank and Bank of America at 12:20 p.m. today.

Dated this 15th day of November, 2016.

                                                                   Valerie Del Grosso, Esq.
                                                                   Del Grosso Law, Ltd.

**MOTION FOR PROTECTIVE ORDER (SUPPLEMENT)**

# ELIZABETH J. FOLEY

FOLEY LAW CENTER
601 South Rancho Dr., Suite A-1
Quail Park II
Las Vegas, Nevada 89106
Phone: (702) 363-2323 Facsimile: (702) 380-4035
Also admitted in Colorado & Washington, D.C.

October 26, 2016

Bank of America, N.A.
Legal Order Processing
800 Samoset Drive
Newark, DE 19713
DE5-024-02-08

Re: Notice of Taking Deposition

To Whom it May Concern:

Please find enclosed a Notice of Taking Deposition of the Custodian of Records of Bank of America. Enclosed you will also find the Subpoena to Produce Documents as well as the Subpoena to Testify at a Deposition.

This is a records only Subpoena and no appearance is required provided that the requested documents are produced.

Please invoice me for your charges associated with these subpoenas. It would be appreciated if you could confirm your receipt of these subpoenas and provide an estimate of the time required to provide the requested copies.

Thank you in advance for your anticipated cooperation.

Sincerely,

ELIZABETH J. FOLEY

Enclosures: Subpoenas and Notice of Taking Deposition

ELIZABETH J. FOLEY
NEVADA BAR 1509
ELIZABETH J. FOLEY LAWYER, LTD.
601 So. Rancho Drive, Suite A-1
Las Vegas, Nevada   89106
Phone: (702) 363-2323
Fax: (702)380-4035
Email: Efoleylawyer@gmail.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES RUHLMANN and ERIC SAMBOLD,<br><br>Plaintiffs,<br><br>v.<br><br>GLENN RUDOLFSKY, individually and KIM D. RUDOLFSKY, individually; and HOUSE OF DREAMS KAUAI, INC., a New York Domestic Business Corporation<br><br>Defendants. | CASE NO.: 2:14-cv-00879-RFB-NJK<br><br>NOTICE OF TAKING DEPOSITION OF CUSTODIAN OF RECORDS OF BANK OF AMERICA |

Please TAKE NOTICE that the Plaintiffs will take the deposition of the CUSTODIAN OF RECORDS of BANK OF AMERICA on December 2, 2016 at 10:00 a.m. PST at the Law Office of ELIZABETH J. FOLEY, 601 South Rancho Drive, Suite A-1, Las Vegas, Nevada 89106, pursuant to the Subpoenas attached hereto as Exhibits 1 and 2, upon oral examination, and pursuant to Rule 26 of the Nevada Rules of Civil Procedure, before a Notary Public or some other officer authorized by law to administer oaths. You are invited to attend and cross examine.

DATED this 26th day of October, 2016.

/s/ Elizabeth J. Foley
ELIZABETH J. FOLEY
601 So. Rancho Drive, Suite A-1
Las Vegas, Nevada   89106
Attorney for Plaintiffs

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| JAMES RUHLMANN and ERIC SAMBOLD | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:14-cv-00879-RFB-NJK |
| GLENN & KIM RUDOLFSKY, individually HOUSE OF DREAMS KAUAI, INC. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: BANK OF AMERICA, N.A., Legal Order Processing
P.O. BOX 15047, Wilmington, DE  19850-5047

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  SEE EXHIBIT 1

| Place: 601 S. Rancho Dr., Suite A-1 Las Vegas, NV 89106 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | OR | *[signature]* |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __JAMES__ RUHLMANN and ERIC SAMBOLD _____, who issues or requests this subpoena, are:
ELIZABETH J. FOLEY, 601 S. Rancho Dr., Ste. A-1, Las Vegas, NV 89106, efoleylawyer@gmail.com, 702-363-2323

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:14-cv-00879-RFB-NJK

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 1

A. The term "PERSON" includes without limitation any natural person, firm, association, partnership, corporation, or any other form of legal entity.

B. The terms "YOU" and "YOUR" mean Defendants GLENN RUDOLFSKY and/or KIM RUDOLFSKY and/or HOUSE OF DREAMS KAUAI, INC., including each of its current and former agents, employees, attorneys, consultants, investigators, accountants, bankers and all other persons acting on its behalf.

C. The term "PLAINTIFF(S)" mean(s) JAMES "MAX" RUHLMANN and/or ERIC SAMBOLD, including each of their former agents, employees, attorneys, consultants, investigators, accountants, and all other persons acting on their behalf.

D. The term "COMMUNICATION" or "COMMUNICATIONS" means any transmission of information from one person to another, including without limitation by personal meeting, telephone, letter, telegraph, electronic correspondences, teleconference, facsimile, or telex.

E. The term "DOCUMENT" or "DOCUMENTS" shall, consistent with Rule 34(a) of the Federal Rules of Civil Procedure, mean all physical or "hard copy" documents, including, but not limited to, writings, drawings, graphs, charts, photographs, letters, files, memoranda, calendars, statements and reports.

F. The term "ELECTRONICALLY STORED INFORMATION" shall mean native files (including all embedded files and metadata) of electronic data stored in any medium, including, but not limited to, electronic mail )"e-mail"), voicemail, word processing documents and spreadsheets, audio and video recordings, and any other electronically stored files regardless of the storage medium in which it resides, including, but not limited to, computer hard drives (for example, laptops, desktops, and severs), removable storage media (for example, tapes, disks, cards, and flash memory devices), PDAs, networked drives and optical storage devices such as CDs and DVDs. This definition includes information contained on backup tapes and all other recovery and archival systems. To the extent that YOU possess data in non-standard formats (including legacy data), YOU shall translate such information into a reasonably usable format and produce both the source non-translated data and the translated version.

G. The term "RELATING TO" or "RELATE TO" means constituting, comprising, pertaining to, referring to, recording, evidencing, containing, setting forth, reflecting, showing, disclosing, describing, explaining, summarizing, supporting, contradicting, refuting, or concerning, whether directly or indirectly.

H. The term "LAWSUIT" means the above-captioned action.

### Instructions

A. Unless otherwise specified, the time period covered by each document request is from March 1, 2012 through the present.

B. Each request contained herein extends to all documents in YOUR possession, custody, or control.

C. These requests specifically require the production of all responsive documents, including all responsive information that is stored electronically regardless of the data storage medium or system on which the electronic data resides. These requests thus should be understood to encompass, and the responses should include, ELECTRONICALLY STORED INFORMATION.

D. All ELECTRONICALLY STORED INFORMATION that does not exist in a standard file format shall be translated by YOU into a reasonably usable format. For example, legacy data that con only be read by using obsolete hardware systems and software shall be translated into contemporary formats.

E. To the extent that YOU contend that YOU need not provide discovery of certain responsive ELECTRONICALLY STORED INFORMATION on the ground that the information is not readily accessible, YOU shall identify with particularity: (I) the information that is not reasonably accessible; (ii) the reasons why the information is not reasonably accessible; and (iii) the precise burden and cost associated with production of the information.

F. YOU must identify, by category or type, any sources containing potentially responsive ELECTRONICALLY STORED INFORMATION that YOU are not searching. This identification should provide enough detail to enable PLAINTIFF to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources.

G. If YOU claim for any reason that certain electronic data sources need not be searched or that data

from certain sources need not be produced, YOU shall make reasonable data samples available to PLAINTIFFS' counsel and provide access to the data sources for testing and analysis at a time and in a manner that is convenient for the parties.

H. The identification obligations contained in Instructions M and N below do not relieve YOU of any common law or statutory duty to preserve evidence in this LAWSUIT. YOU should preserve all relevant and potentially relevant information regardless of the source of that information.

I. YOU shall take measures to ensure that any processes by which potentially relevant information could be automatically deleted or overwritten shall be suspended until such time as the parties have come to agreements regarding the treatment of such automatic computer processes.

J. YOU must not remove or degrade the ability of ELECTRONICALLY STORED INFORMATION to be searched and must provide native text-searchable copies of documents in the event that certain documents exist in both searchable and non-searchable formats.

K. If documents exist in both electronic and non-electronic form of if multiple copies of the same document exist in the same form, YOU shall produce all copies and may not selectively choose which format or version will be produced.

L. To the extent that YOU contend that potentially relevant documents might reside on dynamic databases or other non-static computer systems, YOU shall identify all such databases or systems with specificity and identify the types of potentially relevant documents that might reside on such databases or systems.

M. If YOU assert any privilege in responding to any request, describe in detail in each instance the type of privilege asserted, the basis for the assertion, all facts relied upon in support of the claim of privilege or related thereto, and identify, to the fullest extent short of waiver, all information as to which YOU claim a privilege.

N. If privileged or protected information stored in electronic data is inadvertently produced, YOU may by timely notice assert the privilege or protection and YOU may obtain return of the materials without waiver. For this reason, YOU may not avoid or delay production obligations based on blanket, non-specific assertions of privilege or other protection.

O. If, after making your initial production and inspection, YOU obtain or become aware of any further DOCUMENTS or ELECTRONICALLY STORED INFORMATION responsive to these requests, YOU are required to produce such additional documents to PLAINTIFFS' counsel in this LAWSUIT pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

P. In construing any Request, the singular form of a word shall be interpreted as plural and plural as singular as necessary to bring within the scope of the Request any information or documents which might otherwise be construed to be outside its scope.

Q. In construing any Request, whenever appropriate, "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request any information which might otherwise be construed to be outside its scope; and "all" shall mean "any and all," unless the context requires otherwise.

R. Each Request shall be construed independently and not with reference to any other Request herein for purposes of limitation, unless a Request so specifies.

### Documents To Be Produced for Inspection And Copying

A. All DOCUMENTS and ELECTRONICALLY STORED INFORMATION related to DEFENDANT HOUSE OF DREAMS KAUAI, INC.

B. All DOCUMENTS and ELECTRONICALLY STORED INFORMATION constituting, discussing, referring to, or relating to any account(s), including application(s) and signature card(s), any business transactions, loans, purchases, merchant accounts, deposits, deposit slips, electronic fund transfers and all checks written regarding HOUSE OF DREAMS KAUAI, INC., including, but not limited to, account number          !239, from March 1, 2012 through the present.

- 4 -

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| JAMES RUHLMANN and ERIC SAMBOLD ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:14-cv-00879-RFB-NJK |
| GLENN & KIM RUDOLFSKY, individually ) | |
| HOUSE OF DREAMS KAUAI, INC. ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Bank of America, N.A., Legal Order Processing, P.O. Box 15047, Wilmington, DE 19850-5047

*(Name of person to whom this subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 601 S. Rancho Dr., Suite A-1 Las Vegas, NV 89106 | Date and Time: 11/04/2016 10:00 am |
|---|---|

The deposition will be recorded by this method: **Court Reporter**

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: SEE EXHIBIT 1

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | OR | /s/ Elizabeth Foley |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **JAMES RUHLMANN and ERIC SAMBOLD** , who issues or requests this subpoena, are:

ELIZABETH J. FOLEY, 601 S. Rancho Dr., Ste. A-1, Las Vegas, NV 89106, efoleylawyer@gmail.com, 702-363-2323

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT 1

A. The term "PERSON" includes without limitation any natural person, firm, association, partnership, corporation, or any other form of legal entity.

B. The terms "YOU" and "YOUR" mean Defendants GLENN RUDOLFSKY and/or KIM RUDOLFSKY and/or HOUSE OF DREAMS KAUAI, INC., including each of its current and former agents, employees, attorneys, consultants, investigators, accountants, bankers and all other persons acting on its behalf.

C. The term "PLAINTIFF(S)" mean(s) JAMES "MAX" RUHLMANN and/or ERIC SAMBOLD, including each of their former agents, employees, attorneys, consultants, investigators, accountants, and all other persons acting on their behalf.

D. The term "COMMUNICATION" or "COMMUNICATIONS" means any transmission of information from one person to another, including without limitation by personal meeting, telephone, letter, telegraph, electronic correspondences, teleconference, facsimile, or telex.

E. The term "DOCUMENT" or "DOCUMENTS" shall, consistent with Rule 34(a) of the Federal Rules of Civil Procedure, mean all physical or "hard copy" documents, including, but not limited to, writings, drawings, graphs, charts, photographs, letters, files, memoranda, calendars, statements and reports.

F. The term "ELECTRONICALLY STORED INFORMATION" shall mean native files (including all embedded files and metadata) of electronic data stored in any medium, including, but not limited to, electronic mail )"e-mail"), voicemail, word processing documents and spreadsheets, audio and video recordings, and any other electronically stored files regardless of the storage medium in which it resides, including, but not limited to, computer hard drives (for example, laptops, desktops, and severs), removable storage media (for example, tapes, disks, cards, and flash memory devices), PDAs, networked drives and optical storage devices such as CDs and DVDs. This definition includes information contained on backup tapes and all other recovery and archival systems. To the extent that YOU possess data in non-standard formats (including legacy data), YOU shall translate such information into a reasonably usable format and produce both the source non-translated data and the translated version.

1  G. The term "RELATING TO" or "RELATE TO" means constituting, comprising, pertaining to,
2  referring to, recording, evidencing, containing, setting forth, reflecting, showing, disclosing,
3  describing, explaining, summarizing, supporting, contradicting, refuting, or concerning, whether
4  directly or indirectly.
5  H. The term "LAWSUIT" means the above-captioned action.

### Instructions

7  A. Unless otherwise specified, the time period covered by each document request is from March 1,
8  2012 through the present.
9  B. Each request contained herein extends to all documents in YOUR possession, custody, or control.
10 C. These requests specifically require the production of all responsive documents, including all
11 responsive information that is stored electronically regardless of the data storage medium or system
12 on which the electronic data resides. These requests thus should be understood to encompass, and
13 the responses should include, ELECTRONICALLY STORED INFORMATION.
14 D. All ELECTRONICALLY STORED INFORMATION that does not exist in a standard file format
15 shall be translated by YOU into a reasonably usable format. For example, legacy data that con only
16 be read by using obsolete hardware systems and software shall be translated into contemporary
17 formats.
18 E. To the extent that YOU contend that YOU need not provide discovery of certain responsive
19 ELECTRONICALLY STORED INFORMATION on the ground that the information is not readily
20 accessible, YOU shall identify with particularity: (I) the information that is not reasonably
21 accessible; (ii) the reasons why the information is not reasonably accessible; and (iii) the precise
22 burden and cost associated with production of the information.
23 F. YOU must identify, by category or type, any sources containing potentially responsive
24 ELECTRONICALLY STORED INFORMATION that YOU are not searching. This identification
25 should provide enough detail to enable PLAINTIFF to evaluate the burdens and costs of providing
26 the discovery and the likelihood of finding responsive information on the identified sources.
27 G. If YOU claim for any reason that certain electronic data sources need not be searched or that data

from certain sources need not be produced, YOU shall make reasonable data samples available to PLAINTIFFS' counsel and provide access to the data sources for testing and analysis at a time and in a manner that is convenient for the parties.

H. The identification obligations contained in Instructions M and N below do not relieve YOU of any common law or statutory duty to preserve evidence in this LAWSUIT. YOU should preserve all relevant and potentially relevant information regardless of the source of that information.

I. YOU shall take measures to ensure that any processes by which potentially relevant information could be automatically deleted or overwritten shall be suspended until such time as the parties have come to agreements regarding the treatment of such automatic computer processes.

J. YOU must not remove or degrade the ability of ELECTRONICALLY STORED INFORMATION to be searched and must provide native text-searchable copies of documents in the event that certain documents exist in both searchable and non-searchable formats.

K. If documents exist in both electronic and non-electronic form of if multiple copies of the same document exist in the same form, YOU shall produce all copies and may not selectively choose which format or version will be produced.

L. To the extent that YOU contend that potentially relevant documents might reside on dynamic databases or other non-static computer systems, YOU shall identify all such databases or systems with specificity and identify the types of potentially relevant documents that might reside on such databases or systems.

M. If YOU assert any privilege in responding to any request, describe in detail in each instance the type of privilege asserted, the basis for the assertion, all facts relied upon in support of the claim of privilege or related thereto, and identify, to the fullest extent short of waiver, all information as to which YOU claim a privilege.

N. If privileged or protected information stored in electronic data is inadvertently produced, YOU may by timely notice assert the privilege or protection and YOU may obtain return of the materials without waiver. For this reason, YOU may not avoid or delay production obligations based on blanket, non-specific assertions of privilege or other protection.

- 3 -

O. If, after making your initial production and inspection, YOU obtain or become aware of any further DOCUMENTS or ELECTRONICALLY STORED INFORMATION responsive to these requests, YOU are required to produce such additional documents to PLAINTIFFS' counsel in this LAWSUIT pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

P. In construing any Request, the singular form of a word shall be interpreted as plural and plural as singular as necessary to bring within the scope of the Request any information or documents which might otherwise be construed to be outside its scope.

Q. In construing any Request, whenever appropriate, "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request any information which might otherwise be construed to be outside its scope; and "all" shall mean "any and all," unless the context requires otherwise.

R. Each Request shall be construed independently and not with reference to any other Request herein for purposes of limitation, unless a Request so specifies.

## Documents To Be Produced for Inspection And Copying

A. All DOCUMENTS and ELECTRONICALLY STORED INFORMATION related to DEFENDANT HOUSE OF DREAMS KAUAI, INC.

B. All DOCUMENTS and ELECTRONICALLY STORED INFORMATION constituting, discussing, referring to, or relating to any account(s), including application(s) and signature card(s), any business transactions, loans, purchases, merchant accounts, deposits, deposit slips, electronic fund transfers and all checks written regarding HOUSE OF DREAMS KAUAI, INC., including, but not limited to, account number            2239, from March 1, 2012 through the present.

- 4 -

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that on the 15th day of November, 2016, I caused the foregoing document to be served electronically through the Court's CM/ECF system to:

Elizabeth J. Foley, Esq.,; efoleylawyer@gmail.com.

/s/ Valerie Del Grosso, Esq.