UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAX RUHLMAN, et al., | Case No. 2:14-cv-00879-RFB-NJK |
| Plaintiff(s), | |
| v. | ORDER |
| GLENN RUDOLFSKY, et al., | (Docket Nos. 127, 128) |
| Defendant(s). | |

Pending before the Court is Defendants' motion for protective order or to quash subpoenas, filed on an emergency basis on November 14, 2016. Docket Nos. 127, 128. Plaintiffs filed a response in opposition. Docket No. 132. The motions came on for an expedited hearing on November 17, 2016. Docket No. 133. For the reasons discussed more fully below, the motions are both **DENIED**.

For purposes of these motions, the Court assumes without deciding both that a party has standing to move to quash a subpoena based on a "personal right or privilege" in the documents sought and that a party has a personal right in his banking records sufficient to establish standing.[1] Assuming all of that as true, however, the Court fails to discern how Defendants' concerns regarding the banking records cannot be sufficiently addressed through the entry of a stipulated protective order. *See, e.g.*, *Paws Up Ranch*, 2013 WL 6184940, at *4 (citing *In re Heritage Bond Litig.*, 2004 WL 1970058, at *5 n.12 (C.D.

---

[1] To be clear, there is no "privilege" in banking records, however. *See, e.g.*, *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, at *3 (D. Nev. Nov. 22, 2013).

Cal. July 23, 2004)).  At the hearing, Defendants' counsel insinuated that Plaintiff's counsel might not comply with the terms of a stipulated protective order.  *See* Hearing Rec. (11/17/2016) at 8:43, 8:45 - 8:46 a.m.  Such speculation is not persuasive.  *See, e.g.*, *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1211 (Fed. Cir. 1987) ("We will not assume that counsel would breach the duty of an officer of the court by disclosing sales information to Truswal or to any Hyrdro-Air competitor in violation of a protective order").  Similarly, Defendants' counsel conveyed Defendants' general reluctance to disclose the information given their view that it is competitively sensitive.  *See* Hearing Rec. (11/17/2016) at 8:42 - 8:43 a.m.  This contention is also unpersuasive.  *Cf. Truswal*, 813 F.2d at 1211 (finding that the "normal and expected reluctance" to divulge sensitive information "is in itself an insufficient basis on which to deny discovery of that information under appropriate protection from divulgement to competitors").  Lastly, Defendants' counsel expressed concern that it may be necessary to file these documents with the Court at some point.  *See* Hearing Rec. (11/17/2016) at 8:45 a.m.  This contention similarly fails as there are procedures available to enable the sealing or *in camera* review of documents if the appropriate standards can be met.  *See* Local Rule IA 10-5; *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

Because the entry of a stipulated protective order is sufficient to address the concerns presented, the pending motions are both **DENIED**.  The Court **ORDERS** the parties to formulate a stipulated protective order and to file it by November 23, 2016.  Until such protective order is entered, Plaintiffs' counsel shall not disclose to any person any banking records received in connection with the disputed subpoenas.  Once the protective order is entered, the banking records shall be designated as "highly confidential," such that they are reviewable only by attorneys and accounting experts.  The stipulated protective order shall also provide that the subpoenaed records will be destroyed within 60 days of the termination of this litigation, including any subsequent appeal.

IT IS SO ORDERED.

DATED: November 17, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge