UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAX RUHLMAN, et al., ) | Case No. 2:14-cv-00879-RFB-NJK |
| Plaintiff(s), ) | |
| ) | ORDER |
| vs. ) | |
| ) | (Docket No. 153) |
| GLENN RUDOLFKSY, et al., ) | |
| ) | |
| Defendant(s). ) | |

     Pending before the Court is Defendants' motion to disqualify John Brebbia as counsel for Plaintiffs. Docket No. 153. Plaintiffs filed a response in opposition, Docket No. 156, and Defendants filed a reply, Docket No. 161. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is **GRANTED** to the extent it relates to disqualification only, and is otherwise **DENIED**.

     Defendants argue that attorney John Brebbia must be disqualified as counsel. That request is founded on two different provisions of the Nevada Rules of Professional Conduct. First, Defendants argue that disqualification is required under Rule 3.7, which prohibits necessary witnesses from acting as trial counsel. Docket No. 153 at 5-8. Second, Defendants argue that disqualification is required under Rule 1.9(a), which prohibits a lawyer who formerly represented a client from representing an adverse client in a substantially related matter. Docket No. 153 at 8-10.

     Plaintiffs failed to oppose in any fashion the argument that Mr. Brebbia must be disqualified under Rule 1.9(a) as having a conflict of interest. The Court takes that silence as acquiescence that

disqualification is required under Rule 1.9(a).  *See* Local Rule 7-2(d); *see also Newdow v. Congress of the United States of America*, 435 F. Supp. 2d 1066, 1070 n.5 (E.D. Cal. 2006), *aff'd sub nom.*, *Newdow v. Lefevre*, 598 F.3d 638 (9th Cir. 2010).  Accordingly, the motion is **GRANTED** in that Mr. Brebbia is found to have a disqualifying conflict pursuant to Rule 1.9(a).[1]

The motion continues on to argue that disqualification of Mr. Brebbia should result in an order requiring his deposition.  *See* Docket No. 153 at 10-12.  The Court declines to address that issue because it is not properly before the Court and, indeed, Mr. Brebbia's deposition has not been noticed or subpoenaed at this time.  *See* Docket No. 156 at 5-6.  To the extent Defendants seek Mr. Brebbia's deposition, they must follow the applicable procedures (1) requesting that deposition and, (2) to the extent a dispute arises following such a request, filing an appropriate discovery motion after conducting the required pre-filing conference (or, alternatively, responding to a motion for protective order).  Accordingly, the motion is **DENIED** to the extent it relates to the prospective deposition of Mr. Brebbia.

**IT IS SO ORDERED.**

DATED: February 8, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The Court expresses no opinion with respect to Rule 3.7, which Plaintiffs do address in their opposition brief.