# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES RUHLMANN, et al., | Case No. 2:14-cv-00879-RFB-NJK |
| Plaintiff(s), | ORDER |
| v. | (Docket No. 247) |
| GLENN RUDOLFSKY, et al., | |
| Defendant(s). | |

Pending before the Court is Defendants' motion to seal an exhibit consisting of a settlement agreement. Docket No. 247. When a party seeks sealing of an exhibit, it must file that exhibit under seal and contemporaneously file a motion to seal it. *See* Local Rule IA 10-5(a). The settlement agreement has not been filed. Moreover, the motion to enforce settlement itself discusses aspects of the settlement agreement and includes settlement-related discussions of counsel. *See* Docket Nos. 246, 246-1. The motion to seal fails to explain why it is proper to seal a settlement agreement that is at the heart of the motion to enforce settlement, and aspects of which are publicly disclosed in that underlying motion. *Cf.* Local Rule 16-5 ("In the event of a dispute to enforce a settlement agreement, the court may order the disclosure of confidential information").

Accordingly, the motion to seal is **DENIED** without prejudice. The parties shall confer on whether the settlement agreement should be sealed. To the extent any party believes that it should be, then Defendants shall file a sealed version of the settlement agreement and a separate motion to seal that settlement agreement by December 28, 2017. To the extent Defendants continue to seek sealing of the

settlement agreement, they shall file a declaration in support of the motion to seal attesting to the grounds for sealing. In the event a party other than Defendants is seeking the sealing of the settlement agreement, that party shall provide Defendants with a declaration attesting to the grounds for sealing by December 27, 2017, and Defendants shall file that declaration along with the motion to seal.

IT IS SO ORDERED.

DATED: December 18, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge